Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: chuefner@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, <br><br> Defendants. | **MOTION TO DISMISS CLAIMS OF PLAINTIFF MARK MARYBOY** <br><br> Case No. 2:16-cv-00154 JNP <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Brooke C. Wells <br><br> **Oral Argument Not Requested** |

| | |
|---|---|
| SAN JUAN COUNTY; JOHN DAVID NIELSON; PHIL LYMAN, BRUCE ADAMS; and REBECCA BENALLY | :<br>:<br>:<br>: |
| Counterclaim Plaintiffs, | :<br>: |
| v. | :<br>: |
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | :<br>:<br>:<br>:<br>:<br>: |
| Counterclaim Defendants. | :<br>: |

Plaintiff Mark Maryboy has commenced this action under the *Voting Rights Act,*[1] and the *Fourteenth Amendment* to the United States *Constitution* challenging San Juan County, Utah's conduct of elections by mail-in-ballots. Mr. Maryboy, a former San Juan County Commissioner, acknowledges in his *Complaint* that he did vote-by-mail during the 2014 election, but alleges that he prefers to vote in-person which would require him to drive two hours round trip to a polling location; that he believes that during the 2014 election many Navajo voters were confused by the mail-in-ballot procedure, and that he has non-specific generalized "concerns about how the vote [in the 2014 election] was

---

[1] 52 U.S.C. §§ 10301 and 10503.

conducted."[2]   However, even taking these allegations as true, they do not give Mr. Maryboy the requisite standing to maintain this action.

Wherefore, pursuant to *Federal Rules of Civil Procedure* 12(b)(6) and 12(c), Defendants hereby move to dismiss Mr. Maryboy's claims with prejudice.  **Oral argument is not requested**.

## ARGUMENT

Federal courts only have jurisdiction over a dispute if it involves a "case" or "controversy."[3]  One element of the case-or-controversy requirement is that the plaintiff must allege his or her standing to sue.[4]  In order to meet the standing requirement of Article III, the plaintiff must allege a personal injury that is fairly traceable to the

---

[2] *See Complaint*, Dkt. 2, ¶ 15.  His "concerns" may be due to the fact that in the 2014 election Mr. Maryboy's brother Kenneth was defeated by Commissioner Rebecca Benally.  Prior to Commissioner Benally's election in 2014, the Commissioner from San Juan County Commission District Three had always been Mark Maryboy, Kenneth Maryboy or their political ally, Manual Morgan, who had historically controlled the election of the County Commissioner from District Three.  Mark Maryboy, his brother Kenneth Maryboy and Manual Morgan did so by, among other things, being present at polling locations on election day distributing food and other items as an enticement to voters to vote for them.  But that all appears to have changed with the 2014 election.  Commissioner Benally defeated Kenneth Maryboy due to the large voter turn out (a more than 50% increase over prior elections conducted without vote-by-mail) and the fact that those voting by mail were not present at the polls so as to be subjected to the pressure to vote for Kenneth Maryboy.  *See also* **http://navajotimes.com/politics/election2010/102910tampering.php**

[3] *Raines v. Byrd*, 521 U.S. 811, 818 (1997).

[4] *Id.*

3

defendant's allegedly unlawful conduct.[5] Put otherwise, the plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way."[6] Standing also requires an injury in fact, not some imaginary injury.[7] In the instant case, however, Mr. Maryboy lacks standing.

To begin with, Mr. Maryboy cannot sue to enforce the rights of others,[8] and while he may suspect that others do not understand the vote-by-mail procedure and/or he has unspecified concerns about how the 2014 election was conducted, that does not vest him with standing. As noted above, in order to maintain this action Mr. Maryboy must allege a personal and particularized injury, and he has not done so, which the case of *Bender v. Williamsport Area School District* makes clear.[9]

In *Bender,* a suit was brought by high school students against the Williamsport Area School District and individual members of the Williamsport Area School Board in both their official and individual capacities. The students had formed a religious oriented club and sought permission to meet on school property like other clubs, but were not

---

[5] *Id.*

[6] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

[7] United States v. S.C.R.A.P., 412 U.S. 669, 689-90(1973).

[8] *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

[9] 475 U.S. 534 (1986).

allowed to do so because the School Board believed that this would violate the anti-establishment clause of the *First Amendment*.

The District Court ruled in favor of the students. But did not enter any judgment against the School Board members in their individual capacities. The School District did not appeal, opting instead to allow the students to hold their club meetings on school property. But one of the defendant school board members who had a child enrolled in the high school did appeal.

