Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: chuefner@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, <br><br> Defendants. | **MOTION TO DISMISS CLAIMS OF PLAINTIFF NAVAJO HUMAN RIGHTS COMMISSION** <br><br> Case No. 2:16-cv-00154 JNP <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Brooke C. Wells <br><br> **Oral Argument Not Requested** |

| | |
|---|---|
| SAN JUAN COUNTY; JOHN DAVID NIELSON; PHIL LYMAN, BRUCE ADAMS; and REBECCA BENALLY | : : : : |
| Counterclaim Plaintiffs, | : : |
| v. | : : |
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | : : : : : : |
| Counterclaim Defendants. | : : |

Plaintiff Navajo Human Rights Commission (the "Commission") has commenced this action under the *Voting Rights Act,*[1] and the *Fourteenth Amendment* to the United States *Constitution* challenging San Juan County, Utah's conduct of elections by mail-in-ballots. The Commission acknowledges in its *Complaint* that it is "an office within the legislative branch of the Navajo Nation and operates as a clearinghouse to **administratively address** discriminatory actions against citizens of the Navajo Nation."[2] However, the Commission is not

---

[1] 52 U.S.C. §§ 10301 and 10503.

[2] *Complaint*, Dkt. 2, ¶ 13(emphasis added). *See also*, 2 N.N.C. §920, Exhibit 1 hereto.

2

vested with the power to sue on behalf of either the Navajo Nation or its members.[3] The Commission is, in other words, a non-jural entity lacking the requisite standing and/or authority to maintain this action.

Wherefore, pursuant to *Federal Rules of Civil Procedure* 12(b)(6) and 12(c), Defendants hereby move to dismiss the Commissions' claims with prejudice. **Oral argument is not requested**.

## ARGUMENT

Federal courts only have jurisdiction over a dispute if it involves a "case" or "controversy."[4] One element of the case-or-controversy requirement is that the plaintiff must allege his or her standing to sue.[5] In order to meet the standing requirement of Article III, the plaintiff must allege a personal injury that is fairly traceable to the defendant's allegedly unlawful conduct.[6] Put otherwise, the plaintiff must have suffered a "particularized" injury, which means that "the injury

---

[3] See 2 N.N.C. §921, Exhibit 2 hereto.

[4] *Raines v. Byrd*, 521 U.S. 811, 818 (1997).

[5] *Id.*

[6] *Id.*

3

must affect the plaintiff in a personal and individual way."[7] Standing also requires an injury in fact, not some imaginary injury.[8] In the instant case, however, the Commission lacks both standing and the authority to maintain this action.

To begin with, the Commission does not vote, which means that it has no injury much less a personal injury. Moreover, the Commission cannot sue to enforce the rights of others.[9] As noted above, in order to maintain this action the Commission must allege a personal and particularized injury, and it has not done so. Furthermore, as a non-jural entity, the Commission lacks both the capacity and authority to sue.

The Commission is a non-jural entity because it is a not a separate legal entity. Instead, it is a subdivision of the Navajo Nation under the direction and control of the Navajo Nation. Furthermore, the Commissions' statutory powers and duties do not include the power to sue on behalf of the Navajo Nation and/or its members.[10] Thus, the Commission is not a separate legal entity from the

---

[7] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

[8] *United States v. S.C.R.A.P.*, 412 U.S. 669, 689-90(1973).

[9] *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

[10] See 2 N.N.C. §922, Exhibit 3 hereto

Navajo Nation so as to have either the standing or authority to maintain this action.[11]

## CONCLUSION

The Commission's claims against Defendants should be dismissed in their entirety and with prejudice.

DATED this 7th day of April, 2016.

                                        SUITTER AXLAND, PLLC

                                        /s/ jesse c. trentadue
                                        Jesse C. Trentadue
                                        Carl F. Huefner
                                        Britton R. Butterfield
                                        *Attorneys for Defendants*

T:\7000\7788\1\MOTION TO DISMISS CLAIMS OF NAVAJO HUMAN RIGHTS COMMISSION.wpd

---

[11] *Cf. Braillard v. Maricopa County,* 232 P.3d 1263, 1269 (Ariz. App. 2010) (determining that Sheriff's Office was a non-jural entity that lacked capacity to be sued); *Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W. D. Mich. 1995) (determining that Sheriff's Office is not a legal entity that can be sued); *United States v. Maricopa County*, 915 F. Supp. 2d 1073, 1077(D. Ariz. 2012) (same).

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of April, 2016, I electronically filed the foregoing document with the U.S. District Court for the District of Utah.  Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org
*Attorneys for Plaintiffs*

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org
*Attorneys for Plaintiffs*

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org
*Attorneys for Plaintiffs*

Maya Kane*
10 Town Square, #52
Durango, Colorado 81301
T: (970) 946-5419
mayakanelaw@gmail.com
*Attorneys for Plaintiffs*

William A. Rudnick*
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com
*Attorneys for Plaintiffs*

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com
*Attorneys for Plaintiffs*

      /s/ jesse c. trentadue