John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org

Maya Kane*
10 Town Square, #52
Durango, Colorado  81301
T: (970) 946-5419
mayakanelaw@gmail.com

William A. Rudnick*
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com

**Admitted pro hac vice*

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, <br><br> Defendants. | Case No. 2:16-cv-00154 JNP <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY CLAIM |

Plaintiffs submit this Memorandum of Law in opposition to Defendants' Motion to Dismiss the Official Capacity Claims, Doc. 42. Defendants claim that "[w]hen government officials are sued in their official capacities and the government entity is also sued, the law requires dismissal of the official capacity suits." Defendants' Motion, Doc. 42, p. 3. Defendants' motion is without merit for a variety of reasons, as set forth below, and should be denied.

I. **Government Officials Charged with Administering a Challenged System Are Proper Defendants in Their Official Capacities**

As the court recognized in *New Hampshire Right to Life Political Action Comm. v. Gardner*, 99 F.3d 8, 13 (1st Cir. 1996): "when a plaintiff seeks a declaration that a particular statute is unconstitutional, the proper defendants are the government officials charged with

administering and enforcing it." (citing *Diamond v. Charles*, 476 U.S. 54, 57, n.2 (1986) and *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).  *Accord*, *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978) ("local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name"); *de Jesus Mangual v. Fuentes Agostini*, 203 F. Supp.2d 78, 84 (D. P.R. 2002) ("when a plaintiff seeks a declaration that a particular statute is unconstitutional, the proper defendants are the government officials charged with administering and enforcing it") (quoting *New Hampshire*, 99 F.3d at 13) (internal quotations omitted), *rev'd on other grounds sub nom. Mangual v. Rotger-Sabat*, 317 F.3d 45 (1st Cir. 2003); *Kennedy v. Hardiman*, 684 F. Supp. 540, 542 (N.D. Ill. 1988) ("By naming an individual in his official capacity, rather than merely naming the municipality itself, a plaintiff focuses the attention of the parties, the court, and perhaps later the jury, on the particular official whom he seeks to hold responsible for implementing an allegedly unlawful municipal policy.  The Supreme Court has repeatedly acknowledged that naming an official in his official capacity is an entirely appropriate method of alleging municipal liability." (citing *Kentucky v. Graham*, 473 U.S. 159 and *Brandon v. Holt*, 469 U.S. 464 (1985)); *Coe v. Buchanan Cnty. Sch. Bd.*, 504 F. Supp. 2d 81, 85 n.4 (W.D. Va. 2007) ("While it is true that a suit against a municipal officer is a suit against the entity itself, it is established that individual officers can be named in their official capacities even if the entity is also a party."); *Chase v. City of Portsmouth*, 428 F. Supp. 2d 487, 489-90 (E.D. Va. 2006) ("A significant amount of case law shows government officials named in their official capacities alongside the entities for which they are associated. ... Naming [the officials] ... even though damages cannot be obtained from them, does provide a certain level of public accountability.");

*Sims v. City of New London*, 738 F. Supp. 638, 641 (D. Conn. 1990) ("Municipal officials sued in their official capacities, like municipalities themselves, are not immune from suit. *See also Owen [v. City of Independence*, 445 U.S. [622,] 638 & n. 18 … [(1980)], (holding that members of the city council in their official capacity are not immune from a section 1983 suit against the municipality for deprivation of liberty interest in reputation without due process.)"). The case law is clear that given that Plaintiffs seek a declaration that the mail-in system is unconstitutional, the officials charged with administering and enforcing the system, *i.e.*, Adams, Benally, Lyman, and Nielson, are proper defendants sued in their official capacities.[1]

## II. In Voting Cases Governmental Officials Are Routinely Sued in Their Official Capacities

Plaintiffs in numerous cases raising voting rights claims have sued government officials in their official capacities, as well as the relevant governmental entities, and none of them have required or suggested that the official capacity suits be dismissed. *See, e.g.*, *N.A.A.C.P. v. Hampton Cnty. Election Comm'n*, 470 U.S. 166, 173 (1985) (suit to enforce Section 5 of the Voting Rights Act in which the defendants consisted of the county election commission, two school districts, and various county officials); *United States v. Jones*, 57 F.3d 1020, 1022 n.1 (11th Cir. 1995) (challenge to the results of an election under Section 2 of the Voting Rights Act in which defendants included the county commission and its members and the board of registrars

---

[1] The propriety of suing Defendants in their official capacities is underscored by the fact that Defendants have filed counterclaims on behalf of Defendants Nielson, Lyman, Adams, and Benally in their official capacities. Defendants' Counterclaim, Doc. 40, pp. 1-4. If Defendants in their official capacities are deemed appropriate parties in Defendants Counterclaim, they should not be deemed inappropriate and dismissed from Plaintiffs' complaint.

