Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: chuefner@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | : : : : : : : | |
| Plaintiffs, | : : | **SURREPLY TO PLAINTIFFS' RESPONSE TO OBJECTION TO REQUEST FOR A THREE-JUDGE COURT** |
| v. | : : | |
| SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, | : : : : : : | Case No. 2:16-cv-00154 JNP Judge Jill N. Parrish |
| Defendants. | : : : | Magistrate Judge Brooke C. Wells |

| | |
|---|---|
| SAN JUAN COUNTY; JOHN DAVID NIELSON; PHIL LYMAN, BRUCE ADAMS; and REBECCA BENALLY | : : : |
| Counterclaim Plaintiffs, | : : : |
| v. | : : |
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | : : : : : : |
| Counterclaim Defendants. | : : |

On April 27, 2016, Plaintiffs filed a *Response to Defendant's Objection to Plaintiffs' Request for a Three-Judge Court*,[1] advancing new grounds to support Plaintiffs' request that go well beyond those asserted in their *Application for Designation of a Three-Judge Court*.[2]  As a result, Defendants did not have the opportunity to respond to these new theories asserted by Plaintiffs in support of their Request for a Three-Judge Court to hear this case.[3]  Defendants, therefore, hereby submit this *Surreply* to respond to these new theories asserted by Plaintiffs.

---

[1] Dkt. 50.

[2] Dkt. 14.

[3] *See Defendants' Objection*, Dkt. 44.

Plaintiffs' *Application* has been set for a hearing on May 31, 2016.[4]

## SURREPLY OBJECTION

Undoubtedly because they know the weakness of their position, Plaintiffs' *Response* asserts a novel multi-leveled bootstrap argument, while overstating the applicability of cases cited in support of it. The glaring deficit in the Plaintiffs' position is perhaps best illustrated by the fact that, while their brief cites the U.S. Judicial Code's provision governing three-judge panels, they do not quote it. That provision reads:

> A district court of three judges shall be convened *when otherwise required by Act of Congress*, or *when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body*.[5]

Having glossed over the very limited types actions for which a three-judge court must be empaneled, Plaintiffs then proceed to cite cases in support of their position, in which the actions at issue clearly fell within the scope of that section, because the actions either involved a statutory requirement (such as in cases

---

[4] Dkt. 51.

[5] 28 U.S.C. § 2284(a)(emphasis added). Subsection (b) establishes procedural requirements related to convening of a three-judge court. 28 U.S.C. § 2284(b).

brought to enforce Section 5 of the Voting Rights Act[6])

---

[6]  52 U.S.C. § 10304 (originally codified as 42 U.S.C. § 1973c) reads, in relevant part, as follows:

(a) Whenever a [covered] State or political subdivision . . . shall enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964, or whenever a [covered] State or political subdivision . . . shall enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1968, or whenever a [covered] State or political subdivision . . . shall enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1972, such State or subdivision may institute an action in the United States District Court for the District of Columbia for a declaratory judgment that such qualification, prerequisite, standard, practice, or procedure neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in section 10303(f)(2) of this title, and unless and until the court enters such judgment no person shall be denied the right to vote for failure to comply with such qualification, prerequisite, standard, practice, or procedure: Provided, That such qualification, prerequisite, standard, practice, or procedure may be enforced without such proceeding if the qualification, prerequisite, standard, practice, or procedure has been submitted by the chief legal officer or other appropriate official of such State or subdivision to the Attorney General and the Attorney General has not interposed an objection within sixty days after such submission, or upon good cause shown, to facilitate an expedited approval within sixty days after such submission, the Attorney General has affirmatively indicated that such objection will not be made. *Neither an affirmative indication by the Attorney General that no objection will be made, nor the Attorney General's failure to object, nor a declaratory judgment entered under this section shall bar a subsequent action to enjoin enforcement of such qualification, prerequisite, standard, practice, or procedure*. In the event the Attorney General affirmatively indicates that no objection will be made within the sixty-day period following receipt of a submission, the Attorney General may reserve the right to reexamine the submission if additional information comes to his attention during the remainder of the sixty-day period which would otherwise require objection in accordance with this section. *Any action under this section shall be heard and determined by a court of three judges in accordance with the*

directly related to either apportionment of congressional districts or statewide legislative bodies.

