John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org

Maya Kane*
10 Town Square, #52
Durango, Colorado  81301
T: (970) 946-5419
mayakanelaw@gmail.com

William A. Rudnick*
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com

*Admitted pro hac vice


**ATTORNEYS FOR PLAINTIFFS**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, <br><br> Defendants. | Case No. 2:16-cv-00154 JNP-BCW <br><br> **PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY** |

Plaintiffs Navajo Nation Human Rights Commission, Peggy Phillips, Mark Markboy, Wilfred Jones, Terry Whitehat, Betty Billie Farley, Willie Skow, and Mabel Skow ("Plaintiffs"), by and through their undersigned counsel, respectfully move the Court, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, for an Order allowing Plaintiffs to conduct certain limited discovery on an expedited basis.

### I. INTRODUCTION

Plaintiffs commenced this action through the filing of their complaint for declaratory and injunctive relief, seeking, among other things, to enjoin Defendants San Juan County, the county clerk, and three county commissioners in their official capacities ("Defendants"), from ongoing violations of the Voting Rights Act and the United States Constitution. At present, Plaintiffs intend to file a motion for preliminary injunction prior to the June 28, 2016 primary elections.

With that motion, Plaintiffs would request a Court order mandating that Defendants open polling locations equally accessible to both Navajo and white voters, and requiring that Defendants provide language assistance to limited English-proficient Navajo speakers.  This motion is necessary because in 2014, Defendants moved to mail-only voting, and Defendants have not reversed that decision in any publicly available County document.

In response to the complaint, Defendants filed an unverified answer and an unverified counterclaim, and asserted in both filings that they have already implemented the measures sought by Plaintiffs in connection with the 2016 elections and all future election cycles.  Plaintiffs, however, have yet to see any publicly available documentation to verify these allegations, despite various efforts to locate such documents.  For example, on numerous occasions before and after filing the complaint, Plaintiffs requested of Defendants information about the County's plans for the upcoming election cycles.  Plaintiffs have also reviewed publicly available county commission meeting minutes and recordings of those meetings for any information on the County's plans regarding the mail-only system.

In light of Defendants' allegations, Plaintiffs seek leave to take limited deposition and document discovery to determine to what extent, if at all, the claims made by Defendants are accurate.  Good cause exists for the Court to grant Plaintiffs' motion because this information bears on the necessity for Plaintiffs to file their motion for preliminary injunction and the potential early resolution of this matter.  Accordingly, for the foregoing reasons and reasons discussed below, Plaintiffs request that the Court grant them leave to take expedited discovery on the following:

(1) Documents relating to Defendants' claim that "[f]or the 2016 and future election cycles in-person voting or polls will be available at four locations within San Juan County: Monticello, Montezuma Creek, Oljato and Navajo Mountain, Utah";

(2) Documents relating to Defendants' claim that "for the 2016 and future election cycles, Navajo language assistance will be available at all four polling places" and detailing the dates and hours the polling places will be open, the exact location of the polling places, the number of staff and voting machines at each location, the number of Navajo interpreters at each location, and the County's plans for recruiting and training interpreters and other polling place staff;

(3) The County's plans to "provid[e] Navajo language ballots in audio form at the four polling places within San Juan County and on the County's website";

(4) The County's plans for educating the public about the new polling places, including the dates and frequency of any announcements made on local radio and any visits by the County Clerk's staff to chapter houses to explain the change; and

(5) Deposition testimony from a person most knowledgeable regarding Defendants' decision to make available, for 2016 and future elections cycles, four polling locations in San Juan County and Defendants' plans to provide Navajo language assistance at those locations.

## II. STATEMENT OF RELEVANT FACTS

### A. Plaintiffs' Complaint for Declaratory and Injunctive Relief

On February 25, 2016, Plaintiffs filed a complaint for declaratory and injunctive relief to remedy Defendants' ongoing violations of the Voting Rights Act and Fourteenth Amendment of the United States Constitution ("Complaint"). *See* Complaint for Declaratory and Injunctive

Relief, Dkt. No. 2. Prior to filing the Complaint, several organizations corresponded with the County regarding the mail-only elections. (*See id*, at ¶¶ 59, 61-65.) The last correspondence by the County Clerk prior to the filing the Complaint of which Plaintiffs are aware was dated October 15, 2015, and in it, the clerk explained that that County was not planning to reopen polling places at that time. (*Id*., at ¶¶ 63, 65.)

