**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | Case No. 2:16-cv-00154 JNP |
| Plaintiffs, | |
| v. | **DECLARATION OF JOHN MEJIA IN SUPPORT OF PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY** |
| SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, | |
| Defendants. | |

I, John Mejia, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1.     I am an attorney at American Civil Liberties Union of Utah, co-counsel for the Plaintiffs Navajo Nation Human Rights Commission, Peggy Phillips, Mark Markboy, Wilfred Jones, Terry Whitehat, Betty Billie Farley, Willie Skow, and Mabel Skow ("Plaintiffs") in this matter.  I submit this Declaration in support of the Plaintiffs' Motion to Expedite Discovery (the "Motion").  I have personal knowledge of the matters described herein.

2.     On February 25, 2016, Plaintiffs filed a complaint for declaratory and injunctive relief to remedy Defendants' ongoing violations of the Voting Rights Act and Fourteenth Amendment of the United States Constitution ("Complaint").  On March 31, 2016, Defendants San Juan County, John David Nielson, Phil Lyman, Bruce Adams, and Rebecca Benally

("Defendants") filed their answer to the complaint ("Answer"), and Counterclaim for Declaratory and Other Relief ("Counterclaim").

3.     In the Answer and Counterclaim, Defendants claim that:

- For the 2016 and future election cycles in-person voting or polls will be available at four locations within San Juan County: Monticello, Montezuma Creek, Oljato and Navajo Mountain, Utah;

- For the 2016 election and future election cycles, every resident of San Juan County will be within an one hour drive of a polling place;

- Navajo language assistance will be available at all four polling locations;

- For the 2016 and future election cycles, the County is already committed to provide Navajo-language ballots in audio form at all four polling locations, including making the audio Navajo ballot available at a link on the County's website, and provide a telephone number that Navajo voters can call for Navajo-language assistance;

- The County's Navajo- Liaison and Election Coordinator, will attend pre-election meetings of all Utah Navajo Chapters to explain, in the Navajo language, the vote by mail process including the ballots;

-  Prior to the 2016 election cycle San Juan County will make the extensive use of paid Navajo-language announcements on two Navajo radio stations (KNDN and KTTN) to explain in the Navajo language the vote-by-mail process and ballot; and

- These measures were adopted and/or approved prior to the commencement of Plaintiffs' action.

4.      Upon learning of the alleged measures that Defendants plan to implement for the 2016 elections and future election cycles, on April 6, 2016, Leah Farrell, Staff Attorney for the ACLU of Utah, and I promptly reached out to Defendants' counsel to discuss these measures and obtain evidence documenting Defendants' decision.  Ms. Farrell spoke to Mr. Jesse Trentadue, counsel for Defendants, by telephone, and later sent him an email, copying me.  A true and correct copy of Ms. Farrell's e-mail dated April 6, 2016 to Defendants' counsel is attached hereto as **Exhibit A**.

5.      On April 11, Defendants' counsel responded to Plaintiffs' inquiry by sending excerpts of a transcript of a deposition, taken approximately two years ago in a separate case, of a County employee discussing past efforts that the County had made with respect to educating the community concerning mail-in ballots.  The transcript did not, however, discuss Defendants' plans as they relate to the 2016 election or other future election cycles.  A true and correct copy of Defendants' counsel's e-mail and attachment are attached hereto as **Exhibit B**.

6.      That same day, I sent a follow-up e-mail clarifying that "As we understand it, the Answer and Counterclaim claim that the County made the decision to open three additional in-person polling places before the complaint was filed.  If this is the case, we are interested in reviewing any documents that indicate that this decision was made prior to the complaint being filed and which detail the County's election plans for 2016.  Please send us documents which detail both the County's plans to open three additional polling places and the County's plans to provide language assistance during future elections.  If your clients have any such documents, please send them to us by the close of business tomorrow." A true and correct copy of this e-mail is attached hereto as part of the as **Exhibit C.**

7.      On April 12, Defendants' counsel responded by sending a link to me that pointed to an online Navajo Times news article (dated March 10, 2016, a few weeks after the filing of the Complaint), discussing the new polling places.  A true and correct copy of this e-mail is attached hereto as **Exhibit D.**

8.      Following this e-mail, on April 12, Mr. Trentadue and I conferred by telephone regarding the types of documentary evidence Plaintiffs were seeking.   After that call, I again sent an e-mail to Defendants' counsel explaining that Plaintiffs are interested in obtaining documents that:  "[1.] reflect the timeline on which the decision to open polling places and provide language assistance for this year's elections was made; [2.] discuss the County's decision and plans to implement its decision to open polling places and provide language assistance this year; [3.] publicize the County's voting process for this year's elections; and [4.] discuss the County's plans to keep polling places open and provide language assistance in future elections."  A true and correct copy of this e-mail is attached hereto as **Exhibit E.**

9.      On April 27 and 28, I e-mailed Defendants' counsel to inform him that Plaintiffs planned to file the instant Motion, and to inquire into whether Defendants would agree to the relief sought by the Motion.  A true and correct copy of this e-mail correspondence is attached hereto as **Exhibit F.**

10.      To date, Defendants have not provided Plaintiffs with any documentation reflecting their decision with respect to these issues, and have not agreed to the relief requested by the present motion.

Dated:  April 29, 2016
          Salt Lake City, UT

                            _____*s/* John Mejia_____
                            John Mejia
                            (Original Signed Copy Available on Request)