John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org

Maya Kane*
10 Town Square, #52
Durango, Colorado  81301
T: (970) 946-5419
mayakanelaw@gmail.com

William A. Rudnick*
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com

*Admitted *pro hac vice*

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATIONS HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | Case No. 2:16-cv-154 JNP BCW |
| Plaintiffs, | |
| v. | OPPOSITION TO MOTION TO DISMISS MARK MARYBOY |
| SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, | |
| Defendants. | |

## INTRODUCTION

Defendants moved to dismiss Plaintiff Mark Maryboy's claims for a purported lack of standing. In their brief in support, however, Defendants present a selective recitation of the Complaint's factual allegations and rely on a comparison to an inapposite court case in their legal analysis. Because a full consideration of all the relevant factual allegations and a meaningful legal analysis show that Mr. Maryboy has standing, the Court should deny Defendants' motion to dismiss.

## RELEVANT FACTS

Mr. Maryboy is a Navajo Nation member who lives in Montezuma Creek, San Juan County, Utah, who prefers to vote in person and has for many years.  Compl. ¶ 15, ECF No. 2.  His round trip drive to Monticello to vote in person under the County's mail-in only election plan would be approximately two hours.[1]  *Id*.  On the other hand, the round trip for the average white voter in San Juan County to drive to Monticello to vote in person is under an hour.  *Id.* at ¶ 31.  Among the factual bases for Mr. Maryboy's claim under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, are that the "County's use of mail-only elections creates burdens to voting that bear substantially more heavily on Navajo voters than upon white voters," *id.* at ¶ 78, and that the County has presented only a tenuous rationale for moving to mail-only, *id.* at ¶ 80.

## LEGAL STANDARD

There are three elements a party must show to establish standing:

> First, the plaintiff must have suffered a concrete, actual "injury in fact." Second, there must be a causal connection between the injury and the conduct at issue. Third, it must be likely that a favorable decision will redress the plaintiff's injury.

*Green v. Haskell Cnty. Bd. of Comm'rs*, 568 F.3d 784, 793 (10th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The Defendants have acknowledged that they are making a facial challenge to standing.  *See* Defs.' Mot. to Dismiss Claims of Mark Maryboy at 3, ECF No. 43 (asserting arguments are

---

[1] Plaintiffs acknowledge that Defendants claim in their Answer and Counterclaim to have opened three additional polling places in Navajo precincts in the County.  Answer ¶ 1, ECF No. 41; Counterclaim ¶¶ 46-47, ECF No. 40.  However, no documents to support this assertion were attached to Defendants' filings and Plaintiffs have been unable to find record of any decision confirming that three additional polling sites will be opened in publicly available County materials.  In any event, Defendants' motion is a motion to dismiss, and the factual allegations in the Complaint, not the Answer or Counterclaim, must be accepted as true.

based on the allegations taken as true). When, as here, the moving party mounts an attack on standing based on the face of the complaint alone, the "court must accept the allegations in the complaint as true" in analyzing Defendants' standing arguments. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).

## ANALYSIS

Mr. Maryboy meets each of the requirements to establish standing to bring this suit. First, he alleges that under the County's mail-only election plan, he, as a Navajo voter, would have to drive over twice as long as the average white voter to vote in person. The additional time required of him to vote in person is a concrete harm, especially given his preference to vote in person. He has suffered a concrete actual injury in fact related to his Section 2 claim. *See, e.g.*, *Bear v. County of Jackson, S.D.*, No. 5:14–CV–5059–KES, 2015 WL 1969760, *3-4 (D.S.D. May 1, 2015) (finding comparatively greater drive time between Native American and white voters to constitute an injury in fact for standing purposes on a Section 2 claim); *see also Coal. for Sensible & Humane Solutions v. Wamser*, 771 F.2d 395, 399 (8th Cir. 1985) (finding standing based on allegations that "refusal to make voter registration facilities more accessible and convenient infringed [plaintiff's] right to register and thus her right to vote"); *see generally* 52 U.S.C. § 10301(b) (prohibiting voting practices that afford protected groups "less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice").

Second, there is a causal connection between Mr. Maryboy's harm and the County's mail-only election plan. That is, Mr. Maryboy alleges that the mail-only election plan, which moves

the only location for in-person voting far away from his home, is the cause of the additional burden on his ability to vote.

Finally, an order in this case that includes a restoration of Mr. Maryboy's ability to vote in-person at a polling place closer to his home will remedy his harm. Mr. Maryboy has thus met each of the three factors to establish standing.

Defendants' arguments otherwise fail. First, rather than address all of the relevant facts in their factual recitation, Defendants selectively recite some of the facts underlying Mr. Maryboy's claim and mainly focus on two: that Navajo voters were confused about the information provided by the County about mail-only elections, and that he was concerned about the way the mail-in only election was run. Defendants also acknowledge that Mr. Maryboy prefers to vote in person and would have a long drive time to do so in Monticello. While these selected facts are relevant to his claims, they are not the only material facts. Importantly, Defendants omit the allegations in Paragraph 15 of the Complaint regarding Mr. Maryboy's Navajo race, his place of residence in San Juan County, and his comparative drive time to white voters to vote in person in Monticello under a mail-only system, which is more than double. All of these facts are material and central to Mr. Maryboy's Section 2 claim. Defendants, by isolating certain facts and analyzing them free from the context of all of the relevant facts, have created a straw man.

A motion to dismiss requires that the Court consider all of the relevant facts in context, not that the Court analyze some of the facts separately and in isolation. As seen above, all of the facts together show that Mr. Maryboy has standing to bring a claim under Section 2 because as a Navajo voter, San Juan County's mail-only election imposes a substantial burden upon him and

other Navajos, and that as a result they have less opportunity than other members of the electorate to participate in the political process.

Second, Defendants' legal argument relies, wholesale, on a completely inapposite case, *Bender v. Williamsport Area School District*, 475 U.S. 534 (1986). In *Bender,* the Court held that an individual acting in his personal capacity lacked standing to appeal in a case in which he had been sued only in his official capacity. 475 U.S. at 543-44. The Court also rejected the individual's argument that he had standing to appeal because his child disagreed with the ruling below. *See id.* at 547-48. *Bender* is nothing close to the situation here, in which Mr. Maryboy is directly suing to protect his own rights.

## CONCLUSION

For the reasons discussed herein, the Court should deny Defendants' Motion to Dismiss Claims of Plaintiff Mark Maryboy.

Dated this 9th day of May, 2016.

RESPECTFULLY SUBMITTED,

s/John Mejia
John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE

Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org

Maya Kane*
10 Town Square, #52
Durango, Colorado 81301
T: (970) 946-5419
mayakanelaw@gmail.com

William A. Rudnick*
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com

*Admitted pro hac vice

6

## CERTIFICATE OF SERVICE

      I certify that on May 9, 2016, I served the foregoing Opposition to Motion to Dismiss Mark Maryboy upon all Defendants via the Court's CM/ECF system.

s/John Mejia