Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**Suitter Axland, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: chuefner@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | : : : : : : : | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY** |
| | : | |
| Plaintiffs, | : | Case No. 2:16-cv-00154 JNP |
| | : | |
| v. | : | Judge Jill N. Parrish |
| | : | |
| SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, | : : : : : : | Magistrate Judge Brooke C. Wells |
| | : | |
| | : | **Oral Argument Requested** |
| Defendants. | : | |
| | : | |

| SAN JUAN COUNTY; JOHN DAVID | : |
| NIELSON; PHIL LYMAN, BRUCE | : |
| ADAMS; and REBECCA BENALLY | : |
| | : |
| Counterclaim Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| NAVAJO NATION HUMAN RIGHTS | : |
| COMMISSION; PEGGY PHILLIPS; MARK | : |
| MARYBOY; WILFRED JONES; TERRY | : |
| WHITEHAT; BETTY BILLIE FARLEY; | : |
| WILLIE SKOW; and MABEL SKOW, | : |
| | : |
| Counterclaim Defendants. | : |
| | : |

Defendants hereby submit this opposition to Plaintiffs' *Motion to Expedite Discovery*.[1] **Oral argument is requested**.

## <u>INTRODUCTION</u>

Plaintiffs, who are members of the Navajo Nation and the Navajo Human Rights Commission have filed a *Motion to Expedite Discovery*, claiming that discovery is needed in order for them to obtain a preliminary injunction by the June 28, 2016 primary elections requiring "Defendants [to] open polling locations equally accessible to both Navajo and white voters, and requiring that Defendants

---

[1] Dkt. 54.

provide language assistance to limited English-proficient Navajo speakers."[2] Plaintiffs further represent to the Court that: [t]his Motion is necessary because in 2014, Defendants moved to mail-only voting, and Defendants have not reversed that decision in any publically available County document."[3]  But Plaintiffs' *Motion to Expedite Discovery* is a ruse to distract the Court from the real issue in this case, which is the sanctions that should be imposed upon Plaintiffs for having brought this sham lawsuit.

## BACKGROUND: DEMOGRAPHICS OF SAN JUAN COUNTY

San Juan County is one of the largest counties in the United States.  San Juan County is approximately 8,000 square miles in size.  San Juan County is almost twice the size as the State of Connecticut.  It takes approximately five hours to drive from Navajo Mountain in the southern part of San Juan County to Spanish Valley in the North, a distance of about 249 miles. Vast regions of San Juan County are uninhabited.  In fact, approximately 25% of the County's residents have a physical address; whereas the remainder use a Post Office Box for their address.  And according to the 2010 Census, San Juan County has a total

---

[2]  Dkt. 54, p. 3.

[3]  *Id.*

population of just 14,746 of which 9,729 people are of voting age.

## STATEMENT MATERIAL FACTS

Plaintiffs commenced this action under the *Voting Rights Act,*[4] and the *Fourteenth Amendment* to the United States *Constitution* challenging San Juan County, Utah's conduct of elections by mail-in-ballots. Plaintiffs are seeking a ruling from this Court that San Juan County's vote-by-mail procedures violate Section 2 and 203 of the *Voting Rights Act,*[5] as well as the *Fourteenth Amendment* to the United States *Constitution.*

Plaintiffs are also seeking an order from this Court requiring San Juan County to do away with voting by mail and to re-open polling locations. But as the following facts clearly demonstrate, both Plaintiffs and their counsel failed to inquire of San Juan County as to the vote-by-mail procedures that were planned for the 2016 election cycle prior to filing this lawsuit, and had they done so, Plaintiffs and their counsel would have known that there was no good faith basis in either fact or law for bring this case since there are four polling locations where

---

[4] 52 U.S.C. §§ 10301 and 10503.

[5] Plaintiffs, however, may not have a claim under § 203 of the *Voting Rights Act*. *See Dekom v. New York*, 2013 WL 3095010 (E.D.N.Y. 2013)(unpublished), *aff'd*, 583 Fed. Appx. 15, 17 (2d Cir. 2014)( In which the Court stated that the bilingual election requirements of Section 203 of the *Voting Rights Act* are enforceable **only** by the Attorney General).

those who choose to vote-in-person can do so; that a polling location is within an hour's drive of every registered voter; and that language assistance will be provided to limited English-proficient Navajo speakers.

