John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org

Maya Kane*
10 Town Square, #52
Durango, Colorado  81301
T: (970) 946-5419
mayakanelaw@gmail.com

William A. Rudnick*
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com

**Admitted pro hac vice*

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, <br><br> Defendants. | Case No. 2:16-cv-00154 JNP <br><br> **PLAINTIFFS' MOTION FOR CLARIFICATION PERTAINING TO MAGISTRATE'S DECISION OR, IN THE ALTERNATIVE, OBJECTION TO MAGISTRATE'S DECISION** |

Plaintiffs Navajo Nation Human Rights Commission, Peggy Phillips, Mark Maryboy, Wilfred Jones, Terry Whitehat, Betty Billie Farley, Willie Skow, and Mabel Skow ("Plaintiffs") respectfully move the Court for an order clarifying whether Magistrate Judge Brook Wells' Memorandum Decision granting the Motion to Expedite Discovery (ECF No. 77) stands. If the Court finds that the decision is effective, Plaintiffs object to the Memorandum Decision's allocation of costs, pursuant to Fed. R. Civ. P. 72(a).

**I.       Motion for Clarification**

Plaintiffs respectfully request the Court's clarification on conflicting docket entries. Magistrate Judge Wells' Memorandum Decision appears to have been superseded by (1) the Court's removal of Magistrate Judge Wells from the Motion to Expedite Discovery and (2)

1

counsels' Rule 26(f) conference and the commencement of non-expedited discovery. Because Magistrate Judge Wells' Memorandum Decision remains on the docket and includes an award of costs, Plaintiffs request clarification from the Court as to whether the decision is effective.

First, by the time Magistrate Judge Wells issued her Memorandum Decision, non-dispositive motions, and in particular, and the Motion to Expedite Discovery were no longer referred to her.[1] (ECF No. 75). Because the order of the docket entries indicates that Magistrate Judge Wells entered her decision *after* the Motion to Expedite Discovery was no longer referred to her and Judge Parrish had decided to handle the matter, it would appear that the Memorandum Decision was void *ab initi*o. Plaintiffs request clarification from the Court to that effect.[2]

Second, counsel held their Rule 26(f) conference on May 19, 2016 and, under Fed. R. Civ. P. 26(d)(1) became eligible to start the discovery process – without requiring any motion to expedite discovery – as soon as the conference was complete. Moreover, at the May 31, 2016 hearing on this matter before Judge Parrish, and before Magistrate Judge Wells' order was entered, Defendants' counsel agreed on the record to make Rule 30(b)(6) witnesses quickly available, even without an order for expedited discovery. Accordingly, Plaintiffs' motion for expedited discovery was moot as a practical matter by the time Magistrate Judge Wells ruled on it, at least in terms of the requested deposition. Further, the Court has now entered a scheduling order that does not contemplate expedited discovery.[3] Plaintiffs presently do not seek expedited

---

[1] On May 31, 2016, Docket Entry No. 75 states: "Motions No Longer Referred: [ECF No.] 54 Motion to Expedite Discovery and Memorandum in Support Judge Parrish with [sic] handle this motion." Under Docket Entry No. 75, the Court further states: "Case no longer referred to Magistrate Judge Brooke C. Wells."
[2] D. U. Civ. R. 72-2(a) states that "Unless otherwise directed by the court, magistrate judges are authorized to… (6) conduct all pretrial proceedings contemplated by … Fed. R. Civ. P. 72 in cases assigned to them under General Order 11-001."
[3] ECF No. 80.

2

answers to any written discovery requests, and both sides are in the process of scheduling depositions for witnesses on both sides pursuant to the scheduling order.  For these reasons, it appears that Magistrate Judge Wells' order was moot when it issued, or has since been mooted.

For these reasons, Plaintiffs seek clarification from this Court as to the effectiveness of the Magistrate's discovery order.

## II.     Objection

Alternatively, if the Court finds that Magistrate Judge Wells' Order Granting Motion to Expedite Discovery stands, Plaintiffs object to Judge Wells' holding that the "cost of the expedited discovery sought in this motion is to be borne by Plaintiffs." (ECF 77 at 9).  While Magistrate Judge Wells correctly concluded that Plaintiffs had established good cause and granted Plaintiffs' Motion for Expedited Discovery, she misapplied the law in the way she invoked "principles of proportionality and the general principles behind the power of a court to shift discovery costs under Rule 26(b)(2)" and ordered Plaintiffs to pay associated costs, despite the fact that Defendants had not requested costs in their opposition or cited any unusual costs associated with expedited discovery.[4]  Pursuant to its authority under Fed. R. Civ. P. 72(a), Plaintiffs respectfully request that the Court set aside Magistrate Judge Wells' order to shift discovery costs as clearly erroneous and contrary to law because (1) the principles of proportionality do not support cost shifting in this case; and (2) Magistrate Judge Wells

---

[4] Mem. Decision and Order Granting Mot. to Expedite Discovery at *8 (ECF No. 77).

