IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW,<br><br>Plaintiff,<br>v.<br><br>SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners,<br><br>Defendants. | **ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:16-cv-00154 JNP<br><br>Judge Jill N. Parrish |

      Before the court are three Motions to Dismiss ("the Motions") brought by Defendants San Juan County, John David Neilson, Phil Lyman, Bruce Adams, Rebecca Benally, Michael Rivera and Brandon Anderson. (Dockets 42, 43 & 46). The court heard oral argument on the motions on June 29, 2016. After considering the written submissions and the arguments presented at the hearing, the court issues this Order DENYING Defendants' Motions to Dismiss.

## INTRODUCTION

      In 2014, San Juan County, Utah chose to close polling places and move to a mail-only voting system.[1] Plaintiffs Mark Maryboy, Peggy Phillips, Wilfred Jones, Terry Whitehat, Betty Billie Farley, Willie Skow, Mabel Skow, and the Navajo Nation Human Rights Commission

---

[1] It appears that the parties dispute whether the new voting procedures really are "mail-only" and whether some polling stations are still available.

("the Commission") brought this suit challenging the decision to adopt a mail-only voting system under the Voting Rights Act, and the Fourteenth Amendment to the United States Constitution.

Defendants bring these Motions arguing that certain claims should be dismissed. First, Defendants contend that the claims against the individual defendants in their official capacities are redundant and should be dismissed because San Juan County is also a named defendant. Second, Defendants contend that Mark Maryboy's claims should be dismissed due to a lack of standing. Third, Defendants argue that the claims brought by the Navajo Human Rights Commission should be dismissed because the Commission is "a non-jural entity lacking the requisite standing and/or authority to maintain this action."

## FACTUAL BACKGROUND

Plaintiffs have named as defendants San Juan County as well as San Juan County officials Bruce Adams, Rebecca Benally, Phil Lyman and John David Nielson. Plaintiffs contend that the alleged closure of polling places and the adoption of mail-only voting "unreasonably hindered the ability of Navajo citizens in San Juan County to participate effectively in the political process on equal terms with white voters in the 2014 general election." To substantiate these claims, Plaintiffs allege that the mail-only system "fails to provide adequate oral assistance to limited English proficient Native American voters" and that "Navajo residents of San Juan County are required to travel, on average, more than twice as far to vote in person in comparison to white residents of San Juan County."

Plaintiffs allege that Defendants' decision to adopt a mail-only voting system "is causing and will continue to cause the [the Commission] to divert a portion of its resources to educating Navajo voters about the mail-only system." The Commission alleges that its staff has been forced to "organize [] over 16 meetings across the Navajo portion of San Juan County" and "travel

hundreds of miles to meet with Navajo residents of San Juan County concerning the mail-only system." These additional burdens "limit [the Commission] to devoting fewer resources to its other organizational activities."

## ANALYSIS

The court will address each of Defendants' motions below.

**I.    The claims against the individual Plaintiffs in their official capacities are proper.**

Defendants' first motion is that the claims against the individual defendants, all of whom are named solely in their official capacity, should be dismissed as redundant because San Juan County is also a named defendant. Defendants bring this motion under Federal Rule of Civil Procedure 12(b)(6), which provides that a court may dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss for failure to state a claim, a court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. Of Cty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011). However, a court will not accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a claim must be dismissed where the complaint does not contain sufficient facts to make the claim "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)).

A suit against a government official in his official capacity "generally represents merely another way of pleading the action against the entity of which the official is an agent." *Kentucky*

*v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978)). Therefore, courts should treat such suits as suits against the governmental entity. *See id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). Individual government officers are often named in their official capacities even if the entity for which they work is also a party. *See Owen v. Independence*, 445 U.S. 622 (1980); s*ee also Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643 (10th Cir. 2006), *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784 (10th Cir. 2009).

In the present case, Plaintiffs have named as defendants San Juan County as well as San Juan County officials Bruce Adams, Rebecca Benally, Phil Lyman, and John David Nielson. Plaintiffs name all of the individual Defendants solely in their "official capacity." While Supreme Court precedent shows that there is, in effect, no difference between suing an entity and suing officials in their official capacities, nothing in those cases requires dismissal of the "redundant" claims. While some district courts have dismissed redundant claims, others have not. *See Moore v. Philidelphia*, 2014 WL 859322 at *2 (E.D. Pa. March 5, 2014) (citing divergent district court cases). And the court is aware of no Tenth Circuit authority requiring dismissal. Even assuming the claims against the individuals Plaintiffs in their official capacities are redundant, Defendants have not explained why such redundancy is grounds for dismissal. Similarly, defendants have not explained why the claims against the individuals, rather than the claims against the entity, should be dismissed as redundant (or why the Plaintiffs would not be entitled to choose which defendants are dismissed). Accordingly, Defendants' Motion to Dismiss claims against the individual Plaintiffs is denied.

