Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: chuefner@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW,<br><br>Plaintiffs,<br><br>v.<br><br>SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners,<br><br>Defendants. | **DEFENDANTS' REPLY MEMORANDUM RE: MOTION FOR EXTENSION RE: PRELIMINARY INJUNCTION**<br><br>Case No. 2:16-cv-00154 JNP<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Brooke C. Wells<br><br>**Expedited Treatment Requested** |

| | |
|---|---|
| SAN JUAN COUNTY; JOHN DAVID NIELSON; PHIL LYMAN, BRUCE ADAMS; and REBECCA BENALLY | : : : : |
| Counterclaim Plaintiffs, | : : |
| v. | : : |
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | : : : : : : |
| Counterclaim Defendants. | : : |

On August 11, 2016, Defendants moved the Court for a two-week extension in which to respond the to Plaintiffs' *Motion for Preliminary Injunction*.[1] Defendants were forced to seek this extension in order to have sufficient time to respond to Plaintiffs' *Motion for Preliminary Injunction* that is 33 pages in length and allegedly supported by five *Declarations* which, with attached exhibits, total almost 700 pages.[2] Plaintiffs have opposed the *Motion for Extension* essentially contending that they will be prejudiced by not having this matter decided before the November 2016 election.[3] According to Plaintiffs, Defendants have failed to comply with the language assistance requirements of Section 2 (equal access to voting) and 203 (language assistance) of the *Voting Rights Act*. Defendants hereby submit this *Reply Memorandum* in support of their *Motion for Extension*.

---

[1] Dkt. 97.

[2] *See* Dkt. 94-1 through 94-6.

[3] Dkt. 98.

# ARGUMENT

From the outset, it is important to note that Plaintiffs brought this action to do away with vote-by-mail. In their *Complaint*, Plaintiffs attack the vote-by-mail procedures used by the County for the 2014 election cycle. Those procedures were subsequently modified by the County for the 2106 election cycle, but Plaintiff never attempted to verify that fact before bringing this lawsuit. Plaintiffs are also not seeking to maintain the *status quo* between the parties to this litigation, which is the purpose of a preliminary injunction. In their *Complaint*, which is to essentially do away with mail-in-ballots,[4] Plaintiffs are asking the Court to order Defendants: (1) reopen polling sites equally accessible to Navajo voters as to non-Indian voters; and (2) to provide language assistance to Navajo voters.[5]

If Plaintiffs had asked for a preliminary injunction granting to them the relief requested in their *Complaint*, they could not obtain that relief without an exceptional showing. This is so because what Plaintiffs would be seeking is a mandatory injunction requiring Defendants to provide them with the relief that they have sued to obtain without benefit of trial that likewise changes rather than maintains the *status quo*.

The Tenth Circuit has cautioned that "[a]s a preliminary injunction is an extraordinary

---

[4] *See Complaint* Dkt 2.

[5] *Id.* at p. 21. Plaintiffs argue, too, that the history of another case, in which their counsel was involved, *Navajo Nation v. San Juan County*, District of Utah Case No. 2:12CV39, shows that the implementation of changes to voting procedures in San Juan County proceeds slowly. According to Plaintiffs, this is the fault of Defendants. But a careful review of the docket in that case show that any delay is the result of the District Court's scheduling orders whereby considerable time has been devoted to thoroughly considering the issues. In the instant case, Plaintiffs do not want the same kind of through review by this Court.

remedy, the right to relief must be clear and unequivocal."[6]  Because the limited purpose of a

preliminary injunction is to maintain the *status quo* until a trial on the merits can be held,

the Tenth Circuit has identified three types of preliminary injunctions that are "disfavored" and

these are: (1) those that alter the *status quo*; (2) mandatory preliminary injunctions that require

the enjoined party to take affirmative acts rather that not acting; and (3) preliminary injunctions

that afford the movant all the relief that he or she could recover at the conclusion of a trial on the

merits.[7]  Since these three type of injunctions are disfavored, the movant can obtain them only

by showing that the requirements for a preliminary injunction "weight heavily and compelling"

in his or her favor.[8]  The burden on Plaintiffs is much greater in this instance because the

injunction that they are seeking is much, much broader than that requested in their *Complaint*.

Whereas the *Complaint* essentially asks the Court to do away with mail-in-ballots,

Plaintiffs are now asking the Court to order Defendants: (1) to reopen all polling locations as

well as numerous satellite offices on the Navajo Reservation for early voting;[9] (2) to employ full-

time bilingual coordinators; (3) to have ballots and other election materials printed in Navajo

even though Navajo, by Plaintiffs' own admission, is not a written language; (4) to provide the

Navajo Chapter Houses with audio equipment, apparently including computers, on which

---

[6] *Schrier v. University Of Co.*, 427 F.3d 1253,1258(10thCir. 2005)(Quoting *SCFC ILC, Inc. V. Visa USA, Inc.*, 936 F.2d `096, 1098(10th Cir. 1991).

[7] *Id.*

[8] *Id.* at 1259.

