IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW,<br><br>          Plaintiffs,<br><br>v.<br><br>SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners,<br><br>         Defendants. | Case No. 2:16-cv-00154 JNP |

PLAINTIFFS' MOTION TO COMPEL
PRODUCTION AND FOR EXTENSION OF FACT DISCOVERY

Per this Court's June 6, 2016 Scheduling Order, fact discovery in this case closed on Saturday, October 1, 2016, which makes today, Monday, October 3, 2016, the effective close of discovery. *See* Doc. # 80. During depositions last week, counsel for Plaintiffs discovered that individual Defendants had not made any search of their records, email, or other files, for documents responsive to Plaintiffs' Requests for Production.[1] *See, e.g.*, Plaintiffs' First Set of

---

[1] The unofficial transcript from the deposition of the County Clerk, John David Nielson on Monday, September 26,2016, makes clear that individual defendants did not search records and other files for responsive documents:
  Q. … And before today's deposition but just kind of in general for this case, did your attorneys or anyone ask you to pull documents or go through files?
  Mr. Butterfield [defense counsel]: Object based on attorney-client privilege. You don't need to answer that.
  Q. (By Ms. Gordon): Let me rephrase it. Did you gather any documents for this case?
  A. No
  Q. You didn't do any kind of –

Requests for the Production of Documents attached hereto as Exhibit A. For instance, Defendants failed to produce the budget for the County, invoices, checks, or receipts, related to the costs of running the 2016 primary or general election, despite the fact that such documents should have been included in response to Request for Production 1 (which requests "[a]ll documents and communications concerning your claim that '[f]or the 2016 and future election cycles, in-person voting or polls will be available at four locations within San Juan County: Monticello, Montezuma Creek, Oljato and Navajo Mountain, Utah'"). Similarly, Ms. Benally, one of the county commissioners, testified that she keeps a journal where she documents feedback and complaints she receives from residents in her district. However, she did not review that journal for anything responsive to Plaintiffs' Requests for Production, even though she is on public record stating that she has had conversations with constituents about election issues, and those conversations and meetings would presumably be reflected in her journal.[2] Plaintiffs therefore request that this Court:

(1) Order Defendants to fully comply with their obligation to thoroughly search all records within their control so as to produce responsive documents to the attached requests within ten days of this Order.

---

[2] 
        A. for this case?
        Q. Yes, so anything to do with the mail only system in San Juan County.
        A. Yes.
        Q. So did you do keyword searchers of your email or other files –
        A. No.
        Q. --- to look for documents?
        A. (shakes head.)
        Q. Did anyone ask you to do that kind of search?
        Mr. Butterfield: I'm going to object. If one of the attorneys asked you to do that, you don't need to answer that question. If anyone else did, then you can answer it.
        The Witness: Then no.
        Q. (By Ms. Gordon) Okay. You did not search your email?
        A. No.
        Q. Did you search any hard copy files or other computer files?
        A. No.

*See, e.g.,* Exhibit A to Plaintiffs' Reply to Defendants' Opposition to Expedite Discovery, ECF 69-1, news article stating that Ms. Benally would be meeting with the Navajo Utah Commission regarding election issues.

(2) Extend fact discovery for a period up to and through 45 days after production of documents so as to permit Plaintiffs to review documents and decide whether additional depositions are necessary, in light of production.

Dated: October 3, 2016                    BY:

/s/ John Mejia
John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

M. Laughlin McDonald*
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

Ezra D. Rosenberg*
Arusha Gordon*
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
agordon@lawyerscommittee.org

Maya Kane*
10 Town Square, #52
Durango, Colorado 81301
T: (970) 946-5419
mayakanelaw@gmail.com

Raymond M. Williams*
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

T: (215) 656-3300
raymond.williams@dlapiper.com

*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

This is to certify that on October 3, 2016, a true and correct copy of the foregoing document was served on the following individuals via U.S. mail, postage prepaid:

Jesse C. Trentadue
Carl F. Huefner
Britton R. Butterfield
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, UT 84111

*Attorneys for Defendants*

/s/ John Mejia