Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: chuefner@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, <br><br> Defendants. | **COMMISSIONER REBECCA BENALLY'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: SECOND CLAIM FOR RELIEF** <br><br> Case No. 2:16-cv-00154 JNP <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Brooke C. Wells <br><br> **Oral Argument Not Requested** |

| | |
|---|---|
| SAN JUAN COUNTY; JOHN DAVID NIELSON; PHIL LYMAN, BRUCE ADAMS; and REBECCA BENALLY | :<br>:<br>:<br>: |
| Counterclaim Plaintiffs, | :<br>: |
| v. | :<br>: |
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | :<br>:<br>:<br>:<br>:<br>: |
| Counterclaim Defendants. | :<br>: |

Plaintiffs have commenced this action under the *Voting Rights Act*,[1] and the *Fourteenth Amendment* to the United States *Constitution* challenging San Juan County, Utah's conduct of elections by mail-in-ballots, which was implemented in 2014. In essence, Plaintiffs are contesting the procedures by which elections are conducted in San Juan County, including the location of polls, language assistance and other matters involved in the administration of elections in San Juan County, Utah. Plaintiffs have named as defendants San Juan County, Utah; San Juan County Commissioners Bruce Adams; Rebecca Benally; and Phil Lyman, as well

---

[1] 52 U.S.C. §§ 10301 and 10503.

as San Juan County Clerk-Auditor, John David Nielson.

In their *Complaint*, Plaintiffs challenge the 2014 vote-by-mail procedures implemented by the then San Juan County Clerk-Auditor, Norman Johnson. As their *Second Claim for Relief*, which is brought under Section 2 of the Voting rights Act,[2] Plaintiffs allege that vote-by-mail as it existed in 2014 denies them "an equal opportunity to participate in the electoral process and elect representatives of their choice in violation of section 2 of the Voting Rights Act."[3] Plaintiffs have sued Commissioner Benally solely in her "official capacity" alleging that "because of her duties [as a County Commissioner], she bears responsibility for maintaining the mail-only system and failing to reopen polling places in San Juan County."[4]

However, by law, the administration of elections is the exclusive responsibility of the County Clerk-Auditor, who is currently Mr. Nielson. In fact, the County Commissioners have no authority over the manner in which elections are conducted, and Rebecca Benally was not even a County Commissioner when the former Clerk-Auditor, Norman Johnson, instituted mail-in-ballots in 2014.

---

[2] 52 U.S.C. §10301.

[3] *Complaint*, Dkt. 2, ¶ 82, Appendix Exhibit 1.

[4] *Id.* at ¶ 25.

Wherefore, pursuant to *Federal Rules of Civil Procedure* 56, Defendant Rebecca Benally hereby moves for partial summary judgment as to Plaintiffs' *Second Claim for Relief*.[5]  **Oral argument is not requested**.

### STATEMENT OF LEGAL ELEMENTS AND UNDISPUTED MATERIAL FACTS

A.  **Legal Elements**:

The following legal elements control Commissioner Benally's *Motion for Summary Judgment*:

1. In order to be liable, a defendant must have some personal involvement in the alleged wrong.

2. In order to be properly named as a defendant in an action for declaratory and injunctive relief, the person must also have the ability to control and/or correct the behavior or condition that the plaintiff seeks to enjoin.

B.  **Undisputed Facts**:

The following undisputed facts entitle Commissioner Benally to summary judgment:

1. Under Utah law, the County Clerk-Auditor is responsible for the

---

[5] Defendants have accompanied this *Motion* with an "Appendix of Exhibits" containing the supporting evidence.

administration of elections and, at his or her discretion, can conduct elections by mail.[6]

2.      Vote-by-mail was implemented by the former San Juan County Clerk-Auditor, Norman Johnson, in 2014.[7]

3.      Commissioner Benally did not take office until 2015.[8]

4.      Commissioner Benally played no role in deciding the County's election procedures,[9] including the Clerk-Auditor's decision to implement vote-by-mail in 2014.[10]

5.      She likewise was not involved in the Clerk-Auditor's decision to reopen three additional polling locations for the 2016 primary and general elections.[11]

---

[6] UCA 20A-3-302(a) states that "an election officer may administer an election entirely by absentee ballot," which is a mail-in-ballot. *See* UCA 20A-1-102(28)(b) defines election officer as the county clerk.

