IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW,<br><br>Plaintiffs,<br>v.<br><br>SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL AND REQUEST FOR EXTENSION OF FACT DISCOVERY<br><br>Case No. 2:16-cv-00154 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

Pending before the undersigned is Plaintiffs' Motion to Compel and Request For Extension of Fact Discovery.[1]  The court heard argument on the motion March 28, 2017. Plaintiffs were represented by John Mejia and Leah Farrell.  Defendants were represented by Jesse Trentadue.  Having heard argument and after further consideration of the parties' briefing, the undersigned finds Plaintiffs failed to comply with the Discovery Rules and the discovery they seek is not within a reasonable reading of their request.  The motion therefore is denied.

## BACKGROUND

This case centers on Defendants decision in 2014 to close polling places and change to a mail-only voting system.[2]  Plaintiffs contend that the alleged closure of polling places and the

---

[1] Docket no. 116.

[2] A review of the parties' documents in this case indicates there is some dispute whether the new voter system was mail-only or also included polling locations.  This dispute is not material to the outcome of the instant motion.

adoption of mail-only voting "unreasonably hindered the ability of Navajo citizens in San Juan County to participate effectively in the political process on equal terms with white voters in the 2014 general election." Plaintiffs allege that the mail-only system "fails to provide adequate oral assistance to limited English proficient Native American voters" and that "Navajo residents of San Juan County are required to travel, on average, more than twice as far to vote in person in comparison to white residents of San Juan County." Allegedly this new mail-only voting system also diverts limited resources to educating Navajo voters about the new system rather than using these resources for more valuable endeavors.

## ANALYSIS

i. The court will deny Plaintiffs' Motion to Compel and deny the request to extend discovery

Plaintiffs' move the court to have Defendants "fully comply with their obligation to thoroughly search all records within their control so as to produce responsive documents"[3] to Plaintiffs' First Set of Requests for Production. Specifically Plaintiffs point to Request for Production No. 1 that states:

> All documents and communications concerning your claim that "[f]or the 2016 and future election cycles, in-person voting or polls will be available at four locations within San Juan County: Monticello, Montezuma Creek, Oljato and Navajo Mountain, Utah" including, but not limited to:
>
> 1. Decision-making process to open three additional polling locations for the 2016 election cycle;
>
> 2. Dates and hours that each polling place will be open for the primary, general, and other elections in 2016 and beyond; and
>
> 3. Number of staff at each location.[4]

---

[3] Mtn p. 2, docket no. 116.

[4] Mtn. Ex. A p. 5-6.

In response to this request Defendants stated: "After a diligent and thorough review, San Juan County knows of no other documents responsive documents.  San Juan County reserves the right to supplement its response to this Request."

During the deposition of Defendant John Nielson, the San Juan County Clerk, Mr. Nielson was asked about his review of documents to prepare for the deposition.  Mr. Nielson responded that he reviewed the declarations and did not gather any documents or do any key word searches.  These answers, according to Plaintiffs, provide a basis to compel a search of documents and extend discovery.

Plaintiffs argue Mr. Nielson should have searched for files and searched the computers.  Further, "Defendants failed to produce the budget for the County, invoices, checks, or receipts, related to the costs of running the 2016 primary or general election" that fall within their Request for Production No. 1.  Additionally, Defendant Rebecca Benally's failure to review her journal containing complaints regarding the election process is another example of Defendants' failure to comply with Request for Production No. 1.

The court is not persuaded by these arguments.  Budgets, journal entries, checks and invoices do not automatically fall within a reasonable reading of Request for Production No. 1.  And, contrary to Plaintiffs' counsel's arguments, even in the context of this case it is not entirely clear that such items fall within this request for production.

In addition, there are serious procedural problems with the way Plaintiffs sought production of these missing items.  Plaintiffs failed to comply with Federal Rule 37 and Local Rule 37-1 because there is no statement that they conferred in good faith about this discovery.

Indeed there could not have been such a statement. After the close of business on Friday September 30th Plaintiffs sent an email asking whether Defendants would agree to produce additional documents and extend the fact discovery deadline.[5] Plaintiffs required a response by 8:00 AM on Monday morning. Defendants responded around 5:50 AM Monday morning asking what information Plaintiffs were seeking and offered to follow up with their clients. Instead of entering into a dialogue about what documents Plaintiffs were seeking, later that day at 5:25 PM Plaintiffs stated they were "forced to file a motion to compel and a motion for an extension of the discovery deadline."[6]

Such a cursory exchange, without at least some hint of cooperation, does not comply with the discovery rules or the Short Form Discovery Motion Procedure that has been in place in this case since June 2016.[7] Plaintiffs agree that they did not meet the technical requirement of the rules but still argue they complied with the rule. The record undermines this assertion.

Finally, the court notes there are competing motions for summary judgment and partial summary judgment.[8] But, Plaintiffs have not moved under Rule 56(d) for any type of extension because "it cannot present facts essential to justify its opposition."[9] Thus, it appears Plaintiffs do not place much value on this missing discovery that was allegedly subsumed within their request.

---

[5] *See* op. Ex. 1, docket no. 120.

[6] *Id.*

[7] Docket text order, docket no. 81.

[8] Docket no. 141, docket no. 144.

[9] Fed. R. Civ. P. 56(d).

## ORDER

For the reasons set forth above the undersigned DENIES Plaintiffs' Motion to Compel and Request For Extension of Fact Discovery.[10]

DATED this 29 March 2017.

Brooke C. Wells
United States Magistrate Judge

---

[10] Docket no. 116.