Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: chuefner@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW,<br><br>Plaintiffs,<br><br>v.<br><br>SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners,<br><br>Defendants. | **SAN JUAN COUNTY DEFENDANTS' OBJECTION TO "ADDITIONAL EVIDENCE" SUBMITTED BY PLAINTIFFS' IN THEIR REPLY MEMORANDUM and MOTION TO STRIKE**<br><br>Case No. 2:16-cv-00154 JNP<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Brooke C. Wells |

| | |
|---|---|
| SAN JUAN COUNTY; JOHN DAVID NIELSON; PHIL LYMAN, BRUCE ADAMS; and REBECCA BENALLY | :: :: :: :: |
| Counterclaim Plaintiffs, | :: :: |
| v. | :: :: |
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, | |
| Counterclaim Defendants. | |

San Juan County, Utah, John David Nielson, Phil Lyman, Bruce Adams, and Rebecca Benally (collectively "San Juan County" or "Defendant"), by and through counsel of record, hereby submit their *Objection to New Evidence and Motion to Strike Portions of Reply Memorandum to Plaintiffs' Motion for Summary Judgment*.[1]

### INTRODUCTION-BACKGROUND

On February 24, 2017, Plaintiffs filed a *Motion for Partial Summary Judgment* asking the Court to rule, as a matter of law, as to Defendants' liability on all of their claims.[2] It is well settled, however, that only admissible evidence can be considered by the Court in ruling on *Motions for*

---

[1] Dkt. 155.

[2] Dkt. 144.

2

*Summary Judgment*.[3] Towards this end, a court may not consider either hearsay evidence or unsworn documents submitted either in support of or in opposition to a party's *Motion*.[4] The *Declaration* or *Affidavit* submitted in support of or in opposition to a *Motion* must be based upon the witness's personal knowledge,[5] set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters.[6] A declarant or affiant also cannot state legal opinions/conclusions in his or her *Declaration* or *Affidavit*.[7] Similarly, a *Declaration* or *Affidavit* that makes conclusory factual assertions and/or is based upon speculation is likewise deficient and not to be considered by the Court.[8] And, even if the *Declaration* or *Affidavit* is not hearsay, is not improper speculation, and is otherwise free of conclusory statements, including legal opinions, it still must be relevant in order to be considered by the Court.[9]

On March 24, 2017, Defendants filed a Memorandum in opposition to Plaintiffs' *Motion for*

---

[3] *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

[4] *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); *See Rogers v. Ford Motor Co.*, 952 F. Supp. 606, 610 (N.D. Ill. 1997).

[5] *See Bright v. Ashcroft*, 259 F. Supp. 2d 494 (E.D. La. 2003)(Statements not based upon affiant's personal knowledge should be stricken).

[6] *Federal Rule of Civil Procedure* 56(b)(4).

[7] *See Fedler v. Oliverio,* 934 F. Supp. 1032, 1047 (N.D. Ind. 1996).

[8] *See e.g. Falls Riverway Realty, Inc. v. Niagra Falls,* 754 F.2d 49 (2nd Cir. 1985); *Koclanakis v. Merrimack Mutual Fire Insurance Co.,* 899 F.2d 673, 675 (7th Cir. 1990); *First Pacific Networks, Inc. v. Atlantic Mut. Ins. Co.*, 891 F. Supp. 510, 514 (N.D. Cal. 1995).

[9] *See McKeithen v. S.S. Frosta*, 430 F. Supp. 899, 905-906 (E.D. La. 1977).

*Partial Summary Judgement*.[10] The *Local Rules* provide the procedure for challenging evidence submitted in support of Plaintiffs' *Motion*. Pursuant to *DUCivR* 7-1(b)(1)(B), evidentiary objections to Plaintiffs' *Motion* had to be included by Defendants in that opposition *Memorandum,* they were included.[11] Set out below are the objections that Defendants' raised in their opposition *Memorandum* to the "evidence" submitted by Plaintiffs in support of the *Motion for Partial Summary Judgment*:

Defendants objected to the *Affidavits* of Betty Billie Farley,[12] Bonnie B. Charley,[13] Mabel Skow,[14] and Willie Skow,[15] for lack of foundation. To begin with, these documents purported to be "*Affidavits*" but they are not. An affidavit must be under oath, and also contain the signature of the affiant and an officer authorized to administer oaths.[16] None of these documents contain the requisite oath and officer's signature, which means that they cannot be considered by the Court as an affidavit. Neither do they qualify as a 28 U.S.C. § 1746 "Declaration" because of a lack of foundation.

