IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SAN JUAN COUNTY, et al.,<br><br>　　　　Defendants. | MEDIATION ORDER<br><br>Case No. 2:16-cv-00154-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke C. Wells<br><br>Mediator: Magistrate Judge Dustin B. Pead |

　　　Pursuant to this matter being referred to the undersigned for settlement (ECF No. 183), this case is hereby scheduled for a Settlement Conference on **Tuesday, January 23, 2018, from 1:30 p.m. to 5:00 p.m.** The parties will convene in Courtroom 7.100 at the U. S. District Courthouse located at 351 South West Temple, Salt Lake City, Utah.

　　　**IT IS HEREBY ORDERED:**

　　　**Participation of Parties:** The litigants are required to be personally present along with counsel if so represented. *<u>Counsel is required to have full and final settlement authority. A litigant with complete settlement authority must be physically present and participate in the settlement conference for the entire time period.</u>*

　　　**Pre-Mediation Conference and Joint Submission to Mediator:** At least one attorney representing each party must meet and confer regarding the topics discussed below. On or before **December 15, 2017**, counsel must jointly submit a document containing the following:

1. Identification of discrete issues which, if resolved, would aid in the settlement of the case. This must include identification of any pending motion(s) that either party feels

   precludes meaningful negotiation.

2. A live settlement demand from the party asserting any claim (whether in a complaint, cross-claim, or counterclaim). This demand will be used as the opening demand to begin this mediation. The number may be presented as an aggregate to settle all of the party's claims or it may list the demand for each individual claim. **This demand shall be treated as a confidential mediation communication.**

3. Affirmation that all counsel has read this mediation order and will comply with its terms, particularly the requirement that all persons who may withhold settlement authority must be physically present during the entire mediation.

4. An honest estimate of the likelihood of settling the matter.

This statement must be delivered directly to the Magistrate Judge's chambers or emailed to chambers at: utdecf_pead@utd.uscourts.gov. If the joint submission is not provided by the deadline, the mediation will be stricken.

**Confidential Settlement Statement:** On or before **January 12, 2017,** each party shall separately lodge with the Magistrate Judge a **confidential settlement statement** including:

   1. A forthright evaluation of the party's likelihood of prevailing on the claims and defenses;

   2. The party's position on settlement, including present demands and offers and history of past settlement discussions, offers and demands;

   3. An estimate of the cost and time to be expended for further discovery, pretrial and trial; and

   4. A certification that counsel engaged in a candid discussion with their respective client(s) about the risks of trial and the risk of negative outcomes at trial.

The **confidential settlement statement** must be delivered directly to the Magistrate Judge's chambers or emailed to chambers at: utdecf_pead@utd.uscourts.gov. Copies of the confidential settlement statement **shall NOT be filed with the Clerk of the Court, nor served upon the other parties or counsel**. The Court and its personnel shall not permit other parties or counsel to have access to these confidential settlement statements.

**Confidentiality:** No report of proceedings, including any statement made by a party, attorney, or other participants in the settlement conference may be reported, recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission unless otherwise discoverable.  Pursuant to DUCivR 16-3(d), a written report for the purposes of informing the referring judge whether or not the dispute has been settled is the only permissible communication allowed with regard to the settlement conference.  No party will be bound by anything agreed upon or spoken at the settlement conference except agreements placed on the record in open court or provided in a written settlement agreement.  No participant in the settlement conference may be compelled to disclose in writing or otherwise, or to testify in any proceeding, as to information disclosed or representations made during the settlement process, except as required by law.

For questions related to the settlement conference, counsel may contact Judge Pead's Chambers at (801) 524-6155.

DATED this 21st day of November 2017.

BY THE COURT:

_____
Dustin Pead
U.S. Magistrate Judge