IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW,<br><br>                Plaintiffs,<br><br>v.<br><br>SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH, STRIKING CURRENT DEPOSITION DATE AND GRANTING MOTION TO EXTEND DISCOVERY<br><br>Case No. 2:16-cv-00154 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

        Defendants seek an order quashing the subpoena Plaintiffs have served on Edward Tapaha.[1] Mr. Tapaha was San Juan County's liaison to the Navajo Nation until he recently retired. Mr. Tapaha is also listed in Defendants' Initial Disclosures as an individual likely to have discoverable information.[2] The current discovery cutoff is January 12, 2018, which Plaintiffs allege is why they selected that date for Mr. Tapaha's deposition.

        Defendants initially raised five reasons for quashing the subpoena but after Plaintiffs fixed some deficiencies in the subpoena there remains only three: (1) the reasonableness of written notice given to Defendants; (2) the timing for compliance with the subpoena; and (3) the location of the subpoena. The subpoena was served on Mr. Tapaha Monday January 8th and

---

[1] Docket no. 188.

[2] Docket no. 191-3.

required him to appear for a deposition on Friday January 12th. Four days' notice for a deposition is not a best practice and is not in the court's view "reasonable written notice" under the Federal Rules.[3] Even with the discovery deadline fast approaching a better reasoned approach would have been to first seek an extension of the discovery deadline and then work out the timing for Mr. Tapaha's deposition.[4] However, Plaintiffs state they are "willing to work with counsel" and Mr. Tapaha to find a "mutually available time."[5] The court therefore will strike the current date for the deposition, Friday January 12th as unreasonable, and order the parties to find a mutually agreeable time. In addition the parties are to comply with the distance requirements found in Rule 45 so an undue burden is not placed on Mr. Tapaha.[6]

Mr. Tapaha is listed on Defendants' Initial Disclosures and given his prior role as a liaison to the Navajo Nation the court finds under the applicable discovery standards that his deposition should move forward.[7] Thus, the court will not quash the subpoena in its entirety denying Plaintiffs the opportunity to depose Mr. Tapaha.

On January 10, 2018, Plaintiffs filed a Motion to Extend Fact Discovery.[8] Both Plaintiffs' counsel and Defendants' counsel appear to be cooperating on extending the fact discovery deadline to complete depositions. As such the court finds there is no need to await a response to the motion by Defendants. To help facilitate the needed discovery in a timely manner the court will grant the Motion to Extend Fact Discovery and extend fact discovery by 30

---

[3] *See* Fed. R. Civ. P. 30(b).

[4] The court notes that on January 10, 2018, Plaintiffs did file a Motion for Extension of time to Complete Discovery, docket no. 192.

[5] Response to mtn p. 4, docket no. 191.

[6] *See* Fed. R. Civ. P. 45(b).

[7] *See* Fed. R. Civ. P. 26.

[8] Docket no. 192.

days from the current deadline of January 12, 2018 to Monday February 12, 2018 to allow the taking of depositions.

ORDER

For the reasons set forth above it is HEREBY ORDERED that the Motion to Quash is DENIED.

IT IS FURTHER ORDERED that the current deposition date for January 12, 2018 is STRICKEN.

Finally IT IS ORDERED that the Motion to Extend Fact Discovery is GRANTED. The new fact discovery deadline is February 12, 2018.

IT IS SO ORDERED.

DATED this 11 January 2018.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge