Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
jesse32@sautah.com
chuefner@sautah.com
bbutterfield@sautah.com

*Attorneys for Defendants*

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
American Civil Liberties Union of Utah
355 North 300 West
Salt Lake City, UT 84103
T: (801) 521-9862
jmejia@acluutah.org
lfarrell@acluutah.org

Maya Kane
835 East Second Avenue, Suite 123
Durango, Colorado 81301
T: (970) 946-5419
Mayakanelaw@gmail.com

M. Laughlin McDonald
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 500-1235
lmcdonald@aclu.org

William A. Rudnick
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
T: (312) 368-4000
william.rudnick@dlapiper.com

Ezra D. Rosenberg
Arusha Gordon
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave., Suite 400
Washington, D.C. 20005
T: (202) 662-8600
erosenberg@lawyerscommittee.org
agordon@lawyerscommittee.org

Raymond M. Williams
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
T: (215) 656-3300
raymond.williams@dlapiper.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW,<br><br>Plaintiffs,<br><br>v.<br><br>SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners,<br><br>Defendants. | **JOINT STIPULATED SETTLEMENT**<br>and<br>**MOTION TO DISMISS**<br><br>Case No. 2:16-cv-00154 JNP<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Brooke C. Wells |

By and through their respective counsel, Plaintiffs and Defendants hereby advise the Court that a settlement has been concluded with respect to this case, and that the terms of that settlement are as follows:

    A.    **Polling Places and Early In-Person Voter Assistance Offices**

The Clerk Auditor shall:

1. Continue through the 2020 election to open three primary and general Election Day polling places located on or close to the Navajo Nation.

    a.    The locations of the three polling places shall be at Montezuma Creek, Navajo Mountain, and Oljato, Utah.

    b.    In the future and upon agreement of the parties, the locations of the three polling places may be changed. If so, then the parties will attempt to locate

polling places at Navajo Nation polling places when state, federal, and County elections fall on the same day as Navajo Nation elections.

2. Open satellite offices at Aneth, Bluff, and Montezuma Creek, Utah for in-person voter assistance during the 28 days (four weeks) preceding each primary and general election. To the extent possible, these satellite offices should be located at the same locations as the polling locations used for Election Day voting. In-person voter assistance shall include voter registration, assistance with the ballot including language assistance, the ability to submit a completed ballot into a locked ballot box, the ability to request a replacement ballot if necessary and, if it is adopted by the Clerk Auditor, early in-person voting.

    a. Each location will be open from 10 a.m. to 3 p.m., for one day per week in the four weeks preceding each election.

    b. The locations will be staffed by a County employee trained on election procedures and a Navajo interpreter who, if qualified as described below, can also be the San Juan County Navajo Liaison.

    c. Completion of proper registration forms or early in-person voting at each site shall be deemed the equivalent to filing them with the County Clerk Auditor's office for purposes of the deadline on which registration closes.

**B.** **Navajo Liaison Duties and Language Assistance**

San Juan County and the Clerk Auditor shall:

3. Continue to employ a Navajo Liaison during the six-month period leading up to any election who shall focus his or her efforts upon educating Navajo voters about voting-related issues such as: voter registration (which under current law ends one-week prior to the election so that those persons registering inside of a week of an upcoming election would be registering for the next election); polling locations and hours of operation; voter registration instructions and

3

deadlines; filing requirements for local offices and deadlines; ballots; mail-in ballots including instructions and deadlines; and early-voting information.

      a.    If the Navajo Liaison position becomes vacant, San Juan County will notify the Navajo Utah Commission, Navajo Nation Human Rights Commission and the Chapter Presidents of the vacancy so that they can encourage members to apply for the position.

      b.    If necessary, employ a certified Navajo language interpreter to, among other things, assist the Navajo Liaison with ensuring appropriate interpretation of election-related materials. It is further understood and agreed that a certified Navajo interpreter is not required if the Navajo Liaison becomes so certified and takes any required refresher courses. Towards this end, Plaintiffs will provide the Clerk Auditor with the names of persons, schools and/or other programs at which this language certification and refresher programs are offered.

4. Ensure that each Election Day polling place and each early voting location (satellite office) has at least one individual designated and qualified to provide Navajo language assistance.

5. Beginning 30 days prior to every primary and general election, place a timely radio ad in the Navajo language providing election-related information on KNDN Radio 960 AM, which ads will air twice weekly during the station's 12:30 p.m. to 1:00 p.m. free public announcement period, and more often if the station permits.

6. Ensure the Navajo Liaison and any Navajo interpreters comply with all duties listed herein.

7. Appropriate the Navajo Liaison and any interpreters adequate funding to cover the duties listed herein.

8. Establish a training program for poll officials and all other County officials involved in the electoral process with respect to the *Voting Rights Act*, voting requirements,

registration requirements and all other relevant voting procedures with an emphasis on how to render effective assistance to Navajo voters.

### C.  The Navajo Interpreter

9. The Navajo Nation Human Rights Commission shall obtain from the Navajo Utah Commission and Navajo Nation Election Administration the names of individuals whom the Navajo Utah Commission and Navajo Nation Election Administration consider to be competent Navajo interpreters and provide those names to the Clerk Auditor who, subject to verification of their qualifications and the compensation demanded, will endeavor to select or hire Navajo interpreters from that list.

