# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAVAJO NATION HUMAN RIGHTS COMMISSION; PEGGY PHILLIPS; MARK MARYBOY; WILFRED JONES; TERRY WHITEHAT; BETTY BILLIE FARLEY; WILLIE SKOW; and MABEL SKOW, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JUAN COUNTY; JOHN DAVID NIELSON, in his official capacity as San Juan County Clerk; and PHIL LYMAN, BRUCE ADAMS, and REBECCA BENALLY, in their official capacities as San Juan County Commissioners, <br><br> Defendants. | SECOND REVISED SETTLEMENT AGREEMENT <br><br> Case No. 2:16-cv-00154 JNP <br><br> Judge Jill N. Parrish |

## SECOND REVISED SETTLEMENT AGREEMENT

WHEREAS a *Settlement Agreement* was negotiated and agreed upon by the parties, which was executed on the 18th day of February, 2018, and subsequently approved by the Court.[1] That *Settlement Agreement* was effective through the 2020 general election, after which the parties were to meet and, in good faith, review the data collected from each election and determine whether the terms of the *Settlement Agreement* should be continued and, if so, in what fashion.

WHEREAS Representatives for the parties met, reviewed the data collected for each election from 2018 through and including 2020, negotiated and agreed upon a *Revised Settlement Agreement*, which was executed on the 2nd day of April, 2021, and subsequently approved by the Court.[2] That *Revised Settlement Agreement* was effective through the 2024 general election after

---

[1] ECF 199.
[2] ECF 205.

2

which the parties were to again meet and, in good faith, review the data collected for each election and determine whether the terms of the Revised Settlement Agreement should be continued and, if so, in what fashion.

WHEREAS the language assistance provided by San Juan County to members of the Navajo Nation has produced some noteworthy results. In the view of San Juan County, these results include the voter turnout for the 2020 general election being 89.07% for the Navajo Reservation compared to the overall Utah voter turnout of 90.09% and the national voter turnout rate of just 60.66%, which clearly demonstrates that the language assistance provided by San Juan County has allowed members of the Navajo Nation to effectively participate in both the election process and voting-connected activities.[3]

WHEREAS as of December 2024, the Navajo Nation has declared Navajo to be its official language, a vital step in ensuring that new generations of Navajos speak, learn, and teach the language and which underscores the importance and necessity of language assistance for speakers of Navajo.[4]

WHEREAS the intent of the Settlement Agreement and the *Revised Settlement Agreement* was to establish in cooperation with the Navajo Nation Human Rights Commission reasonable measures to be employed by San Juan County in order to assist its Navajo residents in the exercise of their constitutional right to vote, which, as evidenced by Navajo voter turnout rates, such measures have been successful insofar as having assisted members of the Navajo Nation in effectively participating in both the election process and voting-connected activities, thereby furthering representation in County government.

---

[3] Plaintiffs neither confirm nor deny the accuracy or validity of these figures or any records of the County.
[4] For purposes of the *Second Revised Settlement Agreement*, the official status of Navajo in the Navajo Nation does not affect whether Navajo is a historically unwritten language as determined by the United States Census Bureau as it concerns the County's compliance with federal election law.

3

WHEREAS it is the parties' goal to continue to achieve, if possible, a larger turnout by Navajo voters in future elections, which will require the County and Navajo Nation Human Rights Commission to work together to more efficiently and effectively identify and target those Navajo voters most in need of language assistance, such as the elderly and/or others who are not proficient in either spoken or written English, including educating and encouraging them and all other members of the Navajo Nation to register to vote and to participate in the election process, including seeking public office.