On appeal, no one raised the issue of the school board member's standing, and the Court of Appeals held in his favor. But the United States Supreme Court vacated the Court of Appeals' decision for want of subject matter jurisdiction because the school board member lacked standing to appeal from the District Court's decision in his individual capacity, in official capacity and/or as a parent of a student attending the school.

According to the *Bender* Court, since the District Court's judgment was not against the school board member in his individual capacity, he had no standing to appeal in that capacity.[10] With respect to the school board member's official capacity, the *Bender* Court held that a judgment against a public servant in his official capacity only imposes liability on the governmental entity that he or she represents. Thus, the school

---

[10] *Id.* at 543.

5

board member had no personal stake in the outcome so as to enjoy standing to appeal from the District Court's decision.[11] The *Bender* Court also rejected the school board member's argument that as a parent he enjoyed standing.

On the question of the school board members' parental standing, the Court noted that he had not been a party to the litigation in that capacity. Furthermore, there was noting in the record to indicate that either this school board member or his children had suffered any identifiable particularized injury as a result of the District Court's judgment.[12] And Mr. Maryboy is in a similar situation to that of the school board member in *Bender*.

Mr. Maryboy voted in the 2014 election via a mail-in-ballot. He also had the option of driving to a poll to vote in-person, but chose not to do so. Mr. Maryboy's alleged injury with respect to voting consists of his preference to vote in-person but that is not an injury in fact vesting him with standing.

Similarly, Mr. Maryboy suspects that during the 2014 election there may have been people who did not understand the vote-by-mail procedure. However, he does not claim to be one of those people. Moreover, he has no right to assert the rights of those unidentified individuals who were purportedly confused by the 2014 mail-in-ballot

---

[11] *Id.* at 544.

[12] *Id.* at 547-48.

process. Again, he does not have the identifiable and particularized injury required for standing.

Finally, Mr. Maryboy contends that he has unspecified, imaginary concerns about how the 2014 election was conducted. Yet, he does not allege that he suffered an injury as a result, which means that he lacks standing.

## CONCLUSION

Mr. Maryboy's claims against Defendants should be dismissed in their entirety and with prejudice.

DATED this 6th day of April, 2016.

                                           SUITTER AXLAND, PLLC

                                           /s/ jesse c. trentadue
                                           Jesse C. Trentadue
                                           Carl F. Huefner
                                           Britton R. Butterfield
                                           *Attorneys for Defendants*

*T:\7000\7788\1\MOTION TO DISMISS CLAIMS OF MARK MARYBOY.wpd*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2016, I electronically filed the foregoing document with the U.S. District Court for the District of Utah.  Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| John Mejia (Bar No. 13965)<br>Leah Farrell (Bar No. 13696)<br>American Civil Liberties Union of Utah<br>355 North 300 West<br>Salt Lake City, UT 84103<br>T: (801) 521-9862<br>jmejia@acluutah.org<br>lfarrell@acluutah.org<br>*Attorneys for Plaintiffs* | Ezra D. Rosenberg*<br>M. Eileen O'Connor*<br>Arusha Gordon*<br>Lawyers' Committee for Civil Rights Under Law<br>1401 New York Ave., Suite 400<br>Washington, D.C. 20005<br>T: (202) 662-8600<br>erosenberg@lawyerscommittee.org<br>eoconnor@lawyerscommitee.org<br>agordon@lawyerscommittee.org<br>*Attorneys for Plaintiffs* |
| M. Laughlin McDonald*<br>American Civil Liberties Union Foundation<br>2700 International Tower<br>229 Peachtree Street, NE<br>Atlanta, GA 30303<br>T: (404) 500-1235<br>lmcdonald@aclu.org<br>*Attorneys for Plaintiffs* | Maya Kane*<br>10 Town Square, #52<br>Durango, Colorado 81301<br>T: (970) 946-5419<br>mayakanelaw@gmail.com<br>*Attorneys for Plaintiffs* |
| William A. Rudnick*<br>DLA Piper LLP (US)<br>203 North LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>T: (312) 368-4000<br>william.rudnick@dlapiper.com<br>*Attorneys for Plaintiffs* | Raymond M. Williams*<br>DLA Piper LLP (US)<br>One Liberty Place<br>1650 Market Street, Suite 4900<br>Philadelphia, PA 19103<br>T: (215) 656-3300<br>raymond.williams@dlapiper.com<br>*Attorneys for Plaintiffs* |

/s/ jesse c. trentadue

8

9