and its members, all of whom were sued in their official capacities); *Solomon v. Liberty Cnty., Fla.*, 899 F.2d 1012, 1013 (11th Cir. 1990) (challenge under Section 2 of the Voting Rights Act to at-large elections in which defendants included the county and county commissioners in their official capacities and the county school board and its members in their official capacities); *United States v. Dallas Cnty. Comm'n*, 548 F. Supp. 875, 796 (S.D. Ala. 1982), *aff'd in part, vacated in part, rev'd in part*, 739 F.2d 1529, 1532 (11th Cir. 1984) (challenge to at-large elections in which the defendants included the county commission and its members, the judge of probate, and the county board of education and its members); *United States v. Blaine Cnty., Mont.*, 363 F.3d 897 (9th Cir. 2004) (suit challenging at-large elections in which the defendants were the county and members of the county commission and the superintendent of elections in their official capacities); *Stabler v. County of Thurston, Neb.* 129 F.3d 1015, 1018-19 (8th Cir. 1997) (Section 2 challenge to districting plans in which the defendants included the county and the chair of the board of supervisors and the county clerk in their official capacities); *Large v. Fremont Cnty., Wyo.*, 709 F. Supp. 2d 1176, 1182 (D. Wyo. 2010) (challenge to at-large elections in which the defendants were the county and members of the county commission and the clerk of court in their official capacities); *Blackmoon v. Charles Mix Cnty.*, No. Civ. 05-4017, 2005 WL 2738954 (D. S.D. Oct. 24, 2005) (challenge to at large elections in which the defendants were the county and the county commissioners and the county auditor in their official capacities); *Cuthair v. Montezuma-Cortez, Colo. Sch. Dist. No. RE-1*, 7 F. Supp. 2d 1152, 1154 (D. Colo. 1998) (challenge to at-large elections in which the defendants included the school district and members of the board of education in their official capacities); *Fraser v. Jasper Cnty. S.C. Sch. Dist.*, No. 9:14-CV-02578 (D.S.C. Sept. 5, 2014) (one person, one vote suit in which the defendants

included the school district, the chair of the school district board of trustees in her official capacity, the board of elections, the chair of the board of elections in her official capacity, the county council, and the chair of the county council in her official capacity); *Clark v. Marengo Cnty.*, 469 F. Supp. 1150, 1153 (S.D. Ala. 1979) (challenge to at-large elections in which the defendants included the county, the probate judge, and the members of the county commission). As is apparent, when a plaintiff seeks a declaration that a particular statute or practice is unconstitutional, the proper defendants include the relevant governmental entity and the government officials charged with administering and enforcing the statute or practice.

### III.     The Cases Relied Upon by Defendants Do Not Support Their Motion

Nothing in *Kentucky*, relied upon by Defendants, supports their motion. The only question presented in *Kentucky* was "whether 42 U.S.C. § 1988 allows attorney's fees to be recovered from a governmental entity when a plaintiff sues governmental employees only in their personal capacities and prevails." 473 U.S. at 161. The Court held: "Only in an official-capacity action is a plaintiff who prevails entitled to look for relief, both on the merits and for fees, to the governmental entity. Because the Court's Eleventh Amendment decisions required this case to be litigated as a personal-capacity action, the award of fees against the Commonwealth of Kentucky must be reversed." *Id.* at 171. But again, nothing in *Kentucky* supports Defendants' claim that when a governmental entity is sued, a suit against officials in their official capacities must be dismissed.

The other cases relied upon by Defendants which dismissed official capacity claims brought against individuals were fundamentally different from the instant case. The cases cited

by Defendants were suits against employees of governmental entities[2] and sought liability pursuant to 42 U.S.C. § 1983 (not injunctive relief under the Voting Rights Act or the Fourteenth Amendment) or damages that would be paid by the governmental entities.[3]  The Plaintiffs in this case do not seek damages that would be recoverable from San Juan County.  In addition, three of the Defendants are not employees but elected government policymaking officials who adopted and are implementing the practices that are being challenged.  The Defendants are clearly proper parties in their official capacities.

## IV.     Defendants Are Necessary Parties

Given that the Defendants are policymaking officials and have the responsibility of devising and implementing any relief mandated by the Court, they should be joined as provided by Federal Rule of Civil Procedure 19(a)(1)(A) because in their absence "the court cannot accord complete relief among existing parties."  Not only do the Plaintiffs have an interest in securing a complete and full remedy for the alleged violations, but the courts have recognized that "there

---

[2] *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995 (N.D. Cal. 1966) (defendants were not elected government policy making officials but guards working for the county department of corrections who were accused of discriminating against fellow guards in employment); *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1184 (M.D. Ala. 1999) (defendants were sued for false arrest and included two members of the town police force who were not elected government policy making officials); *Carnell v. Grim*, 872 F. Supp. 746, 752 (D. Haw. 1994) (defendants included police officers charged with making an unlawful arrest and not elected policy making officials); *Willis v. Bell*, 726 F. Supp. 1118, 1124 (N.D. Ill. 1989) (defendants were police officers and the police superintendent and not elected policy making officials); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (defendants were a county sheriff and deputies, and not elected policy making officials).

[3] *See Vance*, 928 F. Supp. at 996 (plaintiffs were seeking punitive damages and liability under § 1983 and not the kind of relief under the Voting Rights Act and the Constitution that Plaintiffs seek here); *Hardy*, 50 F. Supp. 2d at 1188 (plaintiff sought damages that would be payable by a governmental entity); *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997) (plaintiffs sought damages that would be payable by a governmental entity); *Stump v. Gates*, 777 F. Supp. 803, 812-

remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. We read the Rule's third criterion, whether the judgment issued in the absence of the nonjoined person will be 'adequate,' to refer to this public stake in settling disputes by wholes, whenever possible . . ." *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111 (1968).

V.      **Conclusion**

Given that the four individual Defendants are now participating in this litigation in their official capacities, that they have an undisputed interest in the resolution of this litigation, that they have the obligation to formulate and implement the rules for the administration of elections for the County Commission, that voting rights cases routinely sue government officials in their official capacities as well as the relevant governmental entity, and that no damages are being sought against Defendants, Defendants' motion to dismiss Plaintiffs' official capacity claim should be denied.

Respectfully submitted this 29th day of April 2016.

                s/John Mejia
John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

---

13 (D. Colo. 1991) (plaintiffs sought punitive damages and liability pursuant to § 1983).

M. Laughlin McDonald
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg
M. Eileen O'Connor
Arusha Gordon
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org

Maya Kane
10 Town Square, #52
Durango, Colorado  81301
T: (970) 946-5419
mayakanelaw@gmail.com

William A. Rudnick
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com

Raymond M. Williams
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com