Nevertheless, the present action involves none of the categories enumerated in 28 U.S.C. § 2284(a).  Obviously, this case, which challenges the voting procedures of a single County in Utah, is not within the types of actions specifically enumerated in that statute.  Furthermore, Plaintiffs cannot point to any statute by which Congress required that a three-judge court be convened other than 52 U.S.C. § 10504, which deals with the Attorney General's enforcement of certain Voting Rights Act provisions.[7]

_____

> *provisions of section 2284 of Title 28* and any appeal shall lie to the Supreme Court.

(Emphasis added).  The determination of what jurisdictions are covered by Section 5 is made pursuant to the provisions of 52 U.S.C. § 10303 (originally codified as 42 U.S.C. §1973b), the references to which in § 10304(a) have been omitted in the places shown with ellipses above.

[7]  52 U.S.C. § 10504 reads as follows:

> Whenever the Attorney General has reason to believe that a State or political subdivision (a) has enacted or is seeking to administer any test or device as a prerequisite to voting in violation of the prohibition contained in section 10501 of this title, or (b) undertakes to deny the right to vote in any election in violation of section 10502 or 10503 of this title, he may institute for the United States, or in the name of the United States, an action in a district court of the United States, in accordance with sections 1391 through 1393 of Title 28, for a restraining order, a preliminary or permanent injunction, or such other order as he deems appropriate. An action under this subsection shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of Title 28 and any appeal shall be to the Supreme Court.

To support the applicability of 52 U.S.C. § 10504 to the instant case (in which neither the United States nor the Attorney General is a party), Plaintiffs argue that because, in their view, this Court should recognize a private cause of action to enforce the provisions of the Voting Rights Act for which the Attorney General may bring an action pursuant to 52 U.S.C. § 10504, such private litigants are also entitled to the appointment of a three-judge panel as required by that Section.   However, even if there is a private right of action under those sections[8] (a point that Defendants do not concede[9]),  Plaintiffs' request for a three-judge panel is not required by an Act of Congress.   In fact, any such private action is *not* brought "pursuant to" that Section, but rather is brought pursuant to the applicable provision of the Voting Rights Act which the action seeks to enforce, including the bilingual election requirements of Section 203 of the Voting Rights

---

[8]  52 U.S.C. §§ 10501 (prohibition on any test or device to deny the right to vote), 10502 (limitations on durational residency requirements) and 10503 (bilingual election requirements). Significantly, Plaintiffs have cited not a single case in which a private action was brought under the bilingual election requirements of Section 203 of the Voting Rights Act, 52 U.S.C. § 10503, let alone a case in which a court held that such a private action must be heard before a three-judge court.

[9]  Indeed, Plaintiffs' *Response*, at p. 2 n. 1, acknowledges, while expressing their disagreement with, the unpublished decision in *Dekom v. New York*, 2013 WL 3095010 (E.D.N.Y. 2013), *aff'd*, 583 Fed. Appx. 15, 17 (2d Cir. 2014), in which the Court stated that the bilingual election requirements of Section 203 are enforceable ***only*** by the Attorney General.  *Id.* at *8.  Plaintiffs have cited no contrary decision and Defendants have found no such cases.  (The *Dekom* decision did not address the three-judge court issue).

Act under 52 U.S.C. § 10503.  The only actions that are brought pursuant to 52 U.S.C. § 10504 are those brought by the Attorney General as authorized thereby. Significantly, Plaintiffs have cited no case holding otherwise.

Plaintiffs' theory is based primarily on the Supreme Court decision recognizing a private right of action and entitlement to a three-judge court in *Shapiro v. McManus*[10] and *Allen v. State Elections Board*.[11]  But, *Shapiro* involved a challenge to the Maryland *congressional* redistricting plan, and therefore in one of the classes of cases explicitly covered by 28 U.S.C. § 2284(a).[12]

Similarly, the *Allen* decision involved a consolidated challenge, brought by private litigants, to election laws in Mississippi and Virginia, under Section 5 of the Voting Rights Act.   The Court's determination that a three-judge panel was required in *Allen* was both limited to, and based on the specific language of Section 5 itself, which covers actions generally to enjoin practices or procedures that violate that Section.[13]  Significantly, the Court's opinion specifically noted

---

[10]  577 U.S. ___, 136 S.Ct. 450 (2015).