As explained in the Complaint, Defendants' decision to close polling places accessible to residents of the Navajo Nation, together with the adoption of mail-only voting, unreasonably hinders the ability of Navajo residents in San Juan County to participate effectively in the political process on equal terms with white residents. *Id*., at ¶ 2. Under the mail-only election system, the only location to vote in-person in San Juan County is in the County seat of Monticello. *Id*., at ¶ 7. To reach Monticello, Navajo residents of San Juan County are required to travel, on average, more than twice as far to vote in person in comparison to white residents of San Juan County. *Id*. The significantly greater average distance required for Navajo residents in San Juan County to reach the county seat of Monticello, interacts with socioeconomic factors including disparate rates of poverty and access to reliable public and private transportation, and the history of racial discrimination and hostility toward Navajo to place a severe burden upon Navajo residents to vote in person. *Id*. This burden falls substantially less heavily on white residents of San Juan County. *Id*. Furthermore, because Navajo is a traditionally unwritten language, the mail-only system implemented by Defendants fails to provide adequate oral assistance to limited English-proficient Navajo voters, which violates section 203 of the Voting Rights Act, 52 U.S.C. § 10503. *Id*., ¶ 4.

In light of these violations, Plaintiffs seek, among other things, the following remedies in their Complaint:

> (1) Judgment declaring that Defendants' closure of polling places and maintenance of a mail-only voting system in San Juan County violates Section 203 of the Voting Rights Act, Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and the fundamental right to vote as protected by the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution; and
>
> (2) Injunctive relief mandating that Defendants reopen polling sites equally accessible to Navajo voters as to white voters and fully comply with their obligations under Section 203 of the Voting Rights Act, to provide full translation, interpretation and assistance services to Navajo speaking voters prior to the 2016 state and county primary elections and for all future elections.

*Id.* at Prayer for Relief.

### B. **Defendants' Claimed Corrective Measures in the Answer and Counterclaim**

On March 31, 2016, Defendants filed their unverified answer to the complaint ("Answer").

*See* Answer, Dkt. No. 41. In the Answer, Defendants assert:

> "[T]he vote-by-mail-system that will be employed by San Juan County for the 2016 elections differs markedly from the 2014 system challenged by Plaintiffs [in the Complaint] in that, for the 2016 and future election cycles: (a) in-person voting and other resources including Navajo language assistance will be available at four poling locations within San Juan County: Monticello, Montezuma Creek, Oljato, and Navajo Mountain; (b) that Montezuma Creek, Oljato and Navajo Mountain are all of which are on the Navajo Reservation; and (c) that no voter in the County will be more than one hour's travel away from an in-person polling place on election day. In addition, for 2016 and future election cycles, the County is already committed to providing Navajo language ballots in audio form at the four polling places within San Juan count and on the County's website."

*Id*., ¶1.  Defendants further claim in the Answer that "for the 2016 and future election cycles, . . . San Juan County will make the extensive use of paid Navajo-language announcements on two Navajo language radio stations (KNDN and KTTN) to explain in the Navajo language the vote-by-mail process and ballot."  *Id*., ¶ 7.

On the same day they filed their Answer, Defendants filed an unverified Counterclaim for Declaratory and Other Relief ("Counterclaim").  *See* Counterclaim, Dkt. No. 40.  In the Counterclaim, Defendants again assert that:

(1) "For the 2016 and future election cycles in-person voting or polls will be available at four locations within San Juan County: Monticello, Montezuma Creek, Oljato and Navajo Mountain, Utah";

(2) "For the 2016 election and future election cycles, every resident of San Juan County will be within an one hour drive of a polling place";

(3) "Navajo language assistance will be available at all four polling locations";

(4) "For the 2016 and future election cycles, the County is already committed to provide Navajo-language ballots in audio form at all four polling locations, including making the audio Navajo ballot available at a link on the County's website, and provide a telephone number that Navajo voters can call for Navajo-language assistance";

(5) "[T]he County's Navajo- Liaison and Election Coordinator, will attend pre-election meetings of all Utah Navajo Chapters to explain, in the Navajo language, the vote by mail process including the ballots"; and

(6)  "[P]rior to the 2016 election cycle San Juan County will make the extensive use of paid Navajo-language announcements on two Navajo radio stations (KNDN

>and KTTN) to explain in the Navajo language the vote-by-mail process and ballot"

*See id.*, at ¶¶ 46-52.  Furthermore, Defendants allege that these measures were "adopted and/or approved prior to [Plaintiffs'] commencement of the [instant action]."  *See id.*, at ¶ 51.