The following facts will likewise clearly demonstrate: (1) that instead of having a legitimate claim against Defendants, Plaintiffs have attempted to fabricate a *Voting Rights Act* violation as well as a violation of the *Fourteenth Amendment*; (2) that at the Navajo Human Rights Commission's request, in 2015 the United States Department of Justice ("DOJ") spent almost a week reviewing the County's vote-by-mail procedures for compliance with both the *Voting Rights Act* and the *Fourteenth Amendment*, and expressed no concerns.  More importantly, the following facts will clearly demonstrate that fearing being exposed and rightfully sanctioned for having brought this sham lawsuit, Plaintiffs filed their *Motion for Expedited Discovery* knowing full well that there was no need for a preliminary injunction.

1.      For elections held in 2014, San Juan County determined, pursuant to *Utah Code* § 20A-3-302, to implement a vote-by-mail system whereby all registered voters received absentee ballots which could be mailed to the County Clerk's Office in Monticello and, for those wishing to cast a ballot in person, the

County Clerk's office in Monticello, Utah was a polling place open on election day.[6]

2.     In connection with the implementation of the vote-by-mail system, San Juan County sent its Navajo Liaison/Elections Coordinator, Mr. Edward Tapaha, to each of the Navajo chapter meetings to explain the vote-by-mail system and answer questions.  In addition, the County maintained a telephone line manned by Mr. Tapaha to answer any questions that might arise in connection with the election.[7]

3.     For elections held in 2016 (for which there will be a county-wide primary election in addition to the general election), San Juan County determined that, in addition to the County Clerk's office in Monticello, there will be three additional polling places open on election day to accommodate those voters who wish to cast their ballot in person.[8]

4.     The locations of the three additional polling locations, all of which are located on the Navajo Reservation, are as follows:

---

[6] *Nielson Declaration*, Dkt. 62, ¶ 6.

[7] *Id.* at ¶ 7.

[8] *Id.* at ¶ 8.

6

> Navajo Mountain Chapter House
> Navajo Route 16, mile marker 36.15
> Navajo Mountain, Utah
>
> Oljato Senior Center
> County Road 422, 15 miles north of Gouldings' Store
> Oljato, Utah
>
> Montezuma Creek Fire Station
> 15 South Texaco Road
> Montezuma Creek, Utah 84543.[9]

5.      These three locations were selected so as to ensure that no voter in the County is more than a one-hour drive away from an in-person voting location.[10]

6.      For the 2016 election cycle, a San Juan County election official able to provide Navajo-language voting assistance will be available at each of the polling locations.[11]

7.      In addition, San Juan County will have a link on the Elections page of its website by which voters may access a Navajo-language audio explanation of the vote-by-mail system, including a translation of the ballot itself, which will also be available at each in-person voting location.   The website also identifies Mr.

---

[9]  *Id.* at ¶ 9.

[10]  *Id.* at ¶ 10.

[11]  *Id.* at ¶ 11.

7

Edward Tapaha as the County's Navajo Liaison/Elections Coordinator and gives his telephone number and extension.[12]

8.     As in prior election years, San Juan County will have Mr. Edward Tapaha attend meetings of each of the Navajo Chapters to explain in the Navajo language the voting system and answer any questions about the election process. Also as in prior years, the County is placing Navajo-language radio announcements about the election, vote-by-mail process and in-person voting locations.[13]

9.     San Juan County's decision to change the mail-in-voting system to better accommodate voters who would prefer to vote in person was made before the County was served with this lawsuit.  In fact, by late January or early February of 2016 the County had already made the decision to open three additional polling locations within the Navajo Reservation.[14]

10.     San Juan County began considering possible changes after receiving comments and concern from County voters about the mail-in-voting system, as

---

[12] *Id.* at ¶ 12.

[13] *Id.* at ¶ 13.

[14] *Id.* at ¶ 14.

well as the investigation conducted by the DOJ, which included a visit to San Juan County from at least October 21 through October 29, 2015.[15]

11.    In the course of meetings with County officials in October, 2015, the DOJ did not indicate that the County's vote-by-mail system as implemented for the 2014 elections (and the 2015 municipal elections) was contrary to law or failed to meet the County's obligation to provide bilingual voting assistance to Navajo voters, but indicated that it would continue watching the way in which the mail-in-voting system affected County residents and particularly its Navajo citizens.[16]

12.    Based on flyers that were posted at various County locations prior to the arrival of the DOJ staff and before any County official had even been notified that the DOJ would be visiting the County,[17] it appears that the DOJ's investigation of San Juan County's vote-by-mail system was initiated at the request of the Navajo Nation Human Rights Commission.[18]

13.    The DOJ did not however, either in the course of its investigation or

---

[15]  *Id.* at ¶ 15.