3

committed clear error when she ordered cost shifting on the basis of Rule 26(b)(2)(c) and inapplicable case law.

### A. *The principles of proportionality do not compel cost shifting in this case*

Magistrate Judge Wells incorrectly applied the principles of proportionality in justifying her decision to shift costs. The concept of proportionality is useful shorthand for the balancing test stated in Rule 26(b)(1), namely that the court should weigh "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[5] As made clear in Plaintiffs' initial Motion to Expedite Discovery and reiterated in Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Expedite Discovery, an analysis of these factors clearly points to granting Plaintiffs' limited discovery request. Most important, the principle of proportionality says nothing about cost shifting and provides no basis for the court to instruct Plaintiffs to pay the costs associated with their discovery request.

### B. *Magistrate Judge Wells misapplied the law and committed clear error when she ordered cost shifting on the basis of Rule 26(b)(2)(c) and inapplicable case law*

Magistrate Judge Wells improperly applied Fed. R. Civ. P. Rule 26(b)(2)(c) as the basis for her decision to shift costs. This rule states that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[6] Magistrate Judge Wells' award of

---

[5] Fed. R. Civ. P. 26(b)(1).
[6] Fed. R. Civ. P. 26(b)(2)(c).

discovery costs was contrary to law and she clearly erred by (1) applying cost-shifting to an ordinary request to expedite discovery on a limited basis; and (2) ruling that the discovery sought was duplicative and, therefore, shifting the costs to Plaintiffs.

First, cost-shifting is an inappropriate response to Plaintiffs' request for expedited discovery. Cost-shifting, absent statutory discovery, is the exception, not the rule. The Advisory Committee comments to the 2015 Amendments to Fed. R. Civ. P. Rule 26 emphasized that "[r]ecognizing the authority [of a court to shift costs] does not imply that cost-shifting should become a common practice. Courts and parties should continue to assume that a responding party ordinarily bears the costs of responding."[7]

None of the cases cited by Magistrate Judge Wells discuss shifting of costs for expedited discovery, and the cases also have little precedential authority or relevancy to the issue at hand.[8]

---

[7] Fed. R. Civ. P. 26 (Notes of Advisory Committee on 2015 amendments); *see* Fed. R. Civ. P. 26(b)(2)(b) ("On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."); *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 358 (1978) ("the presumption [in discovery] is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26 (c) to grant orders protecting him from "undue burden or expense" in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery."); *Thornton v. Morgan Stanley Smith Barney, LLC*, 2013 WL 1890706, at *2 (N.D. Oklahoma 2013) (denying request to shift the cost of discovery because the cost of production did not place an "undue burden" on defendants).

[8] The cases cited by the Magistrate Judge in support of cost-shifting are inapposite, and largely support the proposition that such cost-shifting is the exception, not the rule. Magistrate Judge Wells first cites *Thornton v. Morgan Stanley Smith Barney*, LLC, 2013 WL 1890706 (N.D. Oklahoma 2013) as "nothing [sic] the authority of a court to condition the discovery of certain items by 'requiring the party seeking the discovery to pay some or all of the costs.'" This decision considered a defendant's motion to shift the estimated $91,337 cost to produce emails to plaintiffs under Rule (26)(b)(2)(B). The court denied the motion. Magistrate Judge Wells next cites *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 587 (D. Colo. 2009) as "noting the 'role and impact of discovery on the civil justice system' and how cost-shifting may help the complex problem." But there the court was considering a defendant's motion to shift costs for time billed by an expert witness for deposition preparation under Rule 26(b)(4)(C), and has no relationship to the issues before the Magistrate Judge. Magistrate Judge

Three of the four decisions decline to shift discovery costs.[9]  The fourth did not include a motion to expedite discovery, but rather considered the question of which party should cover the costs billed by an expert witness for time spent preparing for a deposition.[10]  Given that Magistrate Judge Wells' order to shift costs misapplies the relevant law, this Court should set it aside pursuant to its authority under Fed. R. Civ. P. 72 (a).