## II.     Plaintiff Mark Maryboy has standing to assert his individual claims.

Defendants' second motion is that the claims of Plaintiff Mark Maryboy should be dismissed for lack of standing. Defendants bring this motion under Federal Rule of Civil Procedure 12(b)(6) and 12(c).

Federal courts only have jurisdiction over a dispute if it involves a "case" or "controversy." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). One element of the case-or-controversy requirement is that the plaintiff must allege his or her standing to sue. *Id.* A plaintiff must prove three elements to establish standing. First, the plaintiff must have suffered "a concrete, actual [or imminent] 'injury in fact.'" *Green*, 568 F.3d at 793 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). *Lujan* also requires that the injury be "particularized," which means that "the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560–61. Second, there must be a "causal connection between the injury and the conduct at issue." *Green*, 568 F.3d at 793. And third, it must be "likely that a favorable decision will redress the plaintiff's injury." *Id.* When a defendant challenges the standing of a plaintiff based on the face of the complaint alone, as is the case here, the court "must accept the allegations in the complaint as true" in analyzing the defendant's standing arguments. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Mr. Maryboy alleges that the additional time required of him to vote in person because of the County's mail-in election plan is a concrete harm. Defendants contend that there is no concrete harm because there is no right to vote in person. But that argument conflates the issue of standing with a determination of the merits of Mr. Maryboy's claim.

Mr. Maryboy has standing to argue that the voting procedures requiring him to traverse a greater distance to vote are unconstitutional. The Supreme Court has recognized that the location

of and access to polling places can directly impact a person's ability to vote. *Perkins v. Matthews*, 400 U.S. 379, 387–88 (1971). Mr. Maryboy's claim meets all the requirements set forth in *Green*. First, the alleged harm is particularized and affects Mr. Maryboy in a personal and individual way. Second, there is a causal connection between Mr. Maryboy's harm and the County's mail-only election plan that includes the decision to close polling stations closer to Mr. Maryboy's home. And third, a favorable decision would redress Mr. Maryboy's injury because the reopening of polling stations closer to his home would reduce his travel time. Mr. Maryboy thus has standing to assert his claims and Defendants' Motion to Dismiss Mr. Maryboy's Claims is DENIED.

### III. The Navajo Nation Human Rights Commission has standing to assert its claims and authority to sue.

Defendants contend that the claims brought by the Commission should be dismissed for two reasons. First, Defendants argue that the Commission lacks standing. Second, Defendants contend that the Commission is a non-jural entity that lacks capacity to sue. The court will consider each argument in turn.

#### A. The Commission has standing to assert its claims.

Federal courts have jurisdiction over a dispute only if it involves a "case" or "controversy." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). One element of the case-or-controversy requirement is that the plaintiff must allege his or her standing to sue. *Id.* Organizations have standing if they meet the standing requirements that apply to individuals. *See Colorado Taxpayers Union, Inc. v. Romer*, 963 F.2d 1394, 1396 (10th Cir. 1992*)* (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378 (1982)). First, the plaintiff must have suffered a "concrete, actual [or imminent] 'injury in fact.'" *Green*, 568 F.3d at 793 (10th Cir. 2009) (quoting *Lujan*, 504 U.S. 555, 560–61 (1992)). *Lujan* also requires that the injury be "particularized," which

means that "the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560–61. Second, there must be a "causal connection between the injury and the conduct at issue." *Green*, 568 F.3d at 793. And third, it must be "likely that a favorable decision will redress the plaintiff's injury." *Id.* When a defendant challenges the standing of a plaintiff based on the face of the complaint alone, as is the case here, the court "must accept the allegations in the complaint as true" in analyzing standing arguments. *Holt*, 46 F.3d at 1002.

In *Havens Realty Corp. v. Coleman*, the Supreme Court held that an organizational plaintiff had suffered a "concrete and demonstrable injury" because it was forced to "devote significant resources to identify and counteract" a defendant's practices. 455 U.S. at 379.