[9] Rather than satellite offices for early voting, Plaintiffs and other County voters have mail-in-ballots.

members can listen to audio ballots in Navajo; (5) to create a Navajo election glossary; and (6) to provide Plaintiffs' counsel with a detailed report of election results.[10] Moreover, the Court does not have the jurisdiction to enter such an injunction.[11]

Clearly then, the injunction that Plaintiffs are seeking with their *Motion* is one that meets all three of the types of injunctions that are disfavored by the Tenth Circuit. It does not preserve the *status quo*, it is mandatory rather than prohibitory, and it not only gives Plaintiffs the relief that they are seeking in their *Complaint*, but it also gives them much more. More importantly, Plaintiffs are attempting to fast-track this matter by denying to Defendants the time that they need to respond. In doing so, Plaintiffs are essentially attempting to perpetrate a fraud upon the Court.

Consider, for example, Plaintiffs claim that the County's voting procedures make voting

---

[10] *See Proposed Injunction Order*, Dkt. 94-8.

[11] When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." *Schwartz v. United States Dep't of Justice,* 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007). A district court does not have jurisdiction to issue a preliminary injunction when the moving party has "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint". *Stewart v. United States Immigration & Naturalization Serv.,* 762 F.2d 193, 198–99 (2nd Cir.1985). "Even when a motion for a preliminary injunction is predicated on a complaint, if the motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion." *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002). A court "will not award a preliminary injunction on grounds not raised in the complaint, as there is, by virtue of the absence of the issue from the complaint, no likelihood of success on the merits." *First Health Grp. Corp. v. Nat'l Prescription Adm'rs, Inc.*, 155 F. Supp. 2d 194, 233 n.10 (M.D. Pa. 2001); *see also Lee v. Lindsay,* 2007 WL 1120562, at *1 (M.D.Pa. Apr.13, 2007) ("[I]t is well established that a court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint." (citing *Stewart v. United States Immigration and Naturalization Service,* 762 F.2d 193, 198–199 (2d Cir.1985))).

locations more accessible to non-Indian voters than to Navajo voters, which is clearly not so when one views the procedures that the County used for the June 28, 2016 county-wide primary election:

1. For the 2016 county-wide primary election, which was held on Tuesday, June 28, 2016, in addition to the County Clerk's office in Monticello, there were three additional polling places open on election day to accommodate those voters who wish to cast their ballot in person.

2. The locations of the three additional polling locations, all of which were located on the Navajo Reservation, are as follows:

    Navajo Mountain Chapter House
    Navajo Route 16, mile marker 36.15
    Navajo Mountain, Utah

    Oljato Senior Center
    County Road 422, 15 miles north of
    Gouldings' Store Oljato, Utah

    Montezuma Creek Fire Station
    15 South Texaco Road
    Montezuma Creek, Utah 84543

3. These three locations were selected so as to ensure that no voter in the County is more than a one-hour drive away from an in-person voting location, and that fact is confirmed by the Declaration of Plaintiffs' "time and travel" expert, Gerald R. Webster.

4. Buried deep within Webster's 53-page report is his assessment of the Navajo and non-Indian travel times with respect to the four polling locations used in the recent 2016 county-wide primary election. Webster says that Navajo voters had a mean travel distance to the nearest poll in order to vote in-person of only 15.24 miles while the mean distance to the nearest polling location for non-Indians voters was 20.39 miles.[12]

---

[12] Dkt. 94-2, p. 51.

5. For the 2016 county-wide primary election, which was held on Tuesday, June 28, 2016, a San Juan County election official able to provide Navajo-language voting assistance was available at each of the polling locations.

6. Those persons providing language assistance during the June 28, 2016 county-wide primary election were Ella Greyeyes and Maryetta Stevens at the Navajo Mountain polling location; Ed Tapaha at the Montezuma Creep polling location; Edyteh Tahe at the Oljato polling location; and Fermina Keith at the Monticello polling location.

7. In addition, for the 2016 county-wide primary election held on Tuesday, June 28, 2016, San Juan County had a link on the Elections page of its website by which voters could access a Navajo-language audio translation of the ballot itself, and that audio was also available at each of the four in-person voting locations. The Count's website likewise identified Ed Tapaha as the County's Navajo Liaison/Elections Coordinator and gives his telephone number and extension.

8. Furthermore, as in prior election years, prior to the 2016 county-wide primary election San Juan County had Edward Tapaha attend meetings of each of the Navajo Chapters to explain in the Navajo language the voting system and answer any questions about the election process.[13]

The foregoing procedures, which were in place for the 2016 county-wide primary election, will be used in the up coming 2016 general election,[14] and they are fully compliant with the requirements of the *Voting Rights Act*.

Furthermore, Plaintiffs have no standing to bring a Section 203 claim.[15] It is also

---

[13] *Third Nielson Declaration*, Exhibit 1 hereto.

[14] *Id.*

[15] *See Dekom v. New York*, 2013 WL 3095010 *8 (E.D.N.Y. 2013), *aff'd*, 583 Fed. Appx. 15, 17 (2d Cir. 2014)(Holding that the bilingual election requirements of Section 203 are enforceable **only** by the Attorney General).

noteworthy that while Plaintiffs supposedly challenge the County's vote-by-mail procedures, their voting record in the recent 2016 county-wide primary does not support that challenge. For instance, records maintained by the San Juan County Clerk's Office show that Plaintiff Peggy Phillips attempted to vote twice, once in person and again by mail-in-ballot; that Plaintiffs Mark Maryboy and Terry Whitehat voted in person; that Plaintiffs Willie Skow and Mabel Skow voted by mail; and that Plaintiffs Wilfred Jones and Billie Farley did not vote.[16] Those Plaintiffs who voted obviously had no problems and those who did not vote, just as obviously chose not to do so as do many non-Indian voters.

It is obvious that Plaintiffs hope to slip these and other fatal flaws in their *Motion* by the Court by denying Defendants a reasonable and fair opportunity to respond. That this is so is also obvious by Plaintiffs' failure to address in their *Motion* the disfavored status of the relief that they are seeking, the hightened standard required for obtaining that relief, and the fact that they lack standing to bring a Section 203 claim. And that is why Defendants request for a two-week extension should be granted.

## **CONCLUSION**

For the reasons stated, Defendants respectfully ask the Court to grant their request of a two-week extension for filing a response to Plaintiffs' *Motion for Preliminary Injunction*.[17]

---

[16] *Third Nielson Declaration*, Exhibit 1 hereto.

[17] The denial of Defendants' request for an extension under the circumstances of this case also raises serious due process issues. "It is axiomatic that due process is flexible and calls for such procedural protections as the particular situation demands." *Tur v. F.A.A.*, 4 F.3d 766, 769 (9th Cir. 1993) (citation and internal quotations omitted). "The essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in

8

Defendants also **Request Expedited Treatment**.

DATED this 15th day of August, 2016.

                                       SUITTER AXLAND, PLLC

                                       /s/ jesse c. trentadue
                                       Jesse C. Trentadue
                                       Carl F. Huefner
                                       Britton R. Butterfield
                                       *Attorneys for Defendants*

*T:\7000\7788\1\REPLY MOTION FOR EXTENSION TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION.wpd*

---

person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *see also McBride v. Utah State Bar,* 2010 UT 60, ¶ 16, 242 P.3d 769 ("Procedural due process requires, at a minimum, timely and adequate notice and an opportunity to be heard in a meaningful way."). "The opportunity to respond must be meaningful: it must occur 'at a meaningful time and in a meaningful manner.'" *Pouliot v. Town of Fairfield*, 184 F. Supp. 2d 38, 48 (D. Me. 2002) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)). The two-week window for responding to a *Motion for Preliminary Injunction* that is about 700 page in length is not reasonable.

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2016, I electronically filed the foregoing document with the U.S. District Court for the District of Utah. Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| John Mejia (Bar No. 13965)<br>Leah Farrell (Bar No. 13696)<br>American Civil Liberties Union of Utah<br>355 North 300 West<br>Salt Lake City, UT 84103<br>T: (801) 521-9862<br>jmejia@acluutah.org<br>lfarrell@acluutah.org<br>*Attorneys for Plaintiffs* | Ezra D. Rosenberg*<br>M. Eileen O'Connor*<br>Arusha Gordon*<br>Lawyers' Committee for Civil Rights Under Law<br>1401 New York Ave., Suite 400<br>Washington, D.C. 20005<br>T: (202) 662-8600<br>erosenberg@lawyerscommittee.org<br>eoconnor@lawyerscommitee.org<br>agordon@lawyerscommittee.org<br>*Attorneys for Plaintiffs* |
| M. Laughlin McDonald*<br>American Civil Liberties Union Foundation<br>2700 International Tower<br>229 Peachtree Street, NE<br>Atlanta, GA 30303<br>T: (404) 500-1235<br>lmcdonald@aclu.org<br>*Attorneys for Plaintiffs* | Maya Kane*<br>10 Town Square, #52<br>Durango, Colorado 81301<br>T: (970) 946-5419<br>mayakanelaw@gmail.com<br>*Attorneys for Plaintiffs* |
| William A. Rudnick*<br>DLA Piper LLP (US)<br>203 North LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>T: (312) 368-4000<br>william.rudnick@dlapiper.com<br>*Attorneys for Plaintiffs* | Raymond M. Williams*<br>DLA Piper LLP (US)<br>One Liberty Place<br>1650 Market Street, Suite 4900<br>Philadelphia, PA 19103<br>T: (215) 656-3300<br>raymond.williams@dlapiper.com<br>*Attorneys for Plaintiffs* |

| | |
|---|---|
| Patrick Castaneda<br>DLA Piper, LLC<br>One Liberty Place<br>1650 Market Street, Suite 4900<br>Philadelphia, PA 19103-7300<br>Telephone: 215-656-3378<br>patrick.castaneda@dlapiper.com | |

    /s/ jesse c. trentadue

*T:\7000\7788\1\REPLY MOTION FOR EXTENSION TO RESPOND TO MOTION FOR PRELIMINARY INJUCTION.wpd*