[7] *Complaint*, Dkt. 28, ¶ 82, Appendix Exhibit 1. *Nielson Depo.*, p. 140, Appendix Exhibit 2.

[8] *Benally Depo.*, p. 8 Appendix Exhibit 3.

[9] *Id.* at p. 13.

[10] *Id.* at p. 59.

[11] *Id.* at pp. 60 and 71 and 77-78.

6. In fact, the Clerk-Auditor testified that it was his decision to continue with mail-in-ballots;[12] that he did so without the consent of or input from the County Commission;[13] that he never informed the County Commissioners, including Commissioner Benally, of his intention to reopen three additional polling locations for in-person voting;[14] and that the County Commissioners have no authority over him with respect to the discharge of his statutory duties as the Clerk-Auditor,[15] which duties include administering elections: specifically implementing vote-by-mail and continuing to use mail-in-ballots.[16]

C. **Summary of Legal Elements and Undisputed Facts**:

Commissioner Benally is entitled to entry of summary judgment in her favor on Plaintiffs' *Second Claim for Relief* because she had no personal involvement in the San Juan County Clerk-Auditor's decision to implement and/or modify the County's voting procedures and neither does she have the right, power or authority

---

[12] *Nielson Depo.*, p. 41, Appendix Exhibit 2.

[13] *Id.* at p. 42.

[14] *Id.* at p. 140.

[15] *Id.* at p. 45.

[16] *See* UCA 20A-3-302(a) states that "an election officer may administer an election entirely by absentee ballot," which is a mail-in-ballot.

to change those procedures.[17]

## ARGUMENT

It is axiomatic that in order to be liable for a civil rights and/or constitutional violation a defendant must have been personally involved in and/or at least have caused that violation.[18] Neither is this requirement of personal involvement and/or a causal connection for liability done away with or diminished by the fact that Plaintiffs in this case have sued for declaratory and injunction rather than for monetary damages. In fact, in addition to personal involvement and/or a causal connection to impose liability, for purposes of injunctive relief the defendant must also have some ability to rectify the alleged wrong.

Admittedly, there are not many decisions involving a suit for declaratory and injunctive relief having been brought against a person with no responsibility for the alleged wrong or, more importantly, the authority to rectify the wrong. But such decisions do and they uniformly deny injunctive relief or dismiss the action because of the plaintiffs' failure to sue the person or persons in a position to

---

[17] Another way of looking at this situation is that had Plaintiffs undertaken any sort of due diligence before filing this lawsuit, they would have known that there was no legal basis for having named Commissioner Benally as a defendant.

[18] *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

remediate the situation.

There is, for example, *Leblanc v. Fletcher*,[19] wherein the plaintiffs were suing to enjoin a municipal election. In that case, the Court stated the basic principal of law that in an action for injunctive relief the party to be enjoined must be before the Court. In *Leblanc* case, the Court noted that under New York law elections are managed by the municipal clerk, who was not a party, and for that reason alone the plaintiffs' *Motion for Preliminary Injunction* should be denied.[20] There is also *Richman v. Beck*,[21] a similar case in which the Tenth Circuit remanded with instructions to the District Court to dismiss an action by a rancher for an order requiring the BLM to allow him to move his livestock across public lands because the rancher failed to name as a party the Secretary of Interior, who was the only person who could be properly be ordered to grant the requested relief.[22]

---

[19] 763 F. Supp. 1246(S.D. N.Y. 1991).

[20] *Id.* at 1249.

[21] 257 F.2d 575(10th Cir. 1958).

[22] *See Moeck v. Zajackowski,* 541 F.2d 177, 179 (7th Cir. 1976)(jurisdictional power of court issuing injunction depends on personal jurisdiction over individuals to be enjoined); *Stewart v. Wilkinson*, 2009 WL 1322307, at *10 (S.D. Ohio 2009)(jurisdictional power of court issuing an injunction depends on having personal jurisdiction over individuals to be enjoined). *Parker v. Commonwealth of Massachusetts,* 1996 WL 74215(D. Mass. Feb. 5, 1996)(prisoners

The foregoing decisional law clearly teaches that if the person to be enjoined is not before the court, then the action must be dismissed. It follows, therefore, that if a defendant in an action brought solely for declaratory and injunctive relief is not responsible for the alleged wrong and/or has no authority to remedy that wrong, then he or she should be dismissed, too.

DATED this 14th day of October, 2016.

> SUITTER AXLAND, PLLC
>
> /s/ jesse c. trentadue
> Jesse C. Trentadue
> Carl F. Huefner
> Britton R. Butterfield
> *Attorneys for Defendants*
>
> T:\7000\7788\1\BENALLY MOTION FOR SUMMARY JUDGEMENT.wpd

---

may not obtain injunctive relief against prison officials who are not defendants and have not been served with process). *See also Zenith Radio Corp. v.Hazeltine Research, Inc.,* 395 U.S. 100, 110(1969)("It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated a party or to which he has not been made a part by service of process").

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2016, I electronically filed the foregoing document with the U.S. District Court for the District of Utah. Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| John Mejia (Bar No. 13965)<br>Leah Farrell (Bar No. 13696)<br>American Civil Liberties Union of Utah<br>355 North 300 West<br>Salt Lake City, UT 84103<br>T: (801) 521-9862<br>jmejia@acluutah.org<br>lfarrell@acluutah.org<br>*Attorneys for Plaintiffs* | Ezra D. Rosenberg<br>M. Eileen O'Connor<br>Arusha Gordon*<br>Lawyers' Committee for Civil Rights Under Law<br>1401 New York Ave., Suite 400<br>Washington, D.C. 20005<br>T: (202) 662-8600<br>erosenberg@lawyerscommittee.org<br>eoconnor@lawyerscommittee.org<br>agordon@lawyerscommittee.org<br>*Attorneys for Plaintiffs* |
| M. Laughlin McDonald<br>American Civil Liberties Union Foundation<br>2700 International Tower<br>229 Peachtree Street, NE<br>Atlanta, GA 30303<br>T: (404) 500-1235<br>lmcdonald@aclu.org<br>*Attorneys for Plaintiffs* | Maya Kane<br>10 Town Square, #52<br>Durango, Colorado 81301<br>T: (970) 946-5419<br>mayakanelaw@gmail.com<br>*Attorneys for Plaintiffs* |

| | |
|---|---|
| William A. Rudnick<br>DLA Piper LLP (US)<br>203 North LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>T: (312) 368-4000<br>william.rudnick@dlapiper.com<br>*Attorneys for Plaintiffs* | Raymond M. Williams<br>Lauren M. Wilchek<br>DLA Piper LLP (US)<br>One Liberty Place<br>1650 Market Street, Suite 4900<br>Philadelphia, PA 19103<br>T: (215) 656-3300<br>raymond.williams@dlapiper.com<br>lauren.wilchek@dlapiper.com<br>*Attorneys for Plaintiffs* |
| Patrick Castaneda<br>DLA Piper, LLC<br>One Liberty Place<br>1650 Market Street, Suite 4900<br>Philadelphia, PA 19103-7300<br>Telephone: 215-656-3378<br>patrick.castaneda@dlapiper.com | |

  /s/ jesse c. trentadue

*T:\7000\7788\1\BENALLY MOTION FOR SUMMARY JUDGEMENT.wpd*