In each of these documents, the affiant stated that he or she was not fluent in and/or did not speak English. In each of these documents, the affiant also stated that "I declare under penalty of

---

[10] Dkt. 151.

[11] See Dkt. 151, pp. 3-7.

[12] Dkt. 144-11.

[13] Dkt. 114-13.

[14] Dkt. 144-16.

[15] Dkt. 144-17.

[16] *See Ham Investments, LLC v. United States*, 89 Fed. Cl. 537, 550, fn. 8(2009).

4

perjury that the foregoing is true and correct, as translated from English to Navajo by Leonard Gorman." Leonard Gorman, however, is Executive Director of Plaintiff Navajo Human Rights Commission.[17] The fact that these *Affidavits* all involved translations of a foreign language into English; that Mr. Gorman did the translations and, therefore, had motive to distort the evidence; the fact that there was no evidence of Mr. Gorman's skill as a translator; the fact that there was no evidence the person certifying that the translation was accurate and that person actually made it; and the fact that there was no evidence that each of the affiants was actually advised of the contents of their *Affidavit* before signing the document, precluded their consideration by the Court on the basis of a lack of foundation.[18] Finally, Defendants submit that these Affdaivts in which these four affiants, three of whom are Plaintiffs, voice complaints about language assistance are irrelevant.

They are irrelevant because Native Americans of voting age population in San Juan County number approximately 4, 800 people, which is 50% of the County's total voting age population. During the 2016 General Election, the voter turn out for the on-Reservation precincts was a staggering 69.68%,[19] which was well above both the national election turn-out average of 55.4%;[20] and that of

---

[17] Dkt. 112-2, ¶ 1.

[18] *See Beltran v. D. Dexter*, 568 F. Supp.2d 1099, 1105 , fn. 7(C.D. Cal. 2008); *Jack v. Trans World Airlines, Inc.*, 854 F.Supp. 654, 659 (N.D. Cal. 1974); *Cruz v. Aramark Servs., Inc*. 213 Fed. Appx. 329, 334 (5th Cir. 2007); *Miranda v. Sweet Dixie Melon Co.*, 2009 WL 1324847 at *1-2 (M.D. Ga. May 13, 2009); *Sunrider Corporation v. Bountiful Biotech Corp*, 2010 Wl 4599156 at *4(C.D. Cal. Nov. 3, 2010).

[19] *Second Francom Dec.*, Dkt. 151-3, ¶ 9

[20] http://www.cnn.com/2016/11/11/politics/popular-vote-turnout-2016/

the Navajo Nation, which was only 47.21%.[21]

Defendants also objected, on the basis of hearsay, to the expert reports of Dr. Dan McCool,[22] Gerald Webster,[23] Dr. Richard Engstrom,[24] and Joanna Manygoats.[25]  Defendants did so because an expert report not under oath is inadmissible hearsay.[26]  Admittedly, each of these witnesses did submit a sworn *Declaration* along with his or her report.  However, in each instance the witness merely stated that the report filed with the Court is a true and correct copy.[27]  In other words, they establish the foundation for their respective reports but the *Reports* themselves remain unsworn hearsay.

## OBJECTION TO PLAINTIFFS' SUBMISSION OF ADDITIONAL EVIDENCE

The *Local Rules* address when a movant, such as Plaintiffs, can submit additional evidence in their *Reply Memorandum*.  The *Local Rules* are quite clear, additional evidence is only permitted to address (*i.e.*, rebut) evidence submitted by the non-moving party to the effect that a particular fact is disputed:

> The moving party may file a reply memorandum consistent with *DUCivR* 7.1.  In the reply, a moving party **may only cite** additional evidence not previously cited

---

[21] *See id.*

[22] Dkt. 94-5

[23] Dkt. 94-2.

[24] Dkt. 94-6.

[25] Dkt. 144-15.

[26] *See Arizona, Dept. Of Civil Rights v. ASARCO, LLC,* 844 F. Supp.2d 957, 966(D. Ariz 2011);

[27] *See* Dkt. 95-5, 95-2, 94-6 and 144-15.

> in the opening memorandum to rebut a claim that a material fact is in dispute. **Otherwise, no additional evidence may be cited in the reply memorandum, and if cited, the court will disregard it.**[28]

Despite the clear wording of the *Local Rules* on the limited use of additional evidence, Plaintiffs attempted to overcome Defendants objections to the *Affidavits* of Betty Billie Farley,[29] Bonnie B. Charley,[30] Mabel Skow,[31] and Willie Skow,[32] by submitting an *Affidavit* from Leonard Gorman.[33] On the basis of *DUCivR* 7.1(d), Defendants hereby object to the *Affidavit* of Mr. Gorman, and further asked that it be stricken and not considered by the Court in ruling on Plaintiffs' *Motion for Partial Summary Judgment* . But even if the filing of the *Affidavit* was not in violation of the *Local Rules*, it is not sufficient to overcome the objections to the *Affidavits* of Betty Billie Farley, Bonnie B. Charley, Mabel Skow, and Willie Skow, that Defendants raised in their opposition *Memorandum*.

Mr. Gorman for example, states in his *Affidavit* that "I am qualified to be [an] interpreter because I am a Certified Court Interpreter for [the] State of Arizona." That is a conclusory statement

---

[28] *DUCivR* 7.1(d).(emphasis added).

[29] Dkt. 144-11.

[30] Dkt. 114-13.

[31] Dkt. 144-16.

[32] Dkt. 144-17.

[33] Dkt. 156-5.

7

that cannot be considered by the Court.[34] Furthermore, Mr. Gorman does not say in his *Affidavit* what language he is certified to interpret, and neither does he state what was required of him to qualify as a "Certified Court Interpreter for [the] State of Arizona." The remainder of Mr. Gorman's *Affidavit* is even more flawed.

In paragraphs 2 through 6, for example, Mr. Gorman "affirm[s] that "I provided a true translation of the affidait[s] of Willie Skow. . .[,] Mabel Skow. . .[,] Betty Billie Farley. . .[, and] Bonnie B. Charley. . . ."[35] However, in order to establish the necessary foundation for these *Affidavits*, Mr. Gorman was required to submit: (1) evidence showing his skill and/or qualifications as an interpreter; and/or (2) evidence that Willie Skow, Mabel Skow, Betty Billie Farley and Bonnie B. Charley were actually advised of the contents of their *Affidavits* before signing them.[36] Mr. Gorman, however, has failed to establish this foundation. Plaintiffs' efforts to overcome the objections that Defendants raised in their opposition *Memorandum* to the expert *Reports* of Dr. Dan McCool,[37] Gerald Webster,[38] Dr.

---

[34] *See e.g. Falls Riverway Realty, Inc. v. Niagra Falls,* 754 F.2d 49 (2nd Cir. 1985); *Koclanakis v. Merrimack Mutual Fire Insurance Co.,* 899 F.2d 673, 675 (7th Cir. 1990); *First Pacific Networks, Inc. v. Atlantic Mut. Ins. Co.*, 891 F. Supp. 510, 514 (N.D. Cal. 1995).

[35] Dkt. 156-5,¶ 2 through 6.

[36]S *See Beltran v. D. Dexter*, 568 F. Supp.2d 1099, 1105 , fn. 7(C.D. Cal. 2008); *Jack v. Trans World Airlines, Inc.*, 854 F.Supp. 654, 659 (N.D. Cal. 1974); *Cruz v. Aramark Servs., Inc.* 213 Fed. Appx. 329, 334 (5th Cir. 2007); *Miranda v. Sweet Dixie Melon Co.*, 2009 WL 1324847 at *1-2 (M.D. Ga. May 13, 2009); *Sunrider Corporation v. Bountiful Biotech Corp*, 2010 Wl 4599156 at *4(C.D. Cal. Nov. 3, 2010).

[37] Dkt. 94-5

[38] Dkt. 94-2.

Richard Engstrom,[39] and Joanna Manygoats fails.[40]

Consider, for example, the additional evidence that Plaintiff submitted with respect to Dr. McCool, which consisted of a *Declaration* from Dr. McCool.[41] In his *Declaration*, Dr. McCool attached not only the *Report* submitted along with Plaintiffs' opening *Memorandum,* and to which Defendants' objected,[42] but he also attaches a second *Report*, which is clearly not allowed under the *Local Rules*.

More importantly, no where in his *Declaration* does Dr. McCool state his opinions under oath. He merely says that the opinions contained in his two *Reports*, which total 255 pages, are incorporated by reference "**as if stated fully herein**,"[43] and concludes his *Declaration* by stating that "I declare under penalty of perjury that the foregoing is true and correct."[44] That does not, however, overcome Defendants' hearsay objection. Expert reports are inadmissible hearsay.[45] Consequently, at trial an expert provides his opinions from the witness stand while testifying under oath; whereas his or her

---

[39] Dkt. 94-6.

[40] Dkt. 144-15.

[41] Dkt. 156-1.

[42] *Id.* at Exhibit 1 thereto,

[43] Dkt. 156-1, ¶¶ 4 and 5.

[44] *Id.*

[45] *See Arizona, Dept. Of Civil Rights v. ASARCO, LLC,* 844 F. Supp.2d 957, 966(D. Ariz 2011); *Hunt v. City of Portland*, 599 Fed. Appx. 620 *3 (9th Cir. 2013)(unpublished).

written report is NOT introduced.[46] Similarly, at the summary judgment stage, an expert's opinions are introduced by way of his or her deposition or declaration, and NOT via their report.[47] Consequently, the fact that Dr. McCool attached the *Reports* to his *Declaration* does not overcome the hearsay problem. In fact, it compounds the problem.

Dr. McCool, for instances, includes in his *Reports* double and triple hearsay in the form of newspaper articles, books, his discussions with the individual Plaintiffs and other materials spanning a period of several hundred years. Dr. McCool's use of this double and triple hearsay is so extensive that reference to his sources of information takes up 29 single-spaced pages of his first *Report*. Now, an expert is entitled to rely upon such evidence "If experts in the particular field would reasonably rely on those kind of facts or data in forming an opinion on the subject . . . ."[48] But, and it is a very big BUT in this case, the expert must present evidence that such materials are of the type that experts in his or her field do reasonably rely upon in forming opinions, and there is no such to support in the record for Dr. McCool's use of this double and triple hearsay. Finally, in order to be admissible as an expert opinion, the expert's opinion must be stated in terms of a reasonable scientific and/or professional certainty.[49] And nowhere in Dr. McCools' *Report* does he state that is opinions are given to a

---

[46] *See Hunt*, 599 Fed. Appx 620.

[47] *See Marine Polymr Technologies, Inc. v. Hemcon, Inc.*, 2009 WL 801826 (D. N.H. March 24, 3009).

[48] *Fed R. Evid.* 703.

[49] *See Boyett v. County of Washington,* 2006 WL 3422104 *7 (District of Utah Nov. 28, 2006); Higgins v. Martin Marieta Corp.,* 752 F.2d 492, 496 (10th Cir. 1985); *Washington v.*

reasonable scientific and/or professional certainty. Hence, they are inadmissible.

Nevertheless, based upon *Fraser v. Goodale*,[50] Plaintiffs insist that at the summary judgment stage the Court should not be concerned about the admissibility of their evidence. form. However, the law in the Tenth Circuit is a bit more stringent. In the Tenth Circuit, the evidence proffered at the summary judgment stage must ultimately be admissible at trial. More importantly, at the summary judgement stage "[t]he requirement is to show that it will be possible to put the information, the substance or content of the evidence, into an admissible form."[51] Furthermore, the burden is on the proponent of the evidence at the summary judgement stage to show that the material is admissible as presented or to explain the admissible form that is anticipated, and the failure to do so means that the evidence cannot be considered by the Court.[52] In the instant case, Plaintiff have not met the Tenth Circuit's standard for the Court to consider Dr. McCools' *Reports*. Moreover, they could never meet that standard.

Hearsay, for instance, such as Dr. McCools' *Reports*, would not be admissible at trial and,

---

*Armstrong World Inc.*, 879 F.2d 1121, 1124 (5th Cir. 1998); *Berman v. Prudential*, 186 F.2d 652, 655 (10th Cir. 1951); *Fitzgerald v. Manning*, 679 F.2d 341 (4th Cir. 1982).

[50] 342 F.3d 1032, 1036(9th Cir. 2003).

[51] *Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016)(Quoting 11 James Wm. Moore *et. al.*, *Moore's Federal Practice-Civil* § 56.91 (3d ed. 2015)).

[52] *See id.*

therefore, cannot be considered on a *Motion for Summary Judgment*.[53] In addition, Dr. McCool is precluded from offering any opinions at trial because his testimony would be confined to his *Reports*,[54] which do not state his opinions with the requisite degree of professional and/or scientific certainty, or provide the mandatory foundation for his use of hearsay under *Federal Rule of Evidence* 703.[55] In short, Plaintiffs have failed to make the mandatory showings for the Court to consider Dr. McCools' *Reports* in ruling on Plaintiffs' *Motion for Partial Summary Judgment*.

The objections to Dr. McCools' *Reports* voiced by Defendants, apply equally to the *Declarations* of Plaintiffs' other three experts, Dr. Richard Engstrom,[56] Gerald Webster,[57] and Joanna Manygoats.[58] Like Dr. McCool, Dr. Engstrom, Gerald Webster and Joanna Manygoats submit *Declarations (i.e.,* "additional evidence") that are prohibited by *DUCivR* 7.1(d). Like Dr. McCool, these three experts purport to incorporate their *Reports* into their respective *Declarations* by reference.[59] Also like Dr. McCool, their *Reports*: (1) contain multiple levels of hearsay without any effort to comply with the requirements of *Federal Rule of Evidence* 703 for the use of such evidence,

---

[53] *See Adams v. American Guarantee and Liability Insurance Company*, 233 F.3d 1242, 1246 (10th Cir. 2000).

[54] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

[55] *Fed R. Evid*, 703 ("If experts in the particular field would reasonably rely on those kind of facts or data in forming an opinion on the subject . . . .")

[56] Dkt. 156-2.

[57] Dkt. 156-3.

[58] Dkt. 156-4.

[59] *See* Dkt. 156-2,¶ 4; Dkt. 156-3,¶ 4; Dkt. 156-4,¶ 4.

12

which means that they also are not based upon personal knowledge; (2) the opinions stated by the three experts in their respective *Reports* are not to stated to a reasonable degree of professional and/or scientific certainty; and (3) Plaintiffs have not met their burden to show the opinions of Dr. Engstrom, Gerald Webster and/or Johanna Manygoats will be admissible at trial.

## CONCLUSION

Based on the foregoing facts and argument, this Court should strike and/or not consider the *Affidavit* of Leonard Gorman[60] as well as the *Affidavits* of Betty Billie Farley,[61] Bonnie B. Charley,[62] Mabel Skow,[63] and Willie Skow.[64] The Court should likewise strike and/or not consider both the *Declarations* of Dr. McCool, Dr. Engstrom, Gerald Webster and Johanna Manygoats[65] as well as the *Reports* prepared by these individuals and submitted by Plaintiffs in support of their *Motion for Partial Summary Judgment*.

---

[60] Dkt. 156-5.

[61] Dkt. 144-11.

[62] Dkt. 114-13.

[63] Dkt. 144-16.

[64] Dkt. 144-17.

[65] Dkt. 156-1 through 4.

DATED this 30th day of June, 2017.

                                                  SUITTER AXLAND, PLLC

                                                  /s/ jesse c. trentadue
                                                  Jesse C. Trentadue
                                                  Carl F. Huefner
                                                  Britton R. Butterfield
                                                  *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2017, I electronically filed the foregoing document with the U.S. District Court for the District of Utah. Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| John Mejia (Bar No. 13965)<br>Leah Farrell (Bar No. 13696)<br>American Civil Liberties Union of Utah<br>355 North 300 West<br>Salt Lake City, UT 84103<br>T: (801) 521-9862<br>jmejia@acluutah.org<br>lfarrell@acluutah.org<br>*Attorneys for Plaintiffs* | Ezra D. Rosenberg<br>M. Eileen O'Connor<br>Arusha Gordon*<br>Lawyers' Committee for Civil Rights Under Law<br>1401 New York Ave., Suite 400<br>Washington, D.C. 20005<br>T: (202) 662-8600<br>erosenberg@lawyerscommittee.org<br>eoconnor@lawyerscommittee.org<br>agordon@lawyerscommittee.org<br>*Attorneys for Plaintiffs* |
| M. Laughlin McDonald<br>American Civil Liberties Union Foundation<br>2700 International Tower<br>229 Peachtree Street, NE<br>Atlanta, GA 30303<br>T: (404) 500-1235<br>lmcdonald@aclu.org<br>*Attorneys for Plaintiffs* | Maya Kane<br>10 Town Square, #52<br>Durango, Colorado 81301<br>T: (970) 946-5419<br>mayakanelaw@gmail.com<br>*Attorneys for Plaintiffs* |
| William A. Rudnick<br>DLA Piper LLP (US)<br>203 North LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>T: (312) 368-4000<br>william.rudnick@dlapiper.com<br>*Attorneys for Plaintiffs* | Raymond M. Williams<br>Lauren M. Wilchek<br>DLA Piper LLP (US)<br>One Liberty Place<br>1650 Market Street, Suite 4900<br>Philadelphia, PA 19103<br>T: (215) 656-3300<br>raymond.williams@dlapiper.com<br>lauren.wilchek@dlapiper.com<br>*Attorneys for Plaintiffs* |

| | |
|---|---|
| Patrick Castaneda<br>DLA Piper, LLC<br>One Liberty Place<br>1650 Market Street, Suite 4900<br>Philadelphia, PA 19103-7300<br>Telephone: 215-656-3378<br>patrick.castaneda@dlapiper.com | |

   /s/ jesse c. trentadue

T:\7000\7788\1\SAN JUAN COUNTY MOTION STRIKE.wpd