10. Subject to the limitations placed upon the dissemination of election related materials by federal and state law, those persons hired as a Navajo interpreter shall translate from English into Navajo the following information: polling locations and hours of operation; voter registration instructions and deadlines; filing requirements for local offices and deadlines; ballots; mail-in ballots instructions and deadlines; and early-voting information. These translations shall be provided in audio form with that audiotape being placed on San Juan County's website and copies will also be provided by the Clerk Auditor to each Navajo Utah Chapter House, Navajo Utah Commission, the Navajo Nation Human Rights Commission, and the Navajo Nation Election Administration.

11. Within four business days of receipt of the audiotapes referenced in paragraph 10 above, the Navajo Utah Chapter Houses, Navajo Utah Commission, Navajo Nation Human Rights Commission and/or Navajo Nation Election Administration will notify the Clerk Auditor as to any inaccuracies or lack of clarity in the translations. If no requests to correct or clarify the

audiotapes is received from these recipients, the Clerk Auditor shall proceed with distributing and/or publishing the recordings in accordance with paragraphs 5, 10, 12, and 13 herein.

12. The Navajo interpreter shall, once the ballot is available, record in the Navajo language an audiotape describing the ballot which recording shall be placed on San Juan County's website, with copies distributed to the Navajo Utah Commission, Navajo Nation Election Administration, each Utah Navajo Chapter in the State of Utah and made available at polling places on Election Days and at any early voting locations.

13. The Navajo interpreter shall record radio ads in the Navajo language regarding voter registration, polling locations and hours of operation, voter registration instructions and deadlines, filing requirements and filing deadlines for local offices, ballots, instructions and deadlines for mail-in ballots, and/or early-voting information, which ads shall be aired on KNDN in accordance with paragraph 5 above.

**D.    Publication and Notification**

The Clerk Auditor shall:

14. Oversee publication of all registration deadlines, notification of the establishment of all satellite registration offices and polling locations, and notification of all other relevant election-related deadlines, including candidate filing deadlines:

   a. At least twice a week during the 30-day period preceding each election registration deadline and each Election Day on KNDN as described in paragraph 5 above.

   b. At least three times during the 30-day period prior to each election-related deadline, publish this information in the Navajo Times and San Juan Record.

   c. Create a flyer in English containing the same information as the newspaper ads and provide a copy of that flyer to all Navajo Chapter Houses located in the State of Utah.

   d. In English, publish on San Juan County's website, Facebook, and other social media the County uses in the 60 days prior to the election.

   e. With respect to Navajo Chapter House meetings on the Utah portion of the Navajo Nation, prior to each election announce in person or by audio recording at least one time election-related deadlines.

 15. Prior to each election, arrange for the Navajo Liaison and, if necessary, an interpreter to attend Navajo Chapter House meetings on the Utah portion of the Navajo Nation a minimum of three times for each Chapter to educate voters about: voter registration, polling locations and hours of operation, voter registration instructions and deadlines, filing requirements and filing deadlines for local offices, ballots, instructions and deadlines for mail-in ballots, and/or early-voting information.

 **E.** **Data Collection**

 16 The Clerk Auditor shall keep track of and maintain written records until the 2020 election of the following information for each polling place and in-person voter assistance office (satellite office), including Monticello:

   a. The County employees present and the date, time, and duration of same;

   b. The number of people who utilize each service, by service;

   c. The date, time, and duration each person spends utilizing each service;

   d. For each person who utilizes a service, whether they are Navajo or not; and

   e. The number of persons who voted in-person at the four polling locations.

13. Plaintiffs will provide the Clerk Auditor with forms on which this data is to be recorded and reported. The Clerk Auditor shall provide Plaintiffs' counsel with copies of these reports on a quarterly basis.

### F. Applicable Time Period and Review

14. The procedures and services detailed above shall be in place through at least the 2020 general election, at which time the parties agree to meet, in good faith, through designated representatives within 60 days to review data collected and to determine if procedures should be altered or services reduced, increased, or held the same.

15. The District Court shall retain jurisdiction over this *Settlement Agreement* which shall be in effect through the 2020 election. If the parties cannot agree on whether any term of this *Settlement Agreement* shall be continued, altered, reduced, or increased they shall submit their dispute to the Court for resolution.

### G. Attorneys' Fees

16. The parties shall each bear their own costs and attorneys' fees.

### H. No Admission of Liability

17. It is further stipulated, understood, and agreed that this settlement is a compromise of a disputed claim and, therefore, is not to be considered or construed as an admission of liability on the part of San Juan County.

### I. Warranty

18. The undersigned counsel warrant and represent that they are each authorized to execute this *Stipulated Settlement Agreement* on behalf of their respective clients who shall be bound hereby as though having signed this *Agreement* themselves.

**J.** **<u>Dismissal</u>**

19. The Court shall dismiss this case with prejudice. However, it is understood and agreed that this *Stipulated Settlement* and that dismissal are expressly conditioned upon the Court retaining jurisdiction to enforce the terms of this *Settlement Agreement*, which shall also be incorporated into the Court's *Order of Dismissal.*

WHEREFORE, the undersigned counsel hereby jointly move the Court to dismiss with prejudice the above captioned case; to incorporate the terms of the *Settlement Agreement* into its *Order of Dismissal*; and to retain jurisdiction over this matter in order to enforce the terms of the *Settlement Agreement*.

Dated this 20th day of February, 2018.

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION OF UTAH** | **SUITTER AXLAND, PLLC** |
| s/ John Mejia | s/ Jesse C. Trentadue (with permission by J. Mejia) |
| John Mejia<br>Leah Farrell<br>*Attorneys for Plaintiffs* | Jesse C. Trentadue<br>Carl F. Huefner<br>Britton R. Butterfield<br>*Attorneys for Defendants* |