WHEREAS Representatives for the parties including Leonard Gorman, Executive Director of Navajo Human Rights Commission on behalf of the plaintiffs, which no longer include Ms. Betty Billie Farley who has passed away, and the San Juan County Clerk Auditor Lyman Duncan, and Deputy San Juan County Attorney Jens P. Nielson on behalf of the defendants have met, reviewed the data collected for each election from 2021 through and including 2024, conferred in good faith and agreed upon a *Second Revised Settlement Agreement*, the terms of which are as follows:

**A. Language Assistance Locations, In-Person Voter Assistance and Polling Places:**

The Clerk Auditor shall:

1. Continue through the 2028 general election to open three primary and general election day *Language Assistance Locations* and polling places, located on or within the Navajo Nation.

   a. The locations of the three *Language Assistance Locations* and polling places (which shall be at the same locations) shall continue to remain at Montezuma Creek, Navajo Mountain, and Monument Valley Welcome Center, Utah. The parties, however, recognize that there may also be need for additional locations upon agreement of the parties based upon specific needs of the Navajo voting population.

   b. Upon agreement of the parties, the locations of the three *Language Assistance Locations*, polling places, and/or any additional added locations established pursuant to paragraph 1.a may be changed. If so, then the parties will attempt to locate *Language Assistance Locations* at Navajo Nation

      polling places when state, federal, and county elections fall on the same day as Navajo Nation elections.

    c.    In the event that the three *Language Assistance Locations* set forth in paragraph 1.a or any additional locations added pursuant to paragraph 1.b are closed or inaccessible, the County will take reasonable efforts to open a new Language Assistance Location at a new site within the Navajo Reservation.

2. The *Language Assistance Locations* will also be used as satellite offices for in-person voter assistance during the 28-days (four weeks) preceding each primary and general election. To the extent possible, these satellite offices should be located at the same locations as the *Language Assistance Locations* that will be polling locations for Election Day voting. In-person voter assistance shall include voter registration, and assistance with the ballot including language assistance.

    a.    Each location will be open at least four (4) hours for one day per week in the four weeks preceding each election.

    b.    The locations will be staffed by a County employee trained on election procedures and a Navajo interpreter who is trained pursuant to paragraph 9 below who can also be the San Juan County Navajo Liaison.

    c.    Completion of proper registration forms or in-person early voting at each site shall be deemed the equivalent to filing them with the County Clerk Auditor's office for purposes of the deadline that registration closes.

    d.    Assistance with the ballot shall include, but is not limited to, providing any County-prepared, non-partisan information to voters about initiatives and propositions and any candidate information supplied by the County.

    e.    The voter assistance offices will allow voters to submit a completed ballot into a locked ballot box, the ability to request a replacement ballot if necessary and, if it is adopted by the Clerk Auditor, early in-person voting.

    f.    It is understood and agreed that representatives of the Navajo Nation Human Rights Commission and the Clerk Auditor will meet in advance of each election cycle to discuss and agree upon the locations of the three *Language Assistance Locations* to be established pursuant to this Part A and hours of operation in order to better assist voters and budget for the same. It is also understood that if the parties cannot agree upon these matters the Clerk Auditor has the discretion to establish the locations of the three Language Assistance Locations and their hours of operation.

**B.** **<u>Navajo Liaison Duties and Language Assistance:</u>**

San Juan County and the County Clerk Auditor shall:

5

3. Continue to employ a Navajo Liaison during the six-month period leading up to any election who shall focus his or her efforts upon educating Navajo voters about voting-related issues such as: voter registration; *Language Assistance Locations* and hours of operation; voter registration instructions and deadlines; filing requirements for local offices and deadlines; ballots, mail-in ballots including instructions and deadlines, and early-voting information.

    a. If the Navajo Liaison position becomes vacant, San Juan County will notify the Navajo Utah Commission, Navajo Human Rights Commission and the Utah Chapter Presidents of the vacancy so that they can encourage members to apply for the position.

    b. If the Navajo Liaison is not acting as interpreter, employ a certified Navajo language interpreter to, among other things, assist and train the Navajo Liaison with ensuring appropriate interpretation of election-related materials.

4. The County will continue to ensure that each *Language Assistance Location* serving as an Election Day polling place and as an early voting location has at least one individual designated and qualified to provide Navajo language assistance.

5. Beginning 30 days prior to every primary and general election, the County will continue to place radio ads in the Navajo language providing election-related information on KNDN Radio 960 AM and KTNN AM, which ads will air twice weekly. It is also understood and agreed that the Navajo Nation Human Rights Commission will review these ads for accuracy and approve in writing their content. Conversely, if the Navajo Human Rights Commission has issues regarding the need to correct or clarify these ads, those issues will be raised, addressed and resolved in accordance with the terms of paragraph 11 below.

6. The County will continue to ensure that the Navajo Liaison and any Navajo interpreters comply with all duties listed below.

7. The County will continue to appropriate adequate funds to ensure that each respective County official or Agent undertaking any duty listed herein (including the office of the

6

County Clerk, the Navajo Liaison and any interpreters as part of the language assistance program) can fully carry out those duties.

8. The County will continue its election training program for Poll officials and all other San Juan County officials involved in the electoral process with respect to the *Voting Rights Act*, voting requirements, registration requirements and all other relevant voting procedures with an emphasis on how to render effective assistance to Navajo voters.

C. <u>**The Navajo Interpreter:**</u>

9. The Navajo Nation Human Rights Commission shall obtain from the Navajo Utah Commission and Navajo Nation Election Administration the names of five (5) individuals that the Navajo Utah Commission and Navajo Nation Election Administration consider to be competent to interpret Navajo (the "Interpreters"). The Navajo Human Rights Commission will designate one of these individuals as the primary interpreter (the "Primary Interpreter") and another as a secondary interpreter (the "Secondary Interpreter"). Subject to the supervision of the Primary Interpreter, the Interpreters will translate the election information that San Juan County is to provide by way of language assistance onto audiotapes or by other means of audio recordings in the Navajo language. In writing, the Navajo Human Rights Commission shall also provide the names and contact information for the Interpreters to the Clerk Auditor, certify to the Clerk Auditor that each of the Interpreters is competent to provide all of the translation services required by this *Second Revised Settlement Agreement*, and further assure the County that it can rely upon the Interpreters to provide the translation services required by this *Second Revised Settlement Agreement*.

10. Thereafter, the Clerk Auditor will endeavor to select or hire the Primary Interpreter and the other Interpreters as necessary to provide translation services and/or language assistance. The Primary Interpreter shall train the other Interpreters to provide language assistance at the Language Assistance Locations within the Navajo Nation. In the event the Primary Interpreter is

unavailable, the Secondary Interpreter shall perform the same obligations under this *Second Revised Settlement Agreement*. *Provided, however,* that should the Navajo Nation Human Rights Commission fail to provide the County with the names of Interpreters that are certified and willing to provide the translation services required by this *Second Revised Settlement Agreement*, then the County is free to contract with other members of the Navajo Nation who are competent to provide the translations services required by this *Second Revised Settlement Agreement*.

    a.    Subject to the limitations placed upon the dissemination of election-related materials by federal and state law, the Interpreters shall translate from English into Navajo the following information: Language Assistance Locations and hours of operation; voter registration instructions and deadlines; filing requirements for local offices and deadlines; ballot information, mail-in ballot instructions and deadlines, and early-voting information. These translations shall be provided in audio form with that audiotape being placed on San Juan County's website and copies will also be provided by the Clerk Auditor to each Navajo Utah Chapter House, the Navajo Utah Commission, the Navajo Human Rights Commission, and the Navajo Nation Election Administration.

    b.    Within four (4) business days of receipt of any audiotape or other audio recording referenced in this *Second Revised Settlement Agreement*, the Navajo Nation Human Rights Commission shall notify the Clerk Auditor, in writing, as to any inaccuracies or lack of clarity in the translations. If no such requests to correct or clarify the audiotapes is received from the Navajo Nation Human Rights Commission within the four (4) business days, the audiotapes are considered to be "Completed," and the Clerk Auditor shall proceed with distributing and/or publishing the audiotapes in accordance with paragraphs 5, 10, 11, 12 and/or elsewhere herein. If, however, the Clerk Auditor receives a request from the Navajo Nation Human Rights Commission to correct or clarify an audiotape then the Clerk Auditor shall not proceed with distributing and/or publishing the recordings in accordance with paragraphs 5, 10, 11, 12 and/or elsewhere herein until such corrections or clarifications have been made or the need for them has otherwise been resolved in accordance with the procedures set forth in paragraph 11 below.

11.    Any disputes among the Interpreters shall be resolved by the following procedures:

    a.    If the Navajo Nation Human Rights Commission disagrees with an Interpreter other than the Primary Interpreter on a translation, the translation in question shall be reviewed by the Primary Interpreter, who will provide their own translation. If the Navajo Nation Human Rights Commission and the Primary Interpreter reach an agreement on the translation in question, that agreement shall be final on that translation.

  b. If the Navajo Nation Human Rights Commission and the Primary Interpreter are unable to agree on a translation, the translation in question shall be reviewed by the Secondary Interpreter, who will provide their own translation. If the Navajo Nation Human Rights Commission and the Primary Interpreter reach an agreement on the translation in question, that agreement will be final on that translation. But if no agreement can be reached about a translation between the Navajo Human Rights Commission and the Secondary Interpreter, the County may defer to the translation of the Secondary Interpreter.

  c. In all events, an audiotape or other audio recording shall only be deemed "Completed" if the Navajo Nation Human Rights Commission has had the opportunity to review or object to a proposed translation within four (4) business days of receipt. Once an audiotape is "Completed," the Clerk Auditor shall proceed to distribute and/or publish the audiotape or audio recording. If, however, an Interpreter believes that further corrections or clarifications are necessary for an audiotape, any such proposed corrections or clarifications must be presented to the Primary Interpreter. If the Primary Interpreter agrees that a correction or clarification is necessary, the County must provide the Navajo Nation Human Rights Commission with the opportunity to review or object to the proposed changes within four (4) business days.

  d. Once the ballot is available for distribution to voters, an Interpreter shall record in the Navajo language an audiotape describing the ballot. Once this audiotape is deemed "Completed," it shall be placed on San Juan County's website, with copies distributed to the Navajo Utah Commission, Navajo Nation Human Rights Commission, Navajo Nation Election Administration, and each Utah Navajo Chapter in the State of Utah, 28 days in advance of election days and be made available at *Language Assistance Locations* on election days and at any early voting locations.

  e. One or more of the Interpreters shall record radio ads in the Navajo language regarding voter registration, Language Assistance Locations and hours of operation, voter registration instructions and deadlines, ballot information, instructions and deadlines for mail-in ballots, and/or early-voting information. Once the radio ads are deemed "Completed" they shall be aired on KNDN and KTNN in accordance with paragraph 5.

  f. Unless the NNHRC is the primary drafter of election information or provides edits thereto, San Juan County is entitled to rely upon the translations provided by the Primary Interpreter or Secondary Interpreter who are to be recommended by the NNHRC. However, if the NNHRC is a primary drafter or provides edits to a translation, the NNHRC will provide the County with a certification of the accuracy of the translation.

**D. The County Clerk Auditor Shall:**

12. Continue to oversee publication of all registration deadlines, notification of the establishment of all *Language Assistance Locations*, and notification of all other relevant election-

related deadlines, including candidate filing deadlines, as follows:

    a. At least twice a week during the 30-day period preceding each election registration deadline and each election day, place radio ads on KNDN and KTNN as described in paragraph 5 above.

    b. At least three times during the 30-day period prior to each election-related deadline, publish this information in the *Navajo Times* and *San Juan Record*.

    c. Create a flyer in English containing the same information as the newspaper ads and provide a copy of that flyer to all Navajo Chapter Houses located in the State of Utah.

    d. Post this information in English on San Juan County's website, Facebook, and other social media the County may use from time to time during the 60 days prior to the election.

    e. With respect to Navajo Chapter House meetings on the Utah portion of the Navajo Nation, at least one time prior to each election announce in person at the chapter meeting election-related deadlines.

    f. It is understood and agreed that on occasion municipalities within San Juan County contract with the Clerk Auditor's Office to physically manage municipal elections by providing the necessary election equipment and personnel. Those elections, however, are municipal elections rather than San Juan County elections or general elections for which the County must provide language assistance in accordance with this *Second Revised Settlement Agreement*.

    g. It is further understood and agreed that with respect to municipal elections it is each municipality's responsibility to provide at its own expense the language assistance that is required under the Voting Rights Act; and that it is not San Juan County's duty or responsibility to provide language assistance for municipal elections, nor does this *Second Revised Settlement Agreement* require the County to do so. Nevertheless, the Clerk Auditor shall advise municipal authorities of their obligation to provide language assistance and request that they do so.

13. Prior to each election, arrange for the Navajo Liaison and, if necessary an interpreter, to attend Navajo Chapter House meetings on the Utah portion of the Navajo Nation a minimum of three times for each Chapter to educate voters about: voter registration, Language Assistance Locations and hours of operation, voter registration instructions and deadlines, filing requirements and filing deadlines for local offices, ballot information, instructions and deadlines for mail-in ballots, and/or early-voting information.

### E. Data Collection:

14. Until the 2028 election cycle is concluded, the Clerk Auditor shall maintain "Poll Pads" (iPads) or similar electronic equipment capable of keeping track of and/or recording the names of the voters, location, date and time at each Language Assistance Location established pursuant to paragraph 2 above; preserve the provisional ballots cast and voter registration forms for each of these locations; and record and maintain on forms provided by the Navajo Nation Human Rights Commission the number of persons who sought language assistance, the date and Language Assistance Location where that assistance was provided, and the names of the Navajo interpreters who provided language assistance at that Language Assistance Location.

15. Upon request, and at a reasonable time and place, the Clerk Auditor will make the records maintained and/or data collected pursuant to paragraph 14 above available to Plaintiffs' counsel for inspection and copying.

### F. Adjustments Due to Unforeseen Circumstances:

16. In the event that circumstances beyond the control of the parties may substantially interfere with the ability to comply with procedures mandated hereby, the parties understand and agree that, upon written notice of the circumstances and the way in which they will preclude compliance with terms hereof, they will cooperate in good faith and in a timely way to consider and adopt temporary adjustments to the procedures mandated that will reasonably meet the objectives of the terms hereof in the face of such circumstances. If such circumstances arise when advance consultation with the Navajo Nation Human Rights Commission is not possible because of time constraints, or if an agreement has not been reached when action is required to be taken, the Clerk Auditor is authorized to make such good faith adjustments as are reasonably possible under the circumstances and notify the Navajo Nation Human Rights Commission of the adjustments and, to the extent necessary, the circumstances that made them necessary.

17. It is further understood and agreed that on-Reservation polling locations are remote

and that there may be mechanical failures involving voting machines and/or equipment on an Election Day. In anticipation of and/or in response to such an eventuality, on each Election Day the Clerk Auditor shall maintain at each on-Reservation polling location to the extent reasonably practicable a backup voting machine, as well as provisional ballots and envelopes, which if used will be counted the same evening, so that in-person voting can continue. It is likewise understood and agreed that San Juan County and the Clerk Auditor's ability to comply with the timelines set forth in this *Second Revised Settlement Agreement* for the dissemination of election materials and/or information may depend upon and/or are controlled by the date on which the State of Utah provides those election materials and/or information to the Clerk Auditor. Therefore, notwithstanding the time-lines set out in this *Second Revised Settlement Agreement*, San Juan County and the Clerk Auditor's timeline for disseminating these State of Utah materials and/or information will begin upon their receipt from the State of Utah to the extent that the State of Utah is responsible for any delays.

G. **Applicable Time Period and Review:**

18. The procedures and services detailed above shall be in place through the 2028 general election, at which time the parties agree to again meet, in good faith, through designated representatives within 60 days to determine whether the terms and provisions of this *Second Revised Settlement Agreement* shall be continued and, if so, in what fashion.

19. The District Court shall retain jurisdiction over the *Second Revised Settlement Agreement*, which shall be in effect until the 2028 general election at which time it shall automatically terminate. If the parties cannot agree on whether any provisions/terms of the *Second Revised Settlement Agreement* shall be continued, altered, reduced or increased they shall submit their dispute to the Court for resolution.

H. **Attorneys' Fees:**

20. The parties shall each bear their own costs and attorneys' fees both in the negotiation and preparation of this *Second Revised Settlement Agreement*, including any subsequent action or proceeding to enforce, reduce, increase, modify or extend the *Second Revised Settlement Agreement*.

### I. No Admission of Liability:

21. It is further stipulated, understood and agreed that this settlement is a compromise of a disputed claim and, therefore, is not to be considered or construed as an admission of liability on the part of San Juan County or the Clerk Auditor.

### J. Warranty:

22. The undersigned counsel warrant and represent that they are each authorized to execute this *Second Revised Settlement Agreement* on behalf of their respective clients who shall be bound hereby as though having signed this *Second Revised Settlement Agreement* themselves.

### K. Parties to *Second Revised Settlement Agreement*:

23. It is expressly understood and agreed that the parties to this *Second Revised Settlement Agreement* are the Navajo Nation Human Rights Commission, the San Juan County Clerk Auditor, in his official capacity, and San Juan County, Utah; that only the Navajo Nation Human Rights Commission, the San Juan County Clerk Auditor, in his or her official capacity, and/or San Juan County, Utah have standing to enforce the terms of this *Second Revised Settlement Agreement*; and that this *Second Revised Settlement Agreement* shall supersede and replace the original *Revised Settlement Agreement*, which is now void.

### L. County Ordinance:

24. San Juan County states that in furtherance of its efforts to effectively provide language assistance to Navajo residents, San Juan County has the discretion to do so by enacting an Ordinance setting out therein how the County will go about providing language assistance in accordance with the requirements of the Voting Rights Act and applicable regulations thereto

rather than by agreeing to further extensions of this *Second Revised Settlement Agreement* or any other *Settlement Agreement*.

25. Nothing in this *Second Revised Settlement Agreement* shall be construed as inconsistent with federal or Utah law. If any provision of this *Second Revised Settlement Agreement* is found by a court of competent jurisdiction to be invalid or inconsistent with applicable law, that law shall control. The parties agree that the invalidity of any provision of this *Second Revised Settlement Agreement* shall not affect the validity of any other provisions of this *Second Revised Settlement Agreement*.

WHEREFORE, the undersigned counsel hereby jointly move the Court to incorporate the terms of this *Second Revised Settlement Agreement* into its original *Order of Dismissal*, and to retain jurisdiction over this matter in order to enforce the terms of the *Second Revised Settlement Agreement*.

Dated this 22nd day of April, 2025.

**AMERICAN CIVIL LIBERTIES UNION OF UTAH**

_s/ Abigail Cook_____
Abigail Cook

**SAN JUAN COUNTY ATTORNEY**

__s/ Jens P. Nielson_(by Abigail Cook with permission)___
Matthew Maughan
Jens P. Nielson

**SUITTER AXLAND, PLLC**

___s/ Jesse C. Trentadue_(by Abigail Cook with permission)___
Jesse C. Trentadue
Carl F. Huefner