[11]  393 U.S. 544, 89 S.Ct. 817 (1969).

[12]  136 S.Ct at 454.

[13]  *See* 393 U.S. at 560-563, 89 S.Ct. at 829-830 (Construing the language of Section 5 of the Voting Rights Act).

that "congressional enactments providing for the convening of three-judge courts must be strictly construed" noting that such courts "place[] a burden on our federal court system, and may well result in delay."[14]

Despite the lack of any precedent supporting their position, Plaintiffs assert that this Court should find both that there is a private right of action to enforce the minority language requirements of the Voting Rights Act, and that any such private action requires a three-judge panel despite the fact such a finding would be a judicially created mandate, rather than pursuant to an Act of Congress, and therefore also contrary to the explicit language of 28 U.S.C. § 2284(a) which establishes those areas in which a three-judge court is to be convened.

The desperation of Plaintiffs' position is demonstrated by the arguments in the final section of their *Response*.[15]   The first argument, for example, asserts that "inappropriately convening [a three-judge panel because it is not required] will leave in place all of the proceedings and relief and merely change the proper forum for an appeal."[16]   This argument, however, ignores the substantial burden

---

[14]   *Id.* at 561-62, 89 S.Ct. at 829-30.

[15]   Dkt. 50, at pp. 5-6.

[16]   *Plaintiffs' Response*, Dkt. 50, at p. 5.

and potential for delay such a requirement may impose.

The second argument proffered by Plaintiffs against the burden and inefficiency of a three-judge panel (despite the Supreme Court's acknowledgment of such possibilities in the *Allen* decision relied on by Plaintiffs[17]) relies on the procedures and experience of the District Court for the District of Columbia in handling of Section 5 cases by three-judge panels.[18]  However, what Plaintiffs overlook is that the District Court for the District of Columbia is designated by Section 5 of the Voting Rights Act as the exclusive venue for certain actions brought by States for which three-judge panels are mandated.  As such, that District has a unique, and repeated, exposure to both the three-judge panel procedure and the specific types of actions and issues involved in such cases.  Thus, any efficiency of that District in those cases is not necessarily automatically transferable to other jurisdictions simply by adopting that District's procedures.

## CONCLUSION

There being no authority supporting Plaintiffs' theory that this action involving private litigants must be heard before a three-judge court, this Court

---

[17] *See* 393 U.S. at 561-62, 89 S.Ct. at 829-30.

[18] Dkt. 50, at p. 6.

should reject Plaintiffs' invitation to recognize such a requirement based on their novel and unsupported theory that is contrary to the specific provisions of 28 U.S.C. § 2284(a) and the Supreme Court's recognition that such statutes are to be construed narrowly. Simply stated, this Court should deny Plaintiffs' request for a a three-judge court.

DATED this 29th day of April, 2016.

SUITTER AXLAND, PLLC

 /s/ jesse c. trentadue
Jesse C. Trentadue
Carl F. Huefner
Britton R. Butterfield
*Attorneys for Defendants*

*T:\7000\7788\I\SURREPLY OBJECTION MOTION FOR THREE JUDGE PANEL.wpd*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2016, I electronically filed the foregoing document with the U.S. District Court for the District of Utah.  Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org
*Attorneys for Plaintiffs*

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommittee.org
agordon@lawyerscommittee.org
*Attorneys for Plaintiffs*

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org
*Attorneys for Plaintiffs*

Maya Kane*
10 Town Square, #52
Durango, Colorado 81301
T: (970) 946-5419
mayakanelaw@gmail.com
*Attorneys for Plaintiffs*

William A. Rudnick*
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com
*Attorneys for Plaintiffs*

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com
*Attorneys for Plaintiffs*

/s/ jesse c. trentadue