Plaintiffs are unaware of any publicly available records confirming, evidencing, or otherwise reflecting Defendants' claims, other than the assertions in Defendants' pleadings.  If Defendants' allegations are true, they will significantly impact how Plaintiffs will proceed with this action, including but not limited to whether Plaintiffs will need to file a motion for preliminary injunction before the June 28, 2016 primary elections, and whether an early resolution of this matter is possible.

### C. **Plaintiffs' Efforts to Informally Obtain Documents Evidencing Defendants' Asserted Corrective Measures**

Upon learning of the alleged measures that Defendants plan to implement for the 2016 elections and future election cycles, on April 6, 2016, Plaintiffs promptly reached out to Defendants' counsel to discuss these measures and obtain evidence documenting Defendants' decision.  *See* Declaration of John Mejia ("Mejia Dec."), ¶ 4 Ex. A (requesting from Defendants "any official document adopting or reflecting San Juan County's commitment to change their voting procedure for the 2016 election, including specifics about polling locations to be opened, in person and website access to voter information in the Navajo language, notification via Navajo language radio, etc (as reflected in paragraph 1 and 7 of Defendants' Answer)").  On April 11, Defendants' counsel responded to Plaintiffs' inquiry by sending excerpts of a transcript of a deposition, taken approximately a year ago in a separate case, of a county employee discussing past efforts that the County had made with respect to educating the community concerning mail-in ballots.  *See* Mejia Dec., at ¶ 5, Ex. B.  The transcript did not, however,

discuss Defendants' plans as they relate to the 2016 election or other future election cycles. *See id.*

> That same day, Plaintiffs' counsel sent a follow-up e-mail clarifying that:
>
> > As we understand it, the Answer and Counterclaim claim that the County made the decision to open three additional in-person polling places before the complaint was filed. If this is the case, we are interested in reviewing any documents that indicate that this decision was made prior to the complaint being filed and which detail the County's election plans for 2016. Please send us documents which detail both the County's plans to open three additional polling places and the County's plans to provide language assistance during future elections. If your clients have any such documents, please send them to us by the close of business tomorrow.

*Id.*, at ¶ 6, Ex. C. Defendants' counsel responded by forwarding Plaintiffs' counsel a link to an online Navajo Times news article (dated March 10, 2016 about two weeks after the filing of the Complaint), discussing the new polling places. *See id.*, at ¶ 7, Ex. D.

Following this e-mail, on April 12, counsel for Plaintiffs and Defendants conferred by telephone regarding the types of documentary evidence Plaintiffs were seeking. *See id.*, at ¶ 8. After that call, Plaintiffs' counsel again sent an e-mail to Defendants' counsel explaining that Plaintiffs are interested in obtaining documents that: "[1.] reflect the timeline on which the decision to open polling places and provide language assistance for this year's elections was made; [2.] discuss the County's decision and plans to implement its decision to open polling places and provide language assistance this year; [3.] publicize the County's voting process for this year's elections; and [4.] discuss the County's plans to keep polling places open and provide language assistance in future elections." *Id.*, at ¶ 8, Ex. E.

On April 27 and 28, Plaintiffs' counsel e-mailed Defendants' counsel to inform him that Plaintiffs planned to file the instant motion, and to inquire into whether Defendants would agree to the relief sought in it. *Id.*, at ¶ 9, Ex. F. To date, Defendants have not provided Plaintiffs with

any documentation reflecting their decision with respect to these issues, and have not agreed to the relief requested by the present motion. *Id.*, at ¶ 10.

## III.     ARGUMENT

### A. The Court May Order Expedited Discovery

Pursuant to Rule 26(d)(1), parties may not commence discovery until after their Rule 26(f) conference absent agreement or court order. *See* Fed. R. Civ. P. 26. In deciding whether to issue such an order, Rule 26(d)(2), provides the trial court with "broad discretion in establishing the timing of discovery." *Lemkin v. Bell's Precision Grinding*, 2009 WL 1542731, *2 (S.D. Ohio June 2, 2009). Rule 26 also "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery," and a court may authorize expedited discovery upon a showing of good cause. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).[1]

Good cause exists for a court to order expedited discovery "where a party seeks a preliminary injunction . . . " *See Anderson v. Herbert*, No. 2:13-CV-211-RJS-BCW, 2014 WL 345398, at *3 (D. Utah Jan. 30, 2014). Notably, courts have held that "the procedural rules allow the court to grant discovery based upon good cause shown without an actual pending motion for preliminary injunction." *Sara Lee Corp.,* 2009 WL 1765294, at *1. This is especially true where, given the nature of the allegations at issue, expediting discovery would "get the case in a dispositive posture at the earliest possible date." *Id*. at *2. Further, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 , 276 (N.D. Cal. 2002). In considering a request

---

[1] Further, Rule 34 of the Federal Rules of Civil Procedure allows the court grant a party access to designated tangible things relevant to an action and shorten the time for doing so. *See Sara Lee Corp. v. Sycamore Family Bakery Inc.,* No. 2:09CV523DAK, 2009 WL 1765294, at *1 (D. Utah June 22, 2009); *see also* Fed.R.Civ.P. 34.

for expedited discovery, the Court should examine the discovery requests "on the entirety of the record" and "the reasonableness of the request in light of all the surrounding circumstances." *Merrill Lynch Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000).

**B. Good Cause Exists for the Court to Order the Expedited Discovery Sought by Plaintiffs**

Here, good cause exists for the Court to order limited expedited discovery.  In the Answer and Counterclaim, Defendants allege that they have adopted and will be implementing measures for the 2016 and future election cycles that go to the heart of the remedies sought by Plaintiffs in the Complaint.  The manner in which the County opens additional polling places, if at all, directly impacts Plaintiffs' decision as to whether to file a motion for preliminary injunction prior to the June 28, 2016 primary elections, as well as Plaintiffs' strategy for proceeding with this matter moving forward.  Furthermore, time is of the essence, as the June 28 primary is quickly approaching.[2]

To that end, Plaintiffs simply are seeking discovery specifically aimed at finding out precisely what Defendants have done in connection with the opening of new polling places and the provision of language assistance, and when they did it.  Permitting Plaintiffs to conduct this limited discovery will not only potentially prevent the parties and the Court from expending time and resources addressing Plaintiffs' otherwise forthcoming motion for preliminary injunction, but may also promote an early resolution of this matter.

---

[2] The County's website indicates that mail-in ballots will be sent out May 31st for the June primary. http://www.sanjuancounty.org/documents/Important%20Dates%20for%202016%20Elections.pdf.

## IV.     CONCLUSION

Accordingly, as demonstrated above, Plaintiffs' request for expedited discovery is reasonable, narrowly tailored, and supported by good cause.  Plaintiffs, therefore, respectfully request that the Court enter an order permitting Plaintiffs to conduct limited discovery on an expedited basis with respect to the following:

(1) Documents relating to Defendants' claim that "[f]or the 2016 and future election cycles in-person voting or polls will be available at four locations within San Juan County: Monticello, Montezuma Creek, Oljato and Navajo Mountain, Utah";

(2) Documents relating to Defendants' claim that "for the 2016 and future election cycles, Navajo language assistance will be available at all four polling places" and detailing the dates and hours the polling places will be open, the exact location of the polling places, the number of staff and voting machines at each location, the number of Navajo interpreters at each location, and the County's plans for recruiting and training interpreters and other polling place staff;

(3) The County's plans to "provid[e] Navajo language ballots in audio form at the four polling places within San Juan county and on the County's website";

(4) The County's plans for educating the public about the new polling places, including the dates and frequency of any announcements made on local radio and any visits by the County Clerk's staff to chapter houses to explain the change; and

(5) Deposition testimony from a person most knowledgeable regarding Defendants' decision to make available, for 2016 and future elections cycles, four polling locations in San Juan County and Defendants' plans to provide Navajo language assistance at those locations.

Dated April 29, 2016.

                            RESPECTFULLY SUBMITTED,

*s/ John Mejia*
John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

M. Laughlin McDonald
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg
M. Eileen O'Connor
Arusha Gordon
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommittee.org
agordon@lawyerscommittee.org

Maya Kane
10 Town Square, #52
Durango, Colorado  81301
T: (970) 946-5419
mayakanelaw@gmail.com

William A. Rudnick
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601

        T: (312) 368-4000
        william.rudnick@dlapiper.com


        Raymond M. Williams
        DLA Piper LLP (US)
        One Liberty Place
        1650 Market Street, Suite 4900
        Philadelphia, PA 19103
        T: (215) 656-3300
        raymond.williams@dlapiper.com