[16]  *Id.* at ¶ 16.

[17]  *See* Dkt 62-1.

[18]  *Nielson Declaration*, Dkt. 62, ¶ 17.

since, notify the County that it was required to abandon or modify the County's vote-by-mail system, and the DOJ is not a party to this lawsuit.[19]

14.    Nevertheless, on October 29, 2015, the day that the DOJ met with County officials in Monticello, San Juan County began to consider making changes to improve the vote-by-mail system to add in-person polling places on the Navajo Reservation.[20]

15.    The final decision as to the locations of the three additional polling places was made on or before February 16, 2016.  Thereafter, the San Juan County Clerk sent a press release to the local newspapers about the 2016 elections, including the County's decision to open additional in-person polling locations.[21]

16.    The County Clerk sent that press release via email to *The San Juan Record* and *The Navajo Times* on March 9, 2016.   However, that press release had been prepared by the San Juan County Attorney approximately a week earlier.[22]

17.    The County and individual County officials named as defendants in

---

[19]  *Id.* at ¶ 18.

[20]  *Id.* at ¶ 19.

[21]  *Id.* at ¶ 20.

[22]  *Id.* at ¶ 21.

this lawsuit were served with the *Complaint* in this lawsuit on March 16, 2016.[23]

18.    The election records maintained by the San Juan County Clerk's Office show that the 2014 election, in which vote-by-mail was implemented, resulted in a substantial increase in voter turn out as a result of allowing voters the option of voting by mail, especially among Navajo voters.[24]

19.    In fact, during the 2014 election, the number of Navajo voters more than doubled compared to previous elections without the vote-by-mail option.[25]

20.    The election records maintained by the San Juan County Clerk's Office, for example, show that during the 2014 election voter participation in precincts with a heavy concentration of Navajo voters went from 25% during the 2012 election using only in-person voting at polls to 54% with vote-by-mail in 2014.[26]

22.    This significant increase in voter participation occurred despite the fact that the 2014 election was not a national election which tends to produce a

---

[23] *Id.* at ¶ 22.

[24] *Id.* at ¶ 29.

[25] *Id.* at ¶ 30.

[26] *Id.* at ¶ 31.

higher number of voters.[27]

23.     The increased voter participation among Navajo voters was undoubtedly attributable in part to the fact that the mail-in-ballot process allows voters who work away from their homes on the Navajo Reservation or who are away at college or in the military, to participate in elections without having to appear at a polling place or make advance application for an absentee ballot.[28]

24.     The increased voter participation among Navajo voters was also undoubtedly attributable to the fact that the mail-in-ballot process allows elderly voters who have no means of transportation to a polling location to vote from their homes by use of the mail-in-ballot.[29]

25.     There are benefits to a vote-by-mail system over an in-person voting system, including, among others: (a) providing voters the opportunity to consider their election decisions over a longer period of time; (b) accommodating the needs of voters who regularly work outside of the immediate area of their residence, are at school or in the military, without their having to apply personally for an absentee ballot which may be particularly of benefit to a significant number of

---

[27] *Id.* at ¶ 32.

[28] *Id.* at ¶ 33.

[29] *Id.* at ¶ 34.

Navajo voters who work away from their homes due to the limited availability of jobs in San Juan County; (c) allowing voters to make their ballot decisions away from candidate's campaign efforts in close proximity to polling places;[30] and (d) allowing limited-English proficiency voters to seek assistance from family members or other trusted acquaintances if they so choose rather than having to rely on interpreters provided by the County.[31]

26.    San Juan County is comprised of three County Commission Districts, with the voters in each District electing a County Commissioner.[32]

27.    San Juan County Commission District Three is home to a majority of the County's Navajo voters.[33]

28.    The election records maintained by the San Juan County Clerk's Office show that, historically, Mark Maryboy, his brother Kenneth Maryboy and/or Manual Morgan have been the only persons elected as the County

---

[30] This is a particularly important result of vote-by-mail because Mark Maryboy, his brother Kenneth Maryboy and their political ally Manuel Morgan are present at polling locations on election days distributing food and other items as enticement to voters to vote for them. *See Counterclaim*, Dkt. 40, ¶¶ 95 and 96. *See also* http://navajotimes.com/politics/election2010/102910tampering.php

[31] *Id.* at ¶ 35.

[32] *Id.* at ¶ 36.

[33] *Id.* at ¶ 37.

Commissioner from District Three.[34]

29.     In 2014, however, Rebecca Benally was elected to the office of County Commissioner from District Three.[35]

30.     Mark Maryboy, his brother Kenneth Maryboy and/or Manual Morgan are members of the Navajo Nation and so, too, is Commissioner Benally.[36]

31.     During the 2014 election in which vote-by-mail was first implemented, the election records maintained by the San Juan County Clerk's Office show that Commissioner Benally defeated both Kenneth Maryboy and Manual Morgan in the Commission District Three race.[37]

32.     Commissioner Benally has counterclaimed against Plaintiffs alleging that they commenced and are continuing this lawsuit for the improper, unlawful and ulterior purpose of allowing Mark Maryboy, Kenneth Maryboy, and Manual Morgan to reassume control of the election of a County Commissioner from District Three by suppressing the vote of her supporters who largely vote-by-

---

[34] *Id.* at ¶ 38.

[35] *Id.* at ¶ 39.

[36] *Id.* at ¶ 40.

[37] *Id.* at ¶ 41.

14

mail.[38]

33.     In the *Complaint*, Plaintiffs allege that Plaintiff Peggy Phillips is "not comfortable voting in English" and "needs assistance from a translator to vote as there are usually words on the ballot she does not understand."[39]

34.     But records maintained by the San Juan County Clerk's Office show that Peggy Phillips acted as an election official, including serving as a Navajo-language interpreter for Navajo voters not proficient in English.[40]

35.     In the *Complaint*, Plaintiffs allege that Peggy Phllips "did not receive her ballot in the mail for the 2014 election and was unable to vote."[41]

36.     But election records maintained by the San Juan County Clerk's Office also show that, contrary to the allegations of the *Complaint* in this lawsuit, Peggy Phillips did vote by mail in the 2014 election, as well as in the 2015 municipal elections.[42]

39.     In the *Complaint*, Plaintiffs allege that Plaintiff Terry Whitehat

---

[38] *See Counterclaim*, Dkt. 40.

[39] *See Complaint*, Dkt 2, ¶ 2.

[40]  *Nielson Declaration*, Dkt. 62, ¶ 23.

[41]  *See Complaint*, Dkt 2, ¶ 14.

[42]  *Nielson Declaration*, Dkt. 62, ¶ 24.

"prefers to vote in person."[43]

40.     But election records maintained by the San Juan County Clerk's Office also show that, in 2012, Terry Whitehat, filed an affidavit requesting an absentee ballot and expressing a preference to vote by absentee ballot in all future elections.[44]

41.     Neither Plaintiff Navajo Nation Human Rights Commission (including its executive director, Mr. Leonard Gorman) nor any of the individual Plaintiffs in this lawsuit have ever communicated with the County Clerk's office with a request to meet to discuss ways in which to improve voting access, including Navajo-language assistance, for Navajo-speaking voters in San Juan County.  Rather, the Navajo Nation Human Rights Commission has only demanded that all polling places be re-opened.[45]

42.     Neither did Plaintiffs' counsel ever communicate with the County Clerk's office with a request to meet to discuss ways in which to improve voting access, including Navajo-language assistance, for Navajo-speaking voters in San

---

[43] *See Complaint*, Dkt 2, ¶ 17.

[44] *Nielson Declaration*, Dkt. 62, ¶ 26. The *Complaint* contains similar misrepresentations with respect to the other Plaintiffs.  *See Counterclaim*, Dkt. 40, ¶¶ 61-92.

[45] *Id.* at ¶ 27.

Juan County.  Rather, Plaintiffs brought this lawsuit demanding that all polling places be re-opened.[46]

## ARGUMENT: PLAINTIFFS HAVE NOT MADE THE NECESSARY SHOWING FOR EXPEDITED DISCOVERY

The *Federal Rules of Civil Procedure* generally provide that formal discovery will not commence until after the parties have conferred as required by *Rule* 26(f).[47]  The Court may, however, in the exercise of its broad discretion alter the timing, sequence and volume of discovery.[48]  But the party seeking to expedite discovery in advance of the *Rule* 26(d) conference has the burden of showing good cause for the requested departure from the usual discovery procedures.[49]  But what constitutes good cause appears to have been narrowly circumscribed by the courts. Good cause to expedite discovery, for example, may be appropriate to prevent the loss of evidence.[50]  Good cause to expedite discovery may likewise be appropriate

---

[46]  *Id.* at ¶ 28.

[47]  *Fed. R. Civ. P.* 26(d).

[48]  *Id.* at *Rule* 269b)(2) and 26(d).

[49]  *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).

[50]  *See id.*

17

in patent infringement or unfair competition cases,[51] and when a party is seeking a preliminary injunction.[52]

In their own words, "Plaintiffs simply are seeking discovery specifically aimed at finding out precisely what Defendants have done in connection with the opening of new polling places and the provision of language assistance, and when they did it."[53]  If that is truly all that Plaintiffs want, then they clearly do not need discovery because Defendants have provided this information via e-mail,[54] in their *Answer*,[55] in their *Counterclaim*,[56] and in the *Declaration* of the San Juan County Clerk, John David Nielson.[57]  Furthermore it is simply incredible, when Defendants have gone on record describing in detail the vote-by-mail procedures that they plan to put into place for the 2016 election cycle, for Plaintiffs to say that

---

[51] *See e.g., Energetics Systems Corp. v. Advanced Cerametrics, Inc.*, 1996 WL 130991, *2.

[52] *See Ellsworth Associated, Inc. v. United States*, 917 F. Supp. 841, 844 (D. Colo. 1996).

[53] *Motion to Expedite Discovery*, Dkt. 54, p. 11.

[54] *See* e-mail exchange between counsel, Dkt. 54-2.  Included with that e-mail exchange was Defendants providing Plaintiffs with Ed Tapaha's deposition in which he described his visits to Chapter meetings and radio announcements designed to educate Navajo voters on the vote-by-mail process.  *See* Dkt. 54-2, p. 5.

[55] *See Answer*, Dkt. 41, ¶ 1.

[56] *See Counterclaim*, Dkt 40, ¶¶ 46-53.

[57] *See Nielson Declaration*, Dkt. 62, ¶¶ 8-22.

they need discovery as to what those procedures will be for the 2016 election cycle.

If Plaintiffs believe that these procedures fail to comply with either the *Voting Rights Act* or the *Fourteenth Amendment*, they can immediately file their *Motion for Preliminary Injunction*.  More importantly, these procedures that San Juan County has put and will put in place for the 2016 and future election cycles are the ones that will be dispositive of Plaintiffs' challenges to the vote-by-mail process.  Consequently, if Plaintiffs believe that these procedures are deficient, then they can immediately move for summary judgment.  Meanwhile, there is no good cause to grant Plaintiffs' *Motion*, especially when the Court considers the sham nature of this lawsuit.

The objective of this lawsuit is to remove Commissioner Benally from office, and to replace her with the Maryboy brothers and/or Manuel Morgan.  The objective of this lawsuit is also to restore to the Maryboy brothers and Manuel Morgan the power to control who is elected to the San Juan County Commission from District Three.  In order to accomplish these unlawful objectives, Plaintiffs have framed a *Complaint* around misrepresentations and falsehoods for which they should suffer some serious consequences.  Meanwhile, Defendants respectfully

19

submit that Plaintiffs' *Motion to Expedite Discovery* should be denied.

DATED this 13th day of May, 2016.

SUITTER AXLAND, PLLC

 /s/ jesse c. trentadue
Jesse C. Trentadue
Carl F. Huefner
Britton R. Butterfield
*Attorneys for Defendants*

*T:\7000\7788\1\DEFENDANTS OPPOSIITON MOTION TO EXPEDITE DISCOVERY.wpd*

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2016, I electronically filed the foregoing document with the U.S. District Court for the District of Utah.  Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org
*Attorneys for Plaintiffs*

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org
*Attorneys for Plaintiffs*

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org
*Attorneys for Plaintiffs*

Maya Kane*
10 Town Square, #52
Durango, Colorado 81301
T: (970) 946-5419
mayakanelaw@gmail.com
*Attorneys for Plaintiffs*

William A. Rudnick*
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com
*Attorneys for Plaintiffs*

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com
*Attorneys for Plaintiffs*

 /s/ jesse c. trentadue