Second, the Magistrate Judge's shifting of the costs constituted a clear error.  Plaintiffs' request for limited expedited discovery was not out of the ordinary.  There was no argument that it was unduly burdensome or, for that matter, unusually costly.

Magistrate Judge Wells' determination that Plaintiffs requested "essentially duplicative discovery from Defendants that is available from other sources such as in e-mail responses or via the Declaration of Mr. Nielson" is erroneous.[11]  Plaintiffs' limited discovery request seeks documentation supporting Defendants' assertion that they have already undertaken changes to the administration of elections and details regarding the County's plans for the 2016 election

---

Wells next cites *Semsroth v. City of Wichita*, 239 F.R.D. 630, 637-38 (D. Kansas 2006) as "setting forth factors to use when considering cost-shifting in the electronic discovery context." This decision considers a defendant's Rule 26(c) motion to shift costs for the search of 117 email accounts archived on a backup tape.  After considering factors similar to those currently found in Rule 26(b)(1), the court denied the motion.  Finally, Magistrate Judge Wells cites *Bills v. Kennecott Corp.*, 108 F.R.D. 459, 462 (D. Utah 1985) as "noting how cost-shifting may evntually [sic] become obsolete with advancements in computer technology."  This misconstrues the court's comment that "[a]lthough parties in the past have been able sometimes to shift the majority of the costs of document production to the requesting party merely by making records available for inspection, that cost-shifting tactic is less available and less necessary when the information is stored in computers," *id.* at 462. More important, the court denied the defendant's motion under Rule 26(c) to shift costs for the production of information stored on defendant's computer systems.

[9] *See Thornton*, 2013 WL 1890706 at *4, *Semsroth*, 239 F.R.D. at 640-41, and *Bills*, 108 F.R.D. at 464.

[10] *See Fiber Optic Designs, Inc.*, 262 F.R.D. at 589.

[11] Mem. Decision and Order Granting Mot. to Expedite Discovery at *8 (ECF No. 77).

6

cycle. Plaintiffs have yet to receive any such documentation, other than the unsupported claims made in the declaration of Mr. Nielson.[12] As such, it is impossible for Plaintiffs or the Court to assess whether these purported plans will redress the ongoing violations of the Voting Rights Act identified in Plaintiffs' complaint without discovery. And there was nothing in the record before the Magistrate Judge to indicate that there was available information otherwise.

Merely requesting limited discovery on an expedited basis does not rise to the level of an extreme circumstance that would compel a court to impose cost-shifting. The same discovery would be propounded on a non-expedited basis as on an expedited basis, and there is no indication that speeding up the process would impact the cost of production. Indeed, because the Rule 26 conference was held before the discovery is being taken, the discovery is, in fact and under the rules of this Court, non-expedited discovery, so the timing of the requests is irrelevant. Moreover, it was particularly inappropriate for costs to be shifted in this case, brought by public interest organizations to further the interests under the Voting Rights Act.[13]

### III. Conclusion

Plaintiffs respectfully request that the Court enter an order clarifying that Magistrate Judge Wells' Memorandum Decision on Plaintiffs' Motion to Expedite Discovery is null and void. Alternatively, if the Court determines that the Order Granting Motion to Expedite

---

[12] Mr. Nielson's declaration does not include any exhibits supporting his assertions. Furthermore, it lacks necessary detail concerning the County's plans for the 2016 election cycle.
[13] *Cf. Shelby Cty. v. Lynch,* 799 F.3d 1173, 1180 (D.C. Cir. 2015) ("Congress did not mean to use [attorneys' fees] fee-shifting provisions as a general reward for victory. Instead, fee-shifting provisions are designed to further the central purpose of civil rights statutes—vindicating the national policy against wrongful discrimination by encouraging victims to make the wrongdoers pay at law.'"(internal quotation marks omitted)).

7

Discovery is in effect, Plaintiffs respectfully object to the Magistrate Judge Wells' order that Plaintiffs pay for the costs associated with expedited discovery.

Respectfully submitted, this 14th day of June 2016.

BY:

s/ John Mejia

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg*
M. Eileen O'Connor*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
eoconnor@lawyerscommitee.org
agordon@lawyerscommittee.org

Maya Kane*
10 Town Square, #52
Durango, Colorado  81301
T: (970) 946-5419
mayakanelaw@gmail.com

William A. Rudnick*

8

DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
T: (312) 368-4000
william.rudnick@dlapiper.com

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com

*Admitted pro hac vice

9