Plaintiffs in the present case argue in their complaint that the decision to switch to a mail-only system satisfies the injury in fact requirement for the Commission to have standing because it "is causing and will continue to cause the [Commission] to divert a portion of its resources to educating Navajo voters about the mail-only system." This alleged injury is similar to the injury acknowledged by the Supreme Court in *Coleman*. Accordingly, the Commission alleges an injury sufficient to meet the "injury-in-fact" requirement since it is particularized and affects the Commission in a personal and individual way. The causal connection requirement is satisfied because the County's decision created the need for the Commission to devote significant resources to counteract the mail-only voting system. Additionally, a favorable decision would redress the Commission's injury because the need to counteract the mail-only voting system would come to an end if the Commission were to succeed with its claims.

Defendants rely on *Spann v. Colonial Village, Inc.*, among other cases, to argue that the expenses incurred by the Commission to educate Navajo voters about the mail-only system are merely expenses in anticipation of litigation and therefore do not satisfy the injury in fact

requirement for standing. But nothing in the complaint establishes that the expenses incurred by the Commission are not part of the overarching goals of the Commission, let alone that they are done only in anticipation of litigation. Rather, the allegations in the complaint are that the Commission has been forced to devote significant resources to educate Navajo citizens about the new voting procedures. This has included holding approximately 16 meetings with Navajo citizens as well as significant travel. Those resources were not incurred "only in anticipation of litigation." Accordingly, the Commission has pled an injury-in-fact sufficient to establish its standing to sue.

### B. Defendants have not demonstrated that the Commission lacks capacity to sue.

Defendants' next argument is that the Commission is a "non-jural entity" lacking the capacity to sue or be sued. They attempt to support this argument by citing to two Arizona cases and a Michigan case where plaintiffs were barred from suing local Sheriff's Offices because the offices lacked the capacity to be sued. *Braillard v. Maricopa* County, 232 P.3d 1263, 1269 (Ariz. App. 2010); *Vine v. County of* Ingham, 884 F. Supp. 1153, 1158 (W. D. Mich. 1995); *United States v. Maricopa County*, 915 F. Supp. 2d 1073, 1077 (D. Ariz. 2012). But the Defendants' briefing is entirely inadequate to establish that the Commission lacks the capacity to sue.

Defendants do not cite any Utah case law for the proposition that entities like the Commission are unable to bring a lawsuit. Indeed, Defendants do not even attempt to address the question of whether Utah law or Navajo tribal law would govern the question of whether the Commission has the capacity to sue or be sued. In short, Defendants have provided the court with no authority that is at all relevant to the unique circumstances of this case.

Federal Rule of Civil Procedure 17 states that, for all parties other than individuals or corporations, the capacity "to sue or be sued" is determined "by the law of the state where the

court is located." Fed. R. Civ. P. 17(b)(3). Utah Rule of Civil Procedure 17, states: "When two or more persons associated in any business either as a… partnership *or other association*, not a corporation, transact such business under a common name… they may sue or be sued by such common name." Utah R. Civ. P. 17(d) (emphasis added). "'Business' is defined as 'a particular occupation or employment habitually engaged in for livelihood or gain'" which "'[b]y extension'" includes "'transactions or matters of a noncommercial nature.'" *Cnty. v. Ogden Trece*, 321 P.3d 1067, 1075 (Utah 2013) (quoting Black's Law Dictionary 226 (9th ed. 2009)).

In *Graham v. Davis County Solid Waste Management & Energy Recovery Special Service District*, the Court of Appeals of Utah found that a plaintiff organization – "an unincorporated, voluntary environmental watch-dog association" – fell "within the purview of the 'other association' language of [Utah] Rule 17(d)." 979 P.2d 363, 368 (Utah Ct. App. 1999). The court noted that by "acting under a common name for several years in monitoring and working to improve air quality in Davis County," the organization "was likely engaged in transacting business." *Id*.

Here, the Commission is "acting under a common name" (i.e., the Navajo Nation Human Rights Commission) to "conduct business" by "monitoring and working to improve" San Juan County's election system. Thus, under general principles of Utah law, the Commission has capacity to sue. And Defendants have provided the court with no authority demonstrating that these general principles of Utah law do not apply to this case. Accordingly, Defendants' Motion to Dismiss Claims of the Navajo Human Rights Commission is DENIED.

## CONCLUSION

Defendants' claims against the individuals in their official capacities are proper and Plaintiff Mark Maryboy has standing to bring his claims. Additionally, the Navajo Nation

Human Rights Commission has standing to assert its claims and authority to sue. Accordingly, the court hereby DENIES Defendants' Motions to Dismiss. (Dockets 42, 43, 46